*Laurel Stone et al. v. The Kroger Co. et al.*
*State Court of Gwinnett County, State of Georgia*
*Civil Action File Number:  22-C-00889-S4*

*Laurel Stone et al. v. The Kroger Co. et al.*
*USDC, Northern District, Atlanta Division*
*Civil Action File Number:  TBA (Removal # 1:21-mi-99999)*

# EXHIBIT A:  NOTICE OF REMOVAL

## ALL PLEADINGS, PROCESS, AND ORDERS SERVED UPON DEFENDANT THE KROGER CO. IN THE STATE COURT OF GWINNETT COUNTY, STATE OF GEORGIA

E-FILED IN OFFICE - RJ
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**22-C-00889-S4**
**2/11/2022 1:16 PM**
TIANA P. GARNER, CLERK

**General Civil and Domestic Relations Case Filing Information Form**

☐ **Superior** or ☒ **State Court of** _____GWINNETT_____ **County**

| **For Clerk Use Only** | |
|---|---|
| | **22-C-00889-S4** |
| **Date Filed** _____ | **Case Number** _____ |
| **MM-DD-YYYY** | |

**Plaintiff(s)**
Laurel Stone, Individually, and Laurel Stone as

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

Administrator of the Estate of Ricky Stone (Deceased)

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

**Defendant(s)**
The Kroger Co.; Liquid Enviromental Solutions of

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

Georgia, LLC; Valley Proteins, Inc.; John Doe 1-10;

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

and Doe Company 1-5

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

**Plaintiff's Attorney** Daniel J. Prieto          **Bar Number** 118510          **Self-Represented** ☐

**Check One Case Type in One Box**

**General Civil Cases**
- ☐ **Automobile Tort**
- ☐ **Civil Appeal**
- ☐ **Contract**
- ☐ **Garnishment**
- ☐ **General Tort**
- ☐ **Habeas Corpus**
- ☐ **Injunction/Mandamus/Other Writ**
- ☐ **Landlord/Tenant**
- ☐ **Medical Malpractice Tort**
- ☐ **Product Liability Tort**
- ☐ **Real Property**
- ☐ **Restraining Petition**
- ☒ **Other General Civil**

**Domestic Relations Cases**
- ☐ **Adoption**
- ☐ **Dissolution/Divorce/Separate Maintenance**
- ☐ **Family Violence Petition**
- ☐ **Paternity/Legitimation**
- ☐ **Support – IV-D**
- ☐ **Support – Private (non-IV-D)**
- ☐ **Other Domestic Relations**

**Post-Judgment – Check One Case Type**
- ☐ **Contempt**
  - ☐ **Non-payment of child support, medical support, or alimony**
- ☐ **Modification**
- ☐ **Other/Administrative**

☐ Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

_____          _____
**Case Number**                  **Case Number**

☒ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐ Is an interpreter needed in this case? If so, provide the language(s) required. _____
**Language(s) Required**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.
_____
_____

Version 1.1.18

E-FILED IN OFFICE - RJ
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**22-C-00889-S4**
**2/11/2022 1:16 PM**
**TIANA P. GARNER, CLERK**

## IN THE STATE COURT OF GWINNETT COUNTY

### STATE OF GEORGIA

SERVE

**Laurel Stone, Individually, and**

**Laurel Stone as Administrator of**

**the Estate of Ricky Stone (Deceased)**

|                | CIVIL ACTION | 22-C-00889-S4 |
|                | NUMBER:      |               |

PLAINTIFF

VS.

**The Kroger Co.; Liquid Environmental**

**Solutions of Georgia, LLC; Valley Proteins,**

**Inc.; John Doe 1-10; and Doe Company 1-5**

DEFENDANT

## SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

Daniel J. Prieto, Esq.
PMHP Law, LLC
1555 Mount Vernon Road
Atlanta, GA 30338

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This _____ day of 11th day of February, 2022 _____, 20_____.

Tiana P. Garner
Clerk of State Court

By_____
Deputy Clerk

**INSTRUCTIONS:** Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.

SC-1 Rev. 2011

SERVE

E-FILED IN OFFICE - RJ
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**22-C-00889-S4**
**2/11/2022 1:16 PM**
TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| Laurel Stone, Individually, and<br>Laurel Stone as Administrator of the<br>Estate of Ricky Stone (Deceased)<br><br>        Plaintiffs,<br>vs.<br><br>The Kroger Co.; Liquid Environmental<br>Solutions of Georgia, LLC; Valley Proteins,<br>Inc.; John Doe 1-10; and Doe Company 1-5,<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   CIVIL ACTION   22-C-00889-S4<br>)   FILE NO.: _____ |

## **COMPLAINT**

COMES NOW, Laurel Stone, individually, (hereinafter individually "Plaintiff Stone" and collectively "Plaintiffs") and Laurel Stone, as Administrator of the Estate of Ricky Stone, (Deceased) (hereinafter individually "Plaintiff Estate" and collectively "Plaintiffs") by and through her undersigned counsel of record and files this their Complaint for damages against Defendants The Kroger Co. (hereinafter "Defendant" or "Defendant Kroger"), Liquid Environmental Solutions of Georgia, LLC (hereinafter "Defendant" or "Defendant LES"), and Valley Proteins, Inc. (hereinafter "Defendant" or "Defendant VP").  In support of this action, Plaintiffs respectfully show this Honorable Court as follows:

### **Parties, Jurisdiction, Venue**

1

Plaintiff Laurel Stone, Individually, is a citizen and resident of the State of Georgia and hereby subjects herself to the jurisdiction of this Honorable Court in this matter.

1

2

Plaintiff Laurel Stone, as Administrator of the Estate of Ricky Stone (Deceased), was appointed as the Administrator of the Estate of Ricky Stone (Deceased) by order of the Probate Court of Gwinnett County, Georgia.   Mrs. Stone brings the within estate claims as the Administrator of the Estate of Ricky Stone (Deceased).  In her representative capacity, she is subject to the jurisdiction of this Honorable Court in this matter.

3

Defendant The Kroger Co. is, and was on August 25, 2020, a foreign, for-profit business entity conducting business within the State of Georgia.  At all times relative to this complaint, it is, and was, registered with the Georgia Secretary of State and authorized to conduct business in Georgia. Its principal office address listed with the Georgia Secretary of State is: 1014 Vine Street, Tax Dept, GO 7, Cincinnati, Ohio, 45202.  The Defendant Kroger may be served with process by service upon its chosen registered agent in Georgia: CSC of Cobb County, Inc., 192 Anderson Street, SE, Suite 125, Marietta, Georgia 30060.  This Honorable Court has jurisdiction over this defendant upon service of process and venue is proper. See, O.C.G.A. §§ 9-10-31, 9-10-90 and 9-10-91.  See also, Cooper Tire & Rubber Company v. McCall, No. S20G1368, 2021 WL 4268074, 863 S.E.2d 81 (Ga., Sept. 21, 2021); citing and upholding, Allstate Insurance Co. v. Klein, 262 Ga. 599, 422 S.E.2d 863 (1992) (Georgia courts may exercise general personal jurisdiction over any out-of-state corporation that is "authorized to do or transact business in this state at the time a claim arises.").  See, Exhibit 1 – Georgia Secretary of State Business Information for Defendant The Kroger Co.

4

Defendant Liquid Environmental Solutions of Georgia, LLC is, and was on August 25, 2020, a foreign, for-profit business entity conducting business within the State of Georgia. At all times relative to this complaint, is, and was, registered with the Georgia Secretary of State and authorized to conduct business in Georgia. Its principal office address listed with the Georgia Secretary of State is: 7651 Esters Boulevard, Suite 200, Irving, Texas 75063. The Defendant LES may be served with process by service upon its chosen registered agent in Georgia: Corporation Service Company, 2 Sun Court, Suite 400, Peachtree Corners, Gwinnett County, Georgia 30092. This Honorable Court has jurisdiction over this defendant upon service of process and venue is proper. See, O.C.G.A. §§ 9-10-31, 9-10-90 and 9-10-91. See also, Cooper Tire & Rubber Company v. McCall, No. S20G1368, 2021 WL 4268074, 863 S.E.2d 81 (Ga., Sept. 21, 2021); citing and upholding, Allstate Insurance Co. v. Klein, 262 Ga. 599, 422 S.E.2d 863 (1992) (Georgia courts may exercise general personal jurisdiction over any out-of-state corporation that is "authorized to do or transact business in this state at the time a claim arises."). See, Exhibit 2 – Georgia Secretary of State Business Information for Defendant Liquid Environmental Solutions of Georgia, LLC.

5

Defendant Valley Proteins, Inc. is, and was on August 25, 2020, a foreign, for-profit business entity conducting business within the State of Georgia. At all times relative to this complaint, is, and was, registered with the Georgia Secretary of State and authorized to conduct business in Georgia. Its principal office address listed with the Georgia Secretary of State is: 151 Valpro Drive, Post Office Box 3588, Winchester, Virginia 22604. The Defendant VP may be served with process by service upon its chosen registered agent in Georgia: CT Corporation

System, 289 South Culver Street, Lawrenceville, Gwinnett County, Georgia 30046-4805. This Honorable Court has jurisdiction over this defendant upon service of process and venue is proper. See, O.C.G.A. §§ 9-10-31, 9-10-90 and 9-10-91.  See also, <u>Cooper Tire & Rubber Company v. McCall</u>, No. S20G1368, 2021 WL 4268074, 863 S.E.2d 81 (Ga., Sept. 21, 2021); citing and upholding, <u>Allstate Insurance Co. v. Klein</u>, 262 Ga. 599, 422 S.E.2d 863 (1992) (Georgia courts may exercise general personal jurisdiction over any out-of-state corporation that is "authorized to do or transact business in this state at the time a claim arises."). See, Exhibit 3 – Georgia Secretary of State Business Information for Defendant Valley Proteins, Inc.

6

Upon information or belief, Defendant John Doe 1 is a natural person whose correct name is not yet known to the Plaintiffs at the current time but is understood to be known to one or more of the Defendants.  Upon information or belief, Defendant John Doe 1 is a resident of, citizen of and/or domiciled in the State of Georgia. Defendant John Doe 1 is a natural person capable of being sued in this matter and upon service of process is subject to the jurisdiction and venue of this Court. Upon information or belief, Defendant John Doe 1 is the manager of the subject Kroger grocery store located at located at 461 South Columbia Avenue, Rincon, Effingham County, Georgia 31326.  Once the true and correct identity of Defendant John Doe 1 has been established, he/she/they will be substituted into this action by amendment.

7

Upon information or belief, Defendant John Doe 2 is a natural person whose correct name is not yet known to the Plaintiffs at the current time but is understood to be known to one or more of the Defendants.  Upon information or belief, Defendant John Doe 2 is a resident of, citizen of, and/or domiciled in the State of Georgia. Defendant John Doe 2 is a natural person capable of

4

being sued in this matter and upon service of process is subject to the jurisdiction and venue of this Court. Upon information or belief, Defendant John Doe 2 is the manager of the department that utilizes the subject large grease/used cooking oil receptacle complained of herein at the subject Kroger grocery store located at located at 461 South Columbia Avenue, Rincon, Effingham County, Georgia 31326. Once the true and correct identity of Defendant John Doe 2 has been established, he/she/they will be substituted into this action by amendment.

8

Defendants John Doe 3-10 are fictious names used to preliminarily identify individuals who may be liable for claims related to the August 25, 2020 injuries, and subsequent death, of Ricky Stone (Deceased). The true identities of Defendants John Doe 3-10 are unknown to Plaintiffs at this time but are readily ascertainable through Defendants. Once the identities of John Doe 3-10 are discovered, this complaint will be amended to substitute any party that is, or may be, liable to Plaintiffs.

9

Defendants Doe Company 1-5 are fictious names of business entities used to preliminarily identify individuals who may be liable for claims related to the August 25, 2020 injuries, and subsequent death, of Ricky Stone (Deceased). The true identities of Defendants Doe Company 1-5 are unknown to Plaintiffs at this time but are readily ascertainable through Defendants. Once the identities of Defendants Doe Company 1-5 are discovered, this complaint will be amended to substitute any party that is, or may be, liable to Plaintiffs.

10

Venue is proper in this Honorable Court, pursuant to Georgia law including, but not necessarily limited to, Article VI, Section II, Paragraph IV of the Constitution of the State of Georgia and O.C.G.A. §§ 9-10-31, 9-10-91, and 14-2-510.

## FACTS

11

Plaintiffs reallege all paragraphs herein as if recited here verbatim.

12

At all times relevant to this complaint for damages including August 25, 2020, Defendant Kroger owned real property located at 461 South Columbia Avenue, Rincon, Effingham County, Georgia 31326 (hereinafter "Premises").

13

At all times relevant to this complaint for damages including August 25, 2020, Defendant Kroger operated a grocery store located at 461 South Columbia Avenue, Rincon, Effingham County, Georgia 31326.

14

At all relevant times to this complaint including August 25, 2020, Defendant Kroger operated a deli department within the subject grocery store at the Premises.

15

At all relevant times to this complaint including August 25, 2020, Defendant Kroger operated a grease cooker and/or an oil cooker in the subject deli department of its grocery store located on the Premises.

16

At all times relevant to this complaint for damages including August 25, 2020, Defendant Kroger operated a grease cooker and/or an oil cooker within its grocery store located on the Premises.

17

At all relevant times to this complaint including August 25, 2020, Defendant Kroger operated a grease cooker and/or an oil cooker the subject deli department of its grocery store on the Premises.

18

On August 25, 2020, there was a large grease/used cooking oil receptacle (hereinafter "Grease Receptacle") located outside and at the rear of the subject Kroger grocery store located on the Premises.

19

At all relevant times to this complaint, including August 25, 2020, Defendant Kroger placed used grease and/or used cooking oil from its grocery store and/or deli department into the subject large grease/used cooking oil receptacle located outside of and immediately behind its subject store located in Rincon, Georgia.

20

On August 25, 2020, the subject Grease Receptacle was located near an entrance/exit door at the subject Kroger grocery store located on the Premises.

21

On August 25, 2020, the subject Grease Receptacle was located near a downspout from the roof that emptied onto the pavement at the rear of the Kroger grocery store on the Premises.

7

22

On August 25, 2020, the subject Grease Receptacle was located near a downspout from the gutter system that emptied onto the pavement at the rear of the Kroger grocery store on the Premises.

23

At all times relevant to this complaint for damages including August 25, 2020, Defendant LES owned, operated, maintained, repaired, and/or serviced the subject Grease Receptacle located at the Kroger grocery store located at 461 South Columbia Avenue, Rincon, Effingham County, Georgia 31326.

24

At all times relevant to this complaint for damages including August 25, 2020, Defendant LES was responsible for the servicing, i.e. removal, of the grease and/or used cooking oil from the subject Grease Receptacle located by the subject Kroger Grocery store in Rincon, Georgia.

25

At all times relevant to this complaint for damages including August 25, 2020, Defendant LES was responsible for the maintenance and/or repair of the subject Grease Receptacle located by the subject Kroger Grocery store in Rincon, Georgia.

26

At all times relevant to this complaint for damages including August 25, 2020, Defendant LES was responsible for the proper removal of grease and/or used cooking oil from the subject Grease Receptacle, which included not spilling the contents of the Grease Receptacle onto the paved area behind the subject Kroger Grocery store in Rincon, Georgia.

27

At all times relevant to this complaint for damages including August 25, 2020, Defendant Valley owned, operated, maintained, repaired, and/or serviced the subject Grease Receptacle located at the Kroger grocery store located at 461 South Columbia Avenue, Rincon, Effingham County, Georgia 31326.

28

At all times relevant to this complaint for damages including August 25, 2020, Defendant Valley was responsible for the servicing, i.e. removal, of the grease and/or used cooking oil from the subject Grease Receptacle located by the subject Kroger Grocery store in Rincon, Georgia.

29

At all times relevant to this complaint for damages including August 25, 2020, Defendant Valley was responsible for the maintenance and upkeep of the subject Grease Receptacle located by the subject Kroger Grocery store in Rincon, Georgia.

30

At all times relevant to this complaint for damages including August 25, 2020, Defendant Valley was responsible for the proper removal of grease and/or used cooking oil from the subject Grease Receptacle, which included not spilling the contents of the Grease Receptacle onto the paved area behind the subject Kroger Grocery store in Rincon, Georgia.

31

At all times relevant to this complaint for damages including August 25, 2020, Defendants had a duty to clean spilled grease and/or used cooking oil from the pavement and area behind the subject Kroger grocery store in Rincon, Georgia, which the failed to do.

32

At all times relevant to this complaint for damages including August 25, 2020, Defendants had a duty to identify and/or mark the area of the spilled grease and/or used cooking oil on the pavement behind the subject Kroger grocery store in Rincon, Georgia, which the failed to do.

33

At all times relevant to this complaint for damages including August 25, 2020, Defendants had a duty to warn Ricky Stone (Deceased) of the presence of the spilled grease and/or used cooking oil on the pavement behind the subject Kroger grocery store in Rincon, Georgia, which they failed to do.

34

It was reasonably foreseeable that grease/used cooking oil leaked from or spilled by the subject Grease Receptacle would be spread around the surrounding area by water discharged from the subject downspout.

35

On August 25, 2020, the subject large Grease Receptacle was located on the Premises at the rear of the subject grocery store near one or more loading docks servicing said grocery store.

36

Defendant Kroger, by and through its employees and/or agents, discarded used grease into the subject large Grease Receptacle kept outside of the subject grocery store and on the Premises.

37

Defendant Kroger, by and through its employees and/or agents, discarded used grease from the subject deli department at the store on the Premises into a large Grease Receptacle kept outside and to the rear of the subject store and on the Premises.

10

38

On and prior to August 25, 2020, Defendant Kroger knew that the large Grease Receptacle at the Premises was leaking discarded grease onto the surrounding ground at the Premises.

39

On and prior to August 25, 2020, Defendant Kroger should have known that the large Grease Receptacle at the Premises was leaking discarded grease onto the surrounding pavement at the Premises.

40

On and prior to August 25, 2020, the subject large Grease Receptacle was located near a rear entry door into the subject store at the Premises.

41

On August 25, 2020, there were no warning signage on the Premises advising persons about the leaked grease from the subject large Grease Receptacle located at the rear of the subject grocery store.

42

On August 24, 2020, it rained at the Premises.

43

On August 25, 2020, it rained at the Premises.

44

At the time of Mr. Stone's (Deceased) fall on August 25, 2020, the paved area at the rear of the subject Kroger grocery store on the Premises was wet from rain.

45

At the time of Mr. Stone's (Deceased) fall on August 25, 2020, the leaked and/or spilled grease and/or used cooking oil from the subject Grease Receptacle was spread to the surrounding pavement and area by the rain. See, Exhibit 4 – still frame excerpt of body camera video of Officer Zack Brown, Rincon, Georgia Police Department on 08/25/2020 being enclosed and incorporated herein.

46

At the time of Mr. Stone's (Deceased) fall on August 25, 2020, the paved area at the rear of the subject Kroger grocery store on the Premises near the subject grease was wet and thus masked the presence of grease leaked from the subject Grease Receptacle. See, Exhibit 4.

47

On August 25, 2020, Ricky Stone (Deceased) was a commercial driver and was driving a tractor trailer.

48

On August 25, 2020, Ricky Stone (Deceased) present at the Premises to deliver goods to the subject Kroger grocery store.

49

On August 25, 2020, Ricky Stone's (Deceased) legal status on the Premises was as that of an invitee.

50

On August 25, 2020, Ricky Stone (Deceased) was waiting to unload his truck at the Kroger grocery store at the Premises.

51

On August 25, 2020, there were numerous commercial vehicles waiting to make deliveries to Kroger and unload at the Premises.

52

Due to the delay in unloading, Mr. Stone (Deceased) exited his commercial truck in order to speak with a Kroger representative about the delay in unloading his commercial truck.

53

When Mr. Stone (Deceased) walked near the subject large grease receptacle he slipped in the spilled grease and/or used cooking oil, fell, and was physically injured.  See, Exhibit 4.

54

When Mr. Stone (Deceased) walked past the subject large Grease Receptacle he slipped in the spilled grease and/or used cooking oil and struck the back of his head on the pavement.  See, Exhibit 4.

55

The location of the leaked Grease Receptacle at the rear of the subject Kroger grocery store on the premises near a downspout added in the spreading of grease around to the location of Mr. Stone's (Deceased) fall and injuries.  See, Exhibit 4.

56

After Mr. Stone (Deceased) fell at the Premises on August 25, 2020, emergency responders, including an ambulance, arrived at the scene of his fall.

57

Mr. Stone (Deceased) was not moved from the location of his fall on August 25, 2020 before he was removed from the scene by the responding emergency medical personnel.

13

58

After his subject fall, Mr. Stone (Deceased) informed responding emergency medical personnel that he was walking toward the loading dock when he slipped and fell, hitting the back of his head.

59

At the scene of his fall on the Premises, Mr. Stone (Deceased) informed responding emergency medical personnel that he lost consciousness immediately after his subject fall.

60

At the scene of his fall on the Premises, Mr. Stone (Deceased) informed responding emergency medical personnel that he was unable to move his right extremities.

61

At the scene of his fall on the Premises, Mr. Stone (Deceased) presented to emergency medical personnel to have a weakness in his left extremities.

62

At the scene of his fall on the Premises, Mr. Stone (Deceased) screamed out in pain in the presence of emergency responders.

63

Mr. Stone (Deceased) was taken via ambulance to Memorial University Medical Center and admitted as an inpatient for care and treatment of his injuries sustained in the subject fall at the Premises on August 25, 2020.

64

During transport to the hospital from at the scene of his fall on the Premises, Mr. Stone (Deceased) screamed out in pain when the vehicle hit bumps in the roadway.

14

65

Mr. Stone (Deceased) was admitted to Memorial University Hospital for care and treatment of the injuries that he suffered in the subject fall on the Premises.

66

Mr. Stone (Deceased) remained in inpatient care at Memorial University Hospital, including prolonged periods in the intensive care unit, until he was eventually transferred to a skilled nursing facility where he remained as an inpatient until his death.

67

On February 9, 2021, Mr. Stone (Deceased) died as a direct and proximate result of the tortious conduct, actions, and inactions of Defendant Kroger.

68

On February 9, 2021, Mr. Stone (Deceased) died as a direct and proximate result of the injuries he suffered at the Premises on August 25, 2020.

69

As a result of the incident described herein and occurring on the Premises, on August 25, 2020, Plaintiffs incurred special damages related to medical care and treatment as a direct and proximate result of Defendants negligent acts and omissions in an amount in excess of $1,575,000.00 and in an amount to be proven at trial.

70

All of the tortious and/or negligent actions, inactions, and/or omissions alleged herein against Defendant Kroger are also alleged by reference against Defendants John Doe 1-10 herein. Further, Plaintiffs are informed or believe that Defendants John Doe 1-10 held and breached the same legal duties and obligations, in general and specifically toward Plaintiffs as Defendant

15

Kroger. Further, Plaintiffs are informed or believe that Defendants John Doe 1-10 held and breached additional legal duties and obligations, in general and specifically toward Plaintiffs as Defendant Kroger. These duties and obligations include, but are not necessarily limited to, those set forth herein as to Defendant Kroger, which are incorporated herein by reference as to Defendants John Doe 1-10.

<div align="center">71</div>

All of the tortious and/or negligent, actions, and/or omissions alleged herein against Defendant Kroger are also alleged by reference against Defendants Doe Company 1-5 herein, Further, Plaintiffs are informed or believe that Defendants Doe Company 1-5 breached the same legal duties and obligations, in general and specifically towards the Plaintiffs, as Defendant Kroger. Further, Plaintiffs are informed or believe that Defendants Doe Company 1-5 held and breached additional legal duties and obligations, in general and specifically toward Plaintiffs as Defendant Kroger. These duties and obligations include, but are not necessarily limited to, those set forth herein as Defendant Kroger, which are incorporated herein by reference as to Defendants Doe Company 1-5.

<div align="center">

**Count 1 – General Negligence**

</div>

<div align="center">72</div>

Plaintiffs reallege all paragraphs herein as if recited here verbatim.

<div align="center">73</div>

On August 25, 2020, and at all times relevant to this action, Defendant Kroger owned the Premises.

<div align="center">16</div>

74

On August 25, 2020, and at all times relevant to this action, Defendant Kroger operated a Kroger grocery store on the Premises.

75

On August 25, 2020, and at all times relevant to this action, Defendant Kroger operated a deli department that used grease and/or oil fryers to prepare items for sell in its Kroger grocery store on the Premises.

76

On August 25, 2020, and at all times relevant to this action, Defendant Kroger disposed of used grease and/or cooking oil in the large Grease Receptacle located on the Premises.

77

Ricky Stone (Deceased) was unaware of the dangerous conditions, such as used cooking oil and/or grease leaked and/or spilled onto the pavement behind the subject Kroger grocery store, at the Premises prior to his fall and related injuries on August 25, 2020.

78

Ricky Stone (Deceased) suffered numerous serious physical injuries as a result of the incidents and conditions described herein.

79

Defendants, including Defendant Kroger, owed a duty to Ricky Stone (Deceased) to inspect the Premises for unsafe, dangerous, and/or defective conditions.

80

Defendants, including Defendant Kroger, owed a duty to Ricky Stone (Deceased) to inspect the Premises for the presence of any dangerous natural or artificial conditions or activities.

17

81

Defendants, including Defendant Kroger, owed a duty to Ricky Stone (Deceased) to warn Mr. Stone of the presence of dangerous natural or artificial conditions or activities such as the presence of spilled grease and/or used cooking oil behind its subject grocery store in Rincon, Georgia.

82

Defendants, including Defendant Kroger, owed a duty to Ricky Stone (Deceased) to make safe the area behind its subject grocery store in Rincon, Georgia from the spilled grease and/or used cooking oil.

83

Defendants, including Defendant Kroger, breached its said duties to inspect the Premises, which it owed to Ricky Stone (Deceased).

84

Defendants, including Defendant Kroger, breached its said duties, which were owed to Ricky Stone (Deceased), to warn Ricky Stone (Deceased) of the spilled grease and/or used cooking oil on the Premises.

85

Defendants, including Defendant Kroger, breached its said duties, which were owed to Ricky Stone (Deceased), to make safe the area of spilled grease and/or used cooking oil on the Premises.

86

Defendants, including Defendant Kroger, negligent acts and omissions include, but are not limited to, their failure to inspect the Premises for unsafe, dangerous, and/or defective conditions

related to the presence of grease leaked from the subject Grease Receptacle complained of herein and/or otherwise spilled by Defendants employees.

87

Defendants, including Defendant Kroger, owed a duty to take reasonable precautions to protect Ricky Stone (Deceased) from dangers on the Premises.  Defendants breached their said duty to Ricky Stone (Deceased).

88

Defendants, including Defendant Kroger, owed a nondelegable duty to Ricky Stone (Deceased) to exercise ordinary care in keeping the Premises safe.

89

Defendants breached this duty to Mr. Stone (Deceased.

90

Defendants, including Defendant Kroger, knew or should have known that invitees, such as Ricky Stone (Deceased), would walk past the subject Grease Receptacle at the rear of the Kroger grocery store.

100

Defendants, including Defendant Kroger, had a duty to repair and/or seek repair of the subject Grease Receptacle so that it did not leak or otherwise pose a hazard to invitees, such as Ricky Stone (Deceased).

101

Defendants, including Defendant Kroger, had a duty to cease using and/or placing grease in the leaking subject Grease Receptacle until it could be repaired or replaced.

19

102

Defendants, including Defendant Kroger, breached their duties to repair and/or seek repair of the subject Grease Receptacle.

103

Defendants, including Defendant Kroger, had a duty to clean the leaked and/or spilled grease and/or used cooking oil from the paved area surrounding the subject Grease Receptacle.

104

Defendants, including Defendant Kroger, breached their duties to clean the leaked and/or spilled grease and/or used cooking oil from the paved area around to the subject Grease Receptacle.

105

Defendants, including Defendant Kroger, had a duty to warn Ricky Stone (Deceased) of the hazard posed by the leaking Grease Receptacle that ultimately caused the fall of Ricky Stone (Deceased).

106

Defendants, including Defendant Kroger, had a duty to warn Ricky Stone (Deceased) of the hazard posed by the spilled grease near the Grease Receptacle that ultimately caused the fall of Ricky Stone (Deceased).

107

Defendants, including Defendant Kroger, had a duty to Ricky Stone (Deceased) to exercise reasonable care in maintain the Premises in a safe condition. Defendants breached this duty to Ricky Stone (Deceased).

20

108

Defendants, including Defendant Kroger, had a duty to warn of known hazards, such as the leaked grease on the pavement surrounding the Grease Receptacle, on the Premises. Defendants breached this duty to Ricky Stone (Deceased).

109

Defendants, including Defendant Kroger, had a duty to not create and/or avoid creating a dangerous condition by placing and/or locating the subject Grease Receptacle in a location on the Premises that was near a downspout, which would spread leaked and/or spilled grease across the surrounding paved area.  Defendants breached this duty to Ricky Stone (Deceased).

110

At all times relevant to this complaint for damages including August 25, 2020, Defendant LES owed a duty to remove the used grease and/or cooking oil from the subject Grease Receptacle in a safe manner, which included, but was not limited to, its removal without spilling the used grease and/or cooking oil onto the surrounding pavement and area surrounding the subject Grease Receptacle.

111

At all times relevant to this complaint for damages including August 25, 2020, Defendant Valley owed a duty to remove the used grease and/or cooking oil from the subject Grease Receptacle in a safe manner, which included, but was not limited to, its removal without spilling the used grease and/or cooking oil onto the surrounding pavement and area surrounding the subject Grease Receptacle.

112

At all times relevant to this complaint for damages including August 25, 2020, Defendant LES owed a duty to maintain the subject Grease Receptacle so that it did not leak the used grease and/or cooking oil onto the surrounding pavement and area behind the subject Kroger Grocery store in Rincon, Georgia.

113

At all times relevant to this complaint for damages including August 25, 2020, Defendant Valley owed a duty to maintain the subject Grease Receptacle so that it did not leak the used grease and/or cooking oil onto the surrounding pavement and area behind the subject Kroger Grocery store in Rincon, Georgia.

114

At all times relevant to this complaint for damages including August 25, 2020, Defendant LES owed a duty mark the area of grease and/or used cooking oil that was spilled onto the surrounding pavement and area behind the subject Kroger Grocery store in Rincon, Georgia.

115

At all times relevant to this complaint for damages including August 25, 2020, Defendant Valley owed a duty mark the area of grease and/or used cooking oil that was spilled onto the surrounding pavement and area behind the subject Kroger Grocery store in Rincon, Georgia.

116

At all times relevant to this complaint for damages including August 25, 2020, Defendant LES owed a duty mark the area of grease and/or used cooking oil that was leaked from the subject Grease Receptacle onto the surrounding pavement and area behind the subject Kroger Grocery store in Rincon, Georgia.

117

At all times relevant to this complaint for damages including August 25, 2020, Defendant Valley owed a duty mark the area of grease and/or used cooking oil that was leaked from the subject Grease Receptacle onto the surrounding pavement and area behind the subject Kroger Grocery store in Rincon, Georgia.

118

Defendant LES breached its duties regarding the maintenance, repair, servicing, and upkeep of the subject Grease Receptacle

119

Defendant Valley breached its duties regarding the maintenance, repair, servicing, and upkeep of the subject Grease Receptacle

120

Defendants' breach of its duties directly and/or proximately caused used grease and/or cooking oil to spread onto the area and location where Mr. Ricky Stone (Deceased) slipped and fell by the subject Grease Receptacle located behind the subject Kroger Grocery store on August 25, 2020.

121

Defendant LES' breach of its duties directly and/or proximately caused used grease and/or cooking oil to spread onto the area and location where Mr. Ricky Stone (Deceased) slipped and fell by the subject Grease Receptacle located behind the subject Kroger Grocery store on August 25, 2020.

23

122

Defendant Valley's breach of its duties directly and/or proximately caused used grease and/or cooking oil to spread onto the area and location where Mr. Ricky Stone (Deceased) slipped and fell by the subject Grease Receptacle located behind the subject Kroger Grocery store on August 25, 2020.

123

Defendants acted negligently and breached their duties to Plaintiffs and Ricky Stone (Deceased) in this matter.

124

Ricky Stone (Deceased) was seriously injured as a direct and/or proximate result of the dangerous and hazardous condition on the Premises.

125

Ricky Stone (Deceased) ultimately died as a direct and/or proximate result of the dangerous and hazardous condition on the Premises.

126

Plaintiffs' injuries and damages were the direct and/or proximate result of the tortious conduct and negligent actions, inactions, and omissions of Defendants and their respective employees, agents, and/or representatives for whom said Defendants are vicariously liable.

127

Plaintiffs are entitled to an award of all special and general damages resulting from Defendants' tortious and negligent conduct in this matter.

### Count 2 – Negligence *Per Se*

128

Plaintiffs reallege all paragraphs herein as if recited here verbatim.

129

Defendants induced or lead Ricky Stone (Deceased) to come onto the subject Premises by expressed or implied invitation for a lawful purpose pursuant to O.C.G.A. § 51-3-1.

130

Defendants failed to exercise ordinary care in keeping the Premises and approaches safe pursuant to O.C.G.A. § 51-3-1.

131

O.C.G.A. § 51-3-1 was in effect at the tie of the injuries and damages to Ricky Stone (Deceased) and Plaintiffs described herein that occurred on August 25, 2020.

132

Plaintiffs and Ricky Stone (Deceased) are within the class of persons said statute was intended to protect.

133

Defendants' violation of O.C.G.A. § 51-3-1 were the sole and/or proximate cause of Plaintiffs' injuries and damages as set out herein.

134

Defendants' violation of O.C.G.A. § 51-3-1 were the sole and/or proximate cause of Ricky Stone's (Deceased) injuries, damages, and death as set out herein.

135

Such violations by Defendants constitute negligence *per se*, and Defendants are liable for Plaintiffs' injuries and damages in this matter.

136

Plaintiffs are entitled to recover for all of their respective damages, which they incurred in this matter, from Defendants.

### Count 3 – Imputed Liability/*Respondeat Superior*

137

Plaintiffs reallege all paragraphs herein as if recited here verbatim.

138

On and prior to August 25, 2020, Defendant John Doe 1 was an employee of Defendant Kroger.

139

On and prior to August 25, 2020, Defendant John Doe 1 was an employee of Defendant Doe Company 1-5.

140

At the time of the subject incident on August 25, 2020 complained of herein and all relevant times thereto, Defendant John Doe 1 was responsible for the overall oversight and management of the Kroger grocery store located at the Premises and its employees.

141

At the time of the subject incident on August 25, 2020 complained of herein and all relevant times thereto, Defendant John Doe 2 was responsible for the overall oversight and management of the deli and cooking stations at the Kroger grocery store located at the Premises and its employees.

142

At the time of the subject incident on August 25, 2020 complained of herein and all relevant times thereto, Defendant John Doe 1 was responsible for the overall use of the subject large Grease Receptacle located on the Premises.

143

At the time of the subject incident on August 25, 2020 complained of herein and all relevant times thereto, Defendant John Doe 2 was responsible for the overall use of the subject large Grease Receptacle located on the Premises.

144

At the time of the subject incident on August 25, 2020 complained of herein and all relevant times thereto, Defendant John Doe 1 was responsible for the inspection of the subject large Grease Receptacle located on the Premises.

145

At the time of the subject incident on August 25, 2020 complained of herein and all relevant times thereto, Defendant John Doe 2 was responsible for the inspection of the subject large Grease Receptacle located on the Premises.

146

At the time of the subject incident on August 25, 2020 complained of herein and all relevant times thereto, Defendant John Doe 1 was responsible for the general oversight and inspection of the Premises.

147

At the time of the subject incident on August 25, 2020 complained of herein and all relevant times thereto, Defendant John Doe 2 was responsible for the general oversight and inspection of

the area of the Premises surrounding the subject large Grease Receptacle identified and complained of herein.

148

On and prior to August 25, 2020 and at all relevant times thereto, Defendant John Doe 3-10 was an employee of Defendant LES.

149

On and prior to August 25, 2020 and at all relevant times thereto, Defendant John Doe 3-10 was an employee of Defendant Valley.

150

At the time of the subject incident on August 25, 2020 complained of herein and all relevant times thereto, Defendant John Doe 3-10 was responsible for the general oversight and inspection of the Grease Receptacle.

151

On and prior to August 25, 2020 and at all relevant times thereto, Defendant John Doe 3-10 acted within the course and scope of his employment with Defendant LES in the removal of used grease and/or cooking oil from the subject Grease Receptacle behind the subject Kroger grocery store.

152

On and prior to August 25, 2020 and at all relevant times thereto, Defendant John Doe 3-10 acted within the course and scope of his employment with Defendant Valley in the removal of used grease and/or cooking oil from the subject Grease Receptacle behind the subject Kroger grocery store.

28

153

At the time of the subject incident on August 25, 2020 complained of herein and all relevant times thereto, Defendant John Doe 3-10 acted within the course and scope of his employment with Defendant LES when he was responsible for the inspection of the subject Grease Receptacle and the surrounding area for spilled and/or leaked grease and/or cooking oil.

154

At the time of the subject incident on August 25, 2020 complained of herein and all relevant times thereto, Defendant John Doe 3-10 acted within the course and scope of his employment with Defendant Valley when he was responsible for the inspection of the subject Grease Receptacle and the surrounding area for spilled and/or leaked grease and/or cooking oil.

155

At the time of the subject incident on August 25, 2020 complained of herein and all relevant times thereto, Defendant John Doe 3-10 acted within the course and scope of his employment with Defendant LES when he was responsible for the inspection of the subject Grease Receptacle to determine if it was leaking its contents onto the surrounding area.

156

At the time of the subject incident on August 25, 2020 complained of herein and all relevant times thereto, Defendant John Doe 3-10 acted within the course and scope of his employment with Defendant Valley when he was responsible for the inspection of the subject Grease Receptacle to determine if it was leaking its contents onto the surrounding area.

157

At the time of the subject incident on August 25, 2020 complained of herein and all relevant times thereto, Defendant John Doe 3-10 acted within the course and scope of his employment with

Defendant LES when he was responsible for the inspection of the subject Grease Receptacle to determine if it needed repair and/or needed maintenance to either prevent or stop it from leaking onto the surrounding area.

<p style="text-align:center">158</p>

At the time of the subject incident on August 25, 2020 complained of herein and all relevant times thereto, Defendant John Doe 3-10 acted within the course and scope of his employment with Defendant Valley when he was responsible for the inspection of the subject Grease Receptacle to determine if it needed repair and/or needed maintenance to either prevent or stop it from leaking onto the surrounding area.

<p style="text-align:center">159</p>

At the time of the subject incident on August 25, 2020 complained of herein and all relevant times thereto, Defendant John Doe 1-10 failed to inspect the subject Grease Receptacle.

<p style="text-align:center">160</p>

At the time of the subject incident on August 25, 2020 complained of herein and all relevant times thereto, Defendant John Doe 1-10 failed to repair the subject Grease Receptacle.

<p style="text-align:center">161</p>

At the time of the subject incident on August 25, 2020 complained of herein and all relevant times thereto, Defendant John Doe 1-10 failed to maintain the subject Grease Receptacle.

<p style="text-align:center">162</p>

All of the Plaintiffs' injuries and damages were the direct and/or proximate result of the tortious and/or negligent actions, inactions, omissions of the agents, servants, and employees (including but not necessarily limited to Defendants John Doe 1 and John Doe 2) of Defendant

<p style="text-align:center">30</p>

Kroger, which were all conducted within the course and scope of his employment with Defendant Kroger.

<center>163</center>

Defendant Kroger is vicariously liable for each individual employee, servant, and/or agent's tortious and/or negligent actions, inactions, and omissions conducted within the course and scope of said employment and/or agency to include the injuries and damages of Plaintiffs by application of the doctrine of respondeat superior.

<center>164</center>

All of the Plaintiffs' injuries and damages were the direct and/or proximate result of the tortious and/or negligent actions, inactions, omissions of the agents, servants, and employees (including but not necessarily limited to Defendants John Doe 3-10) of Defendant LES, which were all conducted within the course and scope of his employment with Defendant LES.

<center>165</center>

Defendant LES is vicariously liable for each individual employee, servant, and/or agent's tortious and/or negligent actions, inactions, and omissions conducted within the course and scope of said employment and/or agency to include the injuries and damages of Plaintiffs by application of the doctrine of respondeat superior.

<center>166</center>

All of the Plaintiffs' injuries and damages were the direct and/or proximate result of the tortious and/or negligent actions, inactions, omissions of the agents, servants, and employees (including but not necessarily limited to Defendants John Doe 3-10) of Defendant Valley, which were all conducted within the course and scope of his employment with Defendant Valley.

<center>31</center>

167

Defendant Valley is vicariously liable for each individual employee, servant, and/or agent's tortious and/or negligent actions, inactions, and omissions conducted within the course and scope of said employment and/or agency to include the injuries and damages of Plaintiffs by application of the doctrine of respondeat superior.

168

Upon information or belief, Defendants John Doe 1-10 are employees, servants, and/or agents of the corporate defendants identified herein as Defendant Kroger or one of the Doe Company defendants, whose true identity will be identified through discovery conducted in this matter.

169

Defendants Doe Company 1-5 are vicariously liable for each of their own individual employees, servants, and/or agents' tortious and/or negligent actions, inactions, and omissions conducted within the course and scope of said employment and/or agency to include the injuries and damages of Plaintiffs by application of the doctrine of respondeat superior.

170

Plaintiffs are entitled to recover an award of sufficient general damages from each of the Defendants to make them whole, and the amount of which is to be determined in the enlightened mind of a fair and impartial jury.

171

Plaintiffs are entitled to recover an award of special damages related to medical care and treatment from Defendants in an amount in excess of $1,575,000.00 in this matter.

## Count 4 – Negligent Hire and Retention

172

Plaintiffs reallege all paragraphs herein as if recited here verbatim.

173

Defendant Kroger was negligent in hiring and retaining Defendant John Doe 1 to manage and/or oversee the subject Kroger Grocery Store.

174

Defendant Kroger was negligent in hiring and retaining Defendant John Doe 1 to manage and/or oversee the subject Premises.

175

Defendant Kroger was negligent in hiring and retaining Defendant John Doe 2 to manage and/or oversee the deli department and/or department containing the grease fryers used at the subject Kroger Grocery Store.

176

Defendants Doe Companies 1-5 were negligent in hiring and retaining Defendants John Doe 1-10 to manage and/or oversee the subject Premises, the subject Kroger grocery store, and/or the subject Grease Receptacle located at the Premises.

177

Defendant LES was negligent in hiring and retaining Defendants John Doe 1-10 to oversee inspect, service, repair, and/or maintain the subject Grease Receptacle located at the Premises.

178

Defendant Valley was negligent in hiring and retaining Defendants John Doe 1-10 to oversee inspect, service, repair, and/or maintain the subject Grease Receptacle located at the Premises.

179

The subject injuries and damages suffered by Ricky Stone (Deceased) and Plaintiffs were the direct and/or proximate result of Defendants tortious and negligent conduct as described herein and as proven at trial in this matter.

180

On and before August 25, 2020, Defendant John Doe 1 was not suited for employment to manage and/or oversee the subject Kroger grocery store and/or the subject Premises.

181

On and before August 25, 2020, Defendant John Doe 2 was not suited for employment to manage and/or oversee the subject Kroger grocery store department and/or the subject Grease Receptacle.

182

On and before August 25, 2020, Defendants John Doe 1-10 were not suited for employment to manage and/or oversee the subject Premises, the subject Kroger grocery store, and/or the subject Grease Receptacle located at the Premises.

183

On and before August 25, 2020, Defendants John Doe 1-10 were not suited for employment to oversee, inspect, service, repair, and/or maintain the subject Grease Receptacle located at the Premises.

34

184

On and before August 25, 2020, Defendant Kroger knew or should have known that Defendant John Doe 1 was not capable of safely operating and/or managing the subject Kroger grocery store, subject Grease Receptacle, and/or subject Premises in a safe manner.

185

On and before August 25, 2020, Defendant Kroger knew or should have known that Defendant John Doe 2 was not capable of safely operating and/or managing the subject Kroger grocery store department and/or subject Grease Receptacle in a safe manner.

186

On and before August 25, 2020, Defendants Kroger and/or Doe Companies 1-5 knew or should have known that Defendants John Doe 1-5 were not capable of safely operating and/or managing the subject Kroger grocery store, subject Grease Receptacle, and/or subject Premises in a safe manner.

187

Prior to the subject incident on August 25, 2020 complained of herein, Defendant Kroger could have reasonably foreseen Defendants John Doe 1-10 dangerous tendencies and/or propensities could cause the harms and damages suffered by Ricky Stone (Deceased) and Plaintiffs.

188

Prior to the subject incident on August 25, 2020 complained of herein, Defendants Doe Companies 1-5 could have reasonably foreseen Defendants John Doe 1-10 dangerous tendencies and/or propensities could cause the harms and damages suffered by Ricky Stone (Deceased) and Plaintiffs.

189

On and before August 25, 2020, Defendant LES knew or should have known that Defendant John Doe 1-10 was not capable of safely operate, oversee, inspect, service, repair, and/or maintain the subject Grease Receptacle located at the Premises.

190

On and before August 25, 2020, Defendant Valley knew or should have known that Defendant John Doe 1-10 was not capable of safely operate, oversee, inspect, service, repair, and/or maintain the subject Grease Receptacle located at the Premises.

191

Defendant Kroger was negligent in retaining Defendants John Doe 1 and 2 in this matter.

192

Defendants Kroger and/or Doe Companies 1-5 was negligent in retaining Defendants John Doe 1 – 10 in this matter.

193

Defendant Valley was negligent in retaining Defendants John Doe 1 – 10 in this matter.

194

Defendant LES was negligent in retaining Defendants John Doe 1 – 10 in this matter.

195

Plaintiffs are entitled to recover for all of their respective damages, which they incurred in this matter, from Defendants.

### Count 5 – Failure to Train and Supervise

196

Plaintiffs reallege all paragraphs herein as if recited here verbatim.

197

Defendant Kroger was negligent in failing to properly supervise and to train its employees to inspect, locate, and/or identify hazards at its subject Kroger grocery store and/or on the Premises.

198

Defendant Kroger was negligent in failing to properly supervise and to train its employees to properly mark hazardous areas at the subject Kroger grocery store and/or on the Premises.

199

Defendant Kroger was negligent in failing to properly supervise and to train its employees to timely mark the subject Grease Receptacle as a hazardous condition for the safety of its invitees and Mr. Ricky Stone (Deceased).

200

Defendant Kroger was negligent in failing to properly supervise and to train its employees to timely mark the area around the subject Grease Receptacle as a hazardous condition for the safety of its invitees and Mr. Ricky Stone (Deceased).

201

Defendant John Doe 1 was negligent in failing to properly supervise and to train the employees he/she managed to inspect, locate, identify, and/or mark hazards at the subject Kroger grocery store and on the Premises.

202

Defendant John Doe 2 was negligent in failing to properly supervise and to train the employees he/she managed to inspect, locate, identify, and/or mark hazards at the subject Kroger grocery store and on the Premises.

37

203

Defendants Doe Company 1-5 were negligent in failing to properly supervise and to train their respective employees to inspect, locate, identify, and/or mark hazardous conditions.

204

Defendant LES was negligent in failing to properly train and to properly supervise its respective employees to operate, oversee, inspect, service, repair, and/or maintain the subject Grease Receptacle located at the Premises.

205

Defendant Valley was negligent in failing to properly train and to properly supervise its respective employees to operate, oversee, inspect, service, repair, and/or maintain the subject Grease Receptacle located at the Premises.

206

Mr. Ricky Stone (Deceased) and Plaintiffs were injured and damaged as a result of Defendants negligent acts and omissions, including but not limited to their failure to properly train and supervise employees, agents, and/or contractors, in this matter.

207

Plaintiffs are entitled to recover for all of their respective damages, which they incurred in this matter, from Defendants.

### Count 6 – Wrongful Death

208

Plaintiffs reallege all paragraphs herein as if recited here verbatim.

209

As set out herein, Ricky Stone (Deceased) sustained grievous injuries, suffered tremendously, and died as a direct and/or proximate result of Defendants' tortious conduct, actions, inactions, and/or omissions in this matter.

210

Ricky Stone (Deceased) is survived by his wife, Mrs. Laurel Stone, who brings this claim as fiduciary for the wrongful death claims.

211

As a direct and/or proximate result of Defendants, actions, inactions, tortious conduct, and negligence per se and the resulting death of Mr. Ricky Stone (Deceased), Plaintiffs are entitled to recover damages against Defendants for the wrongful death in an amount equal to the full value of the life of the decedent.

**Count 7 – Lost Wages**

212

Plaintiffs reallege all paragraphs herein as if recited here verbatim.

213

As a direct and/or proximate result of Defendants' negligent and tortious acts and omissions, Ricky Stone (Deceased) was unable to work following the injuries that he sustained on August 25, 2020 and lost income from his job.  Plaintiffs have incurred special damages in the form of lost wages and earning in an amount in excess of $100,000.00.

214

As a direct and/or proximate result of Defendants' tortious conduct in this matter, Plaintiffs are entitled to recover an award of money damages equal to the full amount of Mr. Stone's (Deceased) lost wages in this matter.

### Count 8 – Estate Claim

215

Plaintiffs reallege all paragraphs herein as if recited here verbatim.

216

Plaintiff Laurel Stone is appointed as the Administrator of the Estate of Ricky Stone (Deceased), and she prosecutes these claims in that capacity.

217

As set out herein, Ricky Stone (Deceased) sustained grievous injuries and died as a direct and/or proximate result of Defendants' actions, inactions, omissions, tortious conduct, and negligence per se.

218

As a direct and/or proximate result of Defendants' wrongful conduct, Ricky Stone (Deceased) incurred significant medical and related expenses for his care and treatment prior to his death and his final expenses.  Plaintiff Estate is entitled to recover from Defendants damages equal to all expenses incurred in the provision of medical care and treatment to Ricky Stone (Deceased), as a result of the wrongful and tortious conduct and to recover for Ricky Stone (Deceased) final expenses.

40

219

As a direct and/or proximate result of Defendants' wrongful and tortious conduct, Ricky Stone (Deceased) suffered special damages related to his healthcare expenses in an amount in excess of $1,575,000.00 and final expenses in an amount in excess of $4,592.00.

220

Plaintiff Estate is entitled to recover all damages to which Mr. Ricky Stone (Deceased) would have been entitled. Plaintiff Estate is therefore entitled to recovery damages for MR. Ricky Stone's (Deceased) extensive pain and suffering prior to his death.

### Count 9 – Loss of Consortium

221

Plaintiffs reallege all paragraphs herein as if recited here verbatim.

222

At all relevant times to the incidents complained of herein, Plaintiff Laurel Stone and Ricky Stone (Deceased) were husband and wife.

223

As a result of the injuries suffered by Ricky Stone (Deceased), Plaintiff Laurel Stone experienced a profound loss of society, companionship, affection, and services of her husband, Ricky Stone.

224

By reason of the foregoing, Plaintiff Laurel Stone is entitled to recover from Defendants all of her general damages for her loss of consortium resulting from the subject incidents complained of herein in an amount to be determined by the enlightened mind of a fair and impartial jury.

41

**WHEREFORE**, Plaintiffs pray for and request the following:

1. That service of process be had upon each of the Defendants as prescribed by law;

2. That this matter be tried before a jury of 12 fair and impartial jurors;

3. That judgment be entered on behalf of Plaintiffs and against the Defendants on each of the cause of action alleged in this matter;

4. That Plaintiffs be awarded all general damages in an amount to be proven at trial and as determined by the enlightened mind of a fair and impartial jury as so applicable;

5. That Plaintiff Laurel Stone be awarded monetary damages equal to full value of the life of Ricky Stone (Deceased);

6. That Plaintiffs be awarded all special damages in an amount in excess of $1,700,000.00 as to be proven at trial in this matter;

7. That this Court grant such other and further relief as is just and proper.

This 11th day of February, 2022.

Respectfully submitted,
PRIETO, MARIGLIANO, HOLBERT
& PRIETO, LLC

/s/ Daniel J. Prieto
Daniel J. Prieto
Georgia Bar No.: 118510
Jonathan Marigliano
Georgia Bar No.: 470628
William Holbert
Georgia Bar No.: 360088
*Attorneys for Plaintiffs*

1555 Mount Vernon Road
Atlanta, Georgia 30338
P: 404-856-0040 • F: 404-856-0066
dprieto@pmhplaw.com
jmarigliano@pmhplaw.com
wholbert@pmhplaw.com

42



# GEORGIA CORPORATIONS DIVISION

GEORGIA SECRETARY OF STATE
## BRAD RAFFENSPERGER



PLAINTIFF'S EXHIBIT
- 1 -

HOME (/)

**BUSINESS SEARCH**

## BUSINESS INFORMATION

| | | | |
|---|---|---|---|
| Business Name: | **THE KROGER CO.** | Control Number: | **H856253** |
| Business Type: | **Foreign Profit Corporation** | Business Status: | **Active/Owes Current Year AR** |
| Business Purpose: | **NONE** | | |
| Principal Office Address: | **1014 VINE ST, Tax Dept GO 7, CINCINNATI, OH, 45202, USA** | Date of Formation / Registration Date: | **11/1/1938** |
| Jurisdiction: | **Ohio** | Last Annual Registration Year: | **2021** |

## REGISTERED AGENT INFORMATION

| | |
|---|---|
| Registered Agent Name: | **CSC of Cobb County, Inc.** |
| Physical Address: | **192 Anderson Street SE, Suite 125, Marietta, GA, 30060, USA** |
| County: | **Cobb** |

## OFFICER INFORMATION

| Name | Title | Business Address |
|---|---|---|
| Gary MIllerchip | CFO | 1014 Vine Street, Cincinnati, OH, 45202, USA |
| CHRISTINE S. WHEATLEY | Secretary | 1014 VINE ST, CINCINNATI, OH, 45202, USA |
| W. RODNEY MCMULLEN | CEO | 1014 VINE ST, CINCINNATI, OH, 45202, USA |

Back

Filing History      Name History

Return to Business Search

1/5/22, 2:15 PM                                                                 GEORGIA



# GEORGIA
# CORPORATIONS
# DIVISION

GEORGIA SECRETARY OF STATE
# BRAD RAFFENSPERGER

**PLAINTIFF'S EXHIBIT**
**- 2 -**

HOME (/)

## BUSINESS SEARCH

### BUSINESS INFORMATION

| | | | |
|---|---|---|---|
| Business Name: | **LIQUID ENVIRONMENTAL SOLUTIONS OF GEORGIA, LLC** | Control Number: | **11043775** |
| Business Type: | **Foreign Limited Liability Company** | Business Status: | **Active/Owes Current Year AR** |
| Business Purpose: | **NONE** | | |
| Principal Office Address: | **7651 Esters Blvd., Suite 200, Irving, TX, 75063, USA** | Date of Formation / Registration Date: | **6/3/2011** |
| Jurisdiction: | **Delaware** | Last Annual Registration Year: | **2021** |
| Principal Record Address: | **NONE** | | |

### REGISTERED AGENT INFORMATION

| | |
|---|---|
| Registered Agent Name: | **Corporation Service Company** |
| Physical Address: | **2 SUN COURT, SUITE 400, PEACHTREE CORNERS, GA, 30092, USA** |
| County: | **Gwinnett** |

Filing History        Name History

Back                        Return to Business Search



# GEORGIA CORPORATIONS DIVISION

GEORGIA SECRETARY OF STATE
## BRAD RAFFENSPERGER

> PLAINTIFF'S
> EXHIBIT
> - 3 -

HOME (/)

## BUSINESS SEARCH

### BUSINESS INFORMATION

| | | | |
|---|---|---|---|
| Business Name: | **VALLEY PROTEINS, INC.** | Control Number: | **12098483** |
| Business Type: | **Foreign Profit Corporation** | Business Status: | **Active/Compliance** |
| Business Purpose: | **NONE** | | |
| Principal Office Address: | **151 VALPRO DRIVE, P.O. BOX 3588, Winchester, VA, 22604** | Date of Formation / Registration Date: | **12/19/2012** |
| Jurisdiction: | **Virginia** | Last Annual Registration Year: | **2022** |

### REGISTERED AGENT INFORMATION

| | |
|---|---|
| Registered Agent Name: | **C T CORPORATION SYSTEM** |
| Physical Address: | **289 S Culver St, Lawrenceville, GA, 30046-4805, USA** |
| County: | **Gwinnett** |

### OFFICER INFORMATION

| Name | Title | Business Address |
|---|---|---|
| GERALD F. SMITH, JR. | CEO | 151 VALPRO DRIVE, P.O. BOX 3588, Winchester, VA, 22604, USA |
| MICHAEL A. SMITH | CFO | 151 VALPRO DRIVE, P.O. BOX 3588, Winchester, VA, 22604, USA |
| WILLIAM STUART HYLTON | Secretary | 151 VALPRO DRIVE, P.O. BOX 3588, Winchester, VA, 22604, USA |

Back            Filing History        Name History
                     Return to Business Search

**Exhibit 4** — still frame excerpt of body camera video of Officer Zack Brown, Rincon, Georgia Police Department on 08/25/2020



20201029 - Rincon PD Body Cam Officer Zack Brown

```
PLAINTIFF'S
EXHIBIT
- 4 -
```

E-FILED IN OFFICE - RJ
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**22-C-00889-S4**
**2/11/2022 1:16 PM**
TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| Laurel Stone, Individually, and<br>Laurel Stone as Administrator of the<br>Estate of Ricky Stone (Deceased)<br><br>       Plaintiffs,<br>vs.<br><br>The Kroger Co.; Liquid Environmental<br>Solutions of Georgia, LLC; Valley Proteins,<br>Inc.; John Doe 1-10; and Doe Company 1-5,<br><br>       Defendants. | CIVIL ACTION   22-C-00889-S4<br>FILE NO.: _____ |

## PLAINTIFF LAUREL STONE'S, INDIVIDUALLY, FIRST REQUESTS FOR ADMISSIONS TO THE KROGER CO.

NOW COMES Laurel Stone, individually, Plaintiff in the above styled action (hereinafter "Plaintiff"), and pursuant to O.C.G.A. § 9-11-36 serves upon Defendant The Kroger Co. (hereinafter "Defendant" or "Kroger") the following Requests for Admissions requiring that Defendant respond to the requests in full within forty-five (45) days of the service of this request.

If Defendant Kroger objects to a request for admission, the reason(s) for the objection shall be stated. The Defendant's answer shall specifically deny the matter or set forth in detail the reasons why the he cannot truthfully admit or deny the matter. A denial shall fairly meet the substance of the requested admission; and, when good faith requires that the Defendant qualifies his answers or deny only a part of the matter of which an admission is requested, he shall specify so much of it as is true and qualify or deny the remainder. Defendant may not give lack of information or knowledge as a reason for failure to admit or deny unless he states that he has made reasonable inquiry and that the information known or readily obtainable by him is insufficient to enable him to admit or deny. If Defendant considers a matter of which an admission has been requested presents a genuine issue for trial, Defendant may not, on that ground alone, object to the

1

request; Defendant may, subject to O.C.G.A. § 9-11-36(b), deny the matter or set forth reasons why Defendant cannot admit or deny it.

**NOTE**: In this matter, the term "grease" whenever used herein shall be interpreted to also include cooking oil.

Defendant is requested to admit the following:

1.

Admit that Defendant Kroger has been properly identified in this action.

2.

Admit that Defendant Kroger is a proper party in this action.

3.

Admit that Defendant Kroger has been properly served with the Complaint, summons, and discovery in this matter.

4.

Admit that Defendant Kroger has been timely served in this matter.

5.

Admit that service of process is proper upon Defendant Kroger.

6.

Admit that Defendant Kroger is subject to venue in the State Court of Gwinnett County, Georgia in this matter.

7.

Admit that jurisdiction is proper as to Defendant Kroger before the State Gwinnett of Cobb County, Georgia in this matter.

8.

Admit that Defendant Kroger conducts business in Gwinnett County, Georgia.

2

9.

Admit that this matter has been timely brought as against Defendant Kroger.

10.

Admit that on the date of the filing of the lawsuit in this matter the registered agent for Defendant Kroger was CSC of Cobb County, Inc.

11.

Admit that the registered agent for Defendant Kroger can be served at 192 Anderson Street, SE, Suite 125, Marietta, Cobb County, Georgia 30060.

12.

Admit that Defendant Kroger is a for-profit business entity.

13.

Admit that on August 25, 2020, Defendant Kroger owned real property located at 461 South Columbia Avenue, Rincon, Effingham County, Georgia, 31326.

14.

Admit that on August 25, 2020, Defendant Kroger owned a supermarket, commonly referred to as "Kroger," that was located at 461 South Columbia Avenue, Rincon, Effingham County, Georgia, 31326 (this particular Kroger at this particular location is hereinafter referenced as "the subject Kroger supermarket").

15.

Admit that on August 25, 2020, Defendant Kroger operated and/or managed the subject Kroger supermarket located at 461 South Columbia Avenue, Rincon, Effingham County, Georgia, 31326.

3

16.

Admit that on August 25, 2020, Defendant Kroger oversaw the day-to-day operations of the subject Kroger supermarket.

17.

Admit that on August 25, 2020, Defendant Kroger was in possession of and operated a grease cooker and/or grease fryer within the subject Kroger supermarket.

18.

Admit that on August 25, 2020, Defendant Kroger maintained a grease receptacle and/or grease trap (hereinafter referred to as the "grease receptacle") that was located near an entrance/exit door at the rear of the subject Kroger supermarket.

19.

Admit that on August 25, 2020, the grease receptacle that was located near an entrance/exit door at the rear of the subject Kroger supermarket leaked grease and/or other material onto the pavement at the rear of the supermarket.

20.

Admit that prior to August 25, 2020, Defendant Kroger was aware of and knew that the grease receptacle that was located near an entrance/exit door at the rear of the subject Kroger supermarket leaked grease and/or other material onto the pavement at the rear of the supermarket.

21.

Admit that on the afternoon of August 25, 2020, decedent Ricky Stone fell in the immediate area of the grease receptacle located at the rear of the subject Kroger supermarket.

4

22.

Admit that on the afternoon of August 25, 2020, decedent Ricky Stone was attempting to deliver goods to the subject Kroger supermarket.

23.

Admit that on the afternoon of August 25, 2020, decedent Ricky Stone had a legal right to be on the property of the subject Kroger supermarket.

24.

Admit that on the afternoon of August 25, 2020, when decedent Ricky Stone arrived at the subject Kroger supermarket, Mr. Stone was not a trespasser.

25.

Admit that on the afternoon of August 25, 2020, when decedent Ricky Stone arrived at the subject Kroger supermarket, Mr. Stone was an invitee.

26.

Admit that the cause of Mr. Stone's fall on the afternoon of August 25, 2020 at the rear of the subject Kroger supermarket was the grease that had escaped from the grease receptacle.

27.

Admit that as a result of his fall at the rear of the subject Kroger supermarket on the afternoon of August 25, 2020, Mr. Ricky Stone suffered physical injuries.

28.

Admit that as a result of his fall at the rear of the subject Kroger supermarket on the afternoon of August 25, 2020, Mr. Ricky Stone's injuries caused him pain and suffering.

5

29.

Admit that on the afternoon of August 25, 2020, Defendant Kroger had video cameras that surveilled different parts of the supermarket as well as the real property on which the supermarket was located.

30.

Admit that one of Defendant Kroger's surveillance video cameras captured Mr. Ricky Stone's fall on the afternoon of August 25, 2020 at the rear of the subject Kroger supermarket.

31.

Admit that one of Defendant Kroger's surveillance video cameras captured images of the subject grease receptacle located at the rear of the subject Kroger supermarket on August 25, 2020.

32.

Admit that one of Defendant Kroger's surveillance video cameras captured images of the subject grease receptacle located at the rear of the subject Kroger supermarket on August 22-25, 2020.

33.

Admit that as of the evening of August 25, 2020, Defendant Kroger was in possession, custody, or control of video footage showing Mr. Ricky Stone's fall on the afternoon of August 25, 2020 at the rear of the subject Kroger supermarket.

34.

Admit that as of the evening of August 25, 2020, Defendant Kroger was in possession, custody, or control of video footage showing the subject grease receptacle located at the rear of the subject Kroger supermarket on August 22-25, 2020.

6

Case 1:22-cv-01118-TWT   Document 1-1   Filed 03/18/22   Page 56 of 209

35.

Admit that on the day that Kroger became aware that Mr. Stone's family had obtained legal representation for Mr. Stone's fall of August 25, 2020 at the subject Kroger supermarket, Defendant Kroger had possession, custody, or control of video footage showing Mr. Ricky Stone's fall on the afternoon of August 25, 2020 at the rear of the subject Kroger supermarket.

36.

Admit that on the day that Kroger became aware that Mr. Stone's family had obtained legal representation for Mr. Stone's fall of August 25, 2020 at the subject Kroger supermarket, Defendant Kroger had possession, custody, or control of video footage showing the subject grease receptacle located at the rear of the subject Kroger supermarket on August 22-25, 2020.

37.

On August 25, 2020, Defendant Kroger owed the general public a duty to correct any and all dangerous and/or hazardous conditions located at the subject Kroger supermarket located at 461 South Columbia Avenue, Rincon, Effingham County, Georgia, 31326.

38.

On August 25, 2020, Defendant Kroger owed Mr. Ricky Stone a duty to correct any and all dangerous and/or hazardous conditions located at the subject Kroger supermarket located at 461 South Columbia Avenue, Rincon, Effingham County, Georgia, 31326.

39.

Admit that on August 25, 2020, Defendant Kroger took no steps to warn the public that the grease receptacle, located at the rear of the subject Kroger supermarket leaked grease.

7

40.

Admit that on August 25, 2020, Defendant Kroger took no steps to warn Mr. Ricky Stone that the grease receptacle, located at the rear of the subject Kroger supermarket leaked grease and/or some other type of foreign material.

41.

Admit that on August 25, 2020, Defendant Kroger failed to mark the area of the spilled grease and/or foreign material upon which Ricky Stone slipped.

This 11th day of February, 2022.

Respectfully submitted,
**PRIETO, MARIGLIANO, HOLBERT & PRIETO, LLC**

/s/ Daniel J. Prieto
Daniel J. Prieto
Georgia Bar No.: 118510
Jonathan Marigliano
Georgia Bar No.: 470628
William Holbert
Georgia Bar No.: 360088
*Attorneys for Plaintiffs*

1555 Mount Vernon Road
Atlanta, Georgia 30338
P: 404-856-0040 • F: 404-856-0066
dprieto@pmhplaw.com
jmarigliano@pmhplaw.com
wholbert@pmhplaw.com

8

**IN THE STATE COURT OF GWINNETT COUNTY**
**STATE OF GEORGIA**

Laurel Stone, Individually, and )
Laurel Stone as Administrator of the )
Estate of Ricky Stone (Deceased) )
)   CIVIL ACTION
   Plaintiffs, )   FILE NO.: _____
vs. )
)
The Kroger Co.; Liquid Environmental )
Solutions of Georgia, LLC; Valley Proteins, )
Inc.; John Doe 1-10; and Doe Company 1-5, )
)
   Defendants. )

**CERTIFICATE OF SERVICE**

I hereby certify that I have this day served a copy of ***PLAINTIFF LAUREL STONE'S, INDIVIDUALLY, FIRST REQUESTS FOR ADMISSIONS TO THE KROGER CO.*** upon all parties to this matter by serving the same with service of the complaint for damages.

This 11th day of February, 2022.

         **PRIETO, MARIGLIANO, HOLBERT**
         **& PRIETO, LLC**

         /s/ Daniel J. Prieto
         Daniel J. Prieto
         Georgia Bar No.: 118510
         *Attorneys for Plaintiffs*

1555 Mount Vernon Road
Atlanta, Georgia 30338
P: 404-856-0040 • F: 404-856-0066
dprieto@pmhplaw.com

9

E-FILED IN OFFICE - RJ
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**22-C-00889-S4**

2/11/2022 1:16 PM
TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

Laurel Stone, Individually, and )
Laurel Stone as Administrator of the )
Estate of Ricky Stone (Deceased) )
                           )    CIVIL ACTION    22-C-00889-S4
         Plaintiffs,      )    FILE NO.: _____
vs. )
                           )
The Kroger Co.; Liquid Environmental )
Solutions of Georgia, LLC; Valley Proteins, )
Inc.; John Doe 1-10; and Doe Company 1-5, )
                           )
         Defendants.     )

### PLAINTIFF LAUREL STONE'S, INDIVIDUALLY, FIRST REQUESTS FOR ADMISSIONS TO DEFENDANT LIQUID ENVIRONMENTAL SOLUTIONS OF GEORGIA, LLC

NOW COMES Laurel Stone, individually, Plaintiff in the above styled action (hereinafter "Plaintiff"), and pursuant to O.C.G.A. § 9-11-36 serves upon Defendant Liquid Environmental Solutions of Georgia, LLC (hereinafter "Defendant" or "LES") the following Requests for Admissions requiring that Defendant respond to the requests in full within forty-five (45) days of the service of this request.

If Defendant Kroger objects to a request for admission, the reason(s) for the objection shall be stated. The Defendant's answer shall specifically deny the matter or set forth in detail the reasons why the he cannot truthfully admit or deny the matter. A denial shall fairly meet the substance of the requested admission; and, when good faith requires that the Defendant qualifies his answers or deny only a part of the matter of which an admission is requested, he shall specify so much of it as is true and qualify or deny the remainder. Defendant may not give lack of information or knowledge as a reason for failure to admit or deny unless he states that he has made reasonable inquiry and that the information known or readily obtainable by him is insufficient to

1

enable him to admit or deny. If Defendant considers a matter of which an admission has been requested presents a genuine issue for trial, Defendant may not, on that ground alone, object to the request; Defendant may, subject to O.C.G.A. § 9-11-36(b), deny the matter or set forth reasons why Defendant cannot admit or deny it.

**NOTE**: In this matter, the term "grease" whenever used herein shall be interpreted to also include cooking oil.

Defendant is requested to admit the following:

1.

Admit that Defendant LES has been properly identified in this action.

2.

Admit that Defendant LES is a proper party in this action.

3.

Admit that Defendant LES has been properly served with the Complaint, summons, and discovery in this matter.

4.

Admit that Defendant LES has been timely served in this matter.

5.

Admit that service of process is proper upon Defendant LES.

6.

Admit that Defendant LES is subject to venue in the State Court of Gwinnett County, Georgia in this matter.

7.

Admit that jurisdiction is proper as to Defendant LES before the State Court of Gwinnett County, Georgia in this matter.

8.

Admit that Defendant LES conducts business in Gwinnett County, Georgia.

9.

Admit that this matter has been timely brought as against Defendant LES.

10.

Admit that on the date of the filing of the lawsuit in this matter the registered agent for Defendant LES was Corporation Service Company.

11.

Admit that the registered agent for Defendant LES can be served at 2 Sun Court, Suite 400, Peachtree Corners, Gwinnett County, Georgia 30092

12.

Admit that Defendant LES is a for-profit business entity.

13.

Admit that on August 25, 2020, Defendant LES was charged with the responsibility of emptying a grease receptacle at a supermarket known as Kroger, located at 461 South Columbia Avenue, Rincon, Effingham County, Georgia, 31326. A photograph of the subject grease receptacle and/or grease trap is attached to Plaintiff's First Interrogatories to Defendant as Exhibit "A."

14.

Admit that on August 25, 2020, Defendant LES had a contractual obligation to empty the grease receptacle pictured in Exhibit "A" to Plaintiff's First Interrogatories to Defendant at a supermarket known as Kroger, located at 461 South Columbia Avenue, Rincon, Effingham County, Georgia, 31326.

15.

Admit that on August 25, 2020, Defendant LES was charged with the responsibility of servicing and/or maintaining the grease receptacle pictured in Exhibit "A" to Plaintiff's First Interrogatories to Defendant at a supermarket known as Kroger, located at 461 South Columbia Avenue, Rincon, Effingham County, Georgia, 31326.

16.

Admit that on August 25, 2020, Defendant LES had a contractual obligation to servicing and/or maintaining the grease receptacle pictured in Exhibit "A" to Plaintiff's First Interrogatories to Defendant at a supermarket known as Kroger, located at 461 South Columbia Avenue, Rincon, Effingham County, Georgia, 31326.

This 11th day of February, 2022.

Respectfully submitted,
PRIETO, MARIGLIANO, HOLBERT
& PRIETO, LLC

/s/ Daniel J. Prieto
Daniel J. Prieto
Georgia Bar No.: 118510
Jonathan Marigliano
Georgia Bar No.: 470628
William Holbert
Georgia Bar No.: 360088
*Attorneys for Plaintiffs*

1555 Mount Vernon Road
Atlanta, Georgia 30338
P: 404-856-0040 • F: 404-856-0066
dprieto@pmhplaw.com
jmarigliano@pmhplaw.com
wholbert@pmhplaw.com

4

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

Laurel Stone, Individually, and )
Laurel Stone as Administrator of the )
Estate of Ricky Stone (Deceased) )
                     ) CIVIL ACTION
        Plaintiffs, ) FILE NO.: _____
vs. )
                     )
The Kroger Co.; Liquid Environmental )
Solutions of Georgia, LLC; Valley Proteins, )
Inc.; John Doe 1-10; and Doe Company 1-5, )
                     )
        Defendants. )

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of *PLAINTIFF LAUREL STONE'S, INDIVIDUALLY, FIRST REQUESTS FOR ADMISSIONS TO DEFENDANT LIQUID ENVIRONMENTAL SOLUTIONS OF GEORGIA, LLC* upon all parties to this matter by serving the same with service of the complaint for damages.

This 11th day of February, 2022.

                             PRIETO, MARIGLIANO, HOLBERT
                             & PRIETO, LLC

                             /s/ Daniel J. Prieto
                             Daniel J. Prieto
                             Georgia Bar No.: 118510
                             *Attorneys for Plaintiffs*

1555 Mount Vernon Road
Atlanta, Georgia 30338
P: 404-856-0040 • F: 404-856-0066
dprieto@pmhplaw.com

E-FILED IN OFFICE - RJ
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**22-C-00889-S4**
**2/11/2022 1:16 PM**
TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

Laurel Stone, Individually, and )
Laurel Stone as Administrator of the )
Estate of Ricky Stone (Deceased) )
                                            )     CIVIL ACTION    22-C-00889-S4
        Plaintiffs, )     FILE NO.: _____
vs. )
                                            )
The Kroger Co.; Liquid Environmental )
Solutions of Georgia, LLC; Valley Proteins, )
Inc.; John Doe 1-10; and Doe Company 1-5, )
                                            )
        Defendants. )

## PLAINTIFF LAUREL STONE'S, INDIVIDUALLY, FIRST REQUESTS FOR ADMISSIONS TO DEFENDANT VALLEY PROTEINS, INC.

NOW COMES Laurel Stone, individually, Plaintiff in the above styled action (hereinafter "Plaintiff"), and pursuant to O.C.G.A. § 9-11-36 serves upon Defendant Valley Proteins, Inc. (hereinafter "Defendant" or "Valley Proteins") the following Requests for Admissions requiring that Defendant respond to the requests in full within forty-five (45) days of the service of this request.

If Defendant Kroger objects to a request for admission, the reason(s) for the objection shall be stated. The Defendant's answer shall specifically deny the matter or set forth in detail the reasons why the he cannot truthfully admit or deny the matter. A denial shall fairly meet the substance of the requested admission; and, when good faith requires that the Defendant qualifies his answers or deny only a part of the matter of which an admission is requested, he shall specify so much of it as is true and qualify or deny the remainder. Defendant may not give lack of information or knowledge as a reason for failure to admit or deny unless he states that he has made reasonable inquiry and that the information known or readily obtainable by him is insufficient to enable him to admit or deny. If Defendant considers a matter of which an admission has been

1

requested presents a genuine issue for trial, Defendant may not, on that ground alone, object to the request; Defendant may, subject to O.C.G.A. § 9-11-36(b), deny the matter or set forth reasons why Defendant cannot admit or deny it.

**NOTE**: In this matter, the term "grease" whenever used herein shall be interpreted to also include cooking oil.

Defendant is requested to admit the following:

1.

Admit that Defendant Valley Proteins has been properly identified in this action.

2.

Admit that Defendant Valley Proteins is a proper party in this action.

3.

Admit that Defendant Valley Proteins has been properly served with the Complaint, summons, and discovery in this matter.

4.

Admit that Defendant Valley Proteins has been timely served in this matter.

5.

Admit that service of process is proper upon Defendant Valley Proteins.

6.

Admit that Defendant Valley Proteins is subject to venue in the State Court of Gwinnett County, Georgia in this matter.

7.

Admit that jurisdiction is proper as to Defendant Valley Proteins before the State Court of Gwinnett County, Georgia in this matter.

8.

Admit that Defendant Valley Proteins conducts business in Gwinnett County, Georgia.

2

9.

Admit that this matter has been timely brought as against Defendant Valley Proteins.

10.

Admit that on the date of the filing of the lawsuit in this matter the registered agent for Defendant Valley Proteins was Corporation Service Company.

11.

Admit that the registered agent for Defendant Valley Proteins can be served at 2 Sun Court, Suite 400, Peachtree Corners, Gwinnett County, Georgia 30092

12.

Admit that Defendant Valley Proteins is a for-profit business entity.

13.

Admit that on August 25, 2020, Defendant Valley Proteins was charged with the responsibility of emptying a grease receptacle at a supermarket known as Kroger, located at 461 South Columbia Avenue, Rincon, Effingham County, Georgia, 31326. A photograph of the subject grease receptacle and/or grease trap is attached to Plaintiff's First Interrogatories to Defendant as Exhibit "A."

14.

Admit that on August 25, 2020, Defendant Valley Proteins had a contractual obligation to empty the grease receptacle pictured in Exhibit "A" to Plaintiff's First Interrogatories to Defendant at a supermarket known as Kroger, located at 461 South Columbia Avenue, Rincon, Effingham County, Georgia, 31326.

15.

Admit that on August 25, 2020, Defendant Valley Proteins was charged with the responsibility of servicing and/or maintaining the grease receptacle pictured in Exhibit "A" to

3

Plaintiff's First Interrogatories to Defendant at a supermarket known as Kroger, located at 461 South Columbia Avenue, Rincon, Effingham County, Georgia, 31326.

16.

Admit that on August 25, 2020, Defendant Valley Proteins had a contractual obligation to servicing and/or maintaining the grease receptacle pictured in Exhibit "A" to Plaintiff's First Interrogatories to Defendant at a supermarket known as Kroger, located at 461 South Columbia Avenue, Rincon, Effingham County, Georgia, 31326.

This 11th day of February, 2022.

Respectfully submitted,
PRIETO, MARIGLIANO, HOLBERT
& PRIETO, LLC

/s/ Daniel J. Prieto
Daniel J. Prieto
Georgia Bar No.: 118510
Jonathan Marigliano
Georgia Bar No.: 470628
William Holbert
Georgia Bar No.: 360088
*Attorneys for Plaintiffs*

1555 Mount Vernon Road
Atlanta, Georgia 30338
P: 404-856-0040 • F: 404-856-0066
dprieto@pmhplaw.com
jmarigliano@pmhplaw.com
wholbert@pmhplaw.com

4

**IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA**

| | | |
|---|---|---|
| Laurel Stone, Individually, and | ) | |
| Laurel Stone as Administrator of the | ) | |
| Estate of Ricky Stone (Deceased) | ) | |
| | ) | CIVIL ACTION |
| Plaintiffs, | ) | FILE NO.: _____ |
| vs. | ) | |
| | ) | |
| The Kroger Co.; Liquid Environmental | ) | |
| Solutions of Georgia, LLC; Valley Proteins, | ) | |
| Inc.; John Doe 1-10; and Doe Company 1-5, | ) | |
| | ) | |
| Defendants. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of ***PLAINTIFF LAUREL STONE'S,
INDIVIDUALLY, FIRST REQUESTS FOR ADMISSIONS TO DEFENDANT VALLEY
PROTEINS, INC.*** upon all parties to this matter by serving the same with service of the complaint
for damages.

This 11th day of February, 2022.

<div align="right">

PRIETO, MARIGLIANO, HOLBERT
& PRIETO, LLC

/s/ Daniel J. Prieto
Daniel J. Prieto
Georgia Bar No.: 118510
*Attorneys for Plaintiffs*

</div>

1555 Mount Vernon Road
Atlanta, Georgia 30338
P: 404-856-0040 • F: 404-856-0066
dprieto@pmhplaw.com

E-FILED IN OFFICE - RJ
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**22-C-00889-S4**
**2/11/2022 1:16 PM**
TIANA P. GARNER, CLERK

# IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| Laurel Stone, Individually, and <br> Laurel Stone as Administrator of the <br> Estate of Ricky Stone (Deceased) <br><br>          Plaintiffs, <br><br> vs. <br><br> The Kroger Co.; Liquid Environmental <br> Solutions of Georgia, LLC; Valley Proteins, <br> Inc.; John Doe 1-10; and Doe Company 1-5, <br><br>          Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> )      CIVIL ACTION   22-C-00889-S4 <br> )      FILE NO.: _____ |

## PLAINTIFF LAUREL STONE'S, INDIVIDUALLY, FIRST CONTINUING INTERROGATORIES TO DEFENDANT THE KROGER CO.

COMES NOW Laurel Stone, Individually, Plaintiff in the above-captioned case (hereinafter "Plaintiff"), and pursuant to the provisions of O.C.G.A. § 9-11-33 serves upon Defendant The Kroger Co. (hereinafter "Defendant Kroger") the following Interrogatories, and requires Defendant Kroger to answer said Interrogatories separately and fully, in writing and within forty-five (45) days after service of said Interrogatories upon Defendant, as provided by law.

These Interrogatories shall be deemed continuing so as to require supplemental answers if you or your attorneys, or anyone on your behalf, obtain further information between the time answers are served and the time of trial.

**NOTE**: In this matter, the term "grease" whenever used herein shall be interpreted to also include cooking oil.

In answering the following Interrogatories, you are requested to give full and complete answers.

1.

If you have not been sued under your correct name and/or contend that service was not proper, please state your full correct name and explain why you contend service was not proper.

2.

What is the name and address of the person(s) answering the Plaintiff's discovery requests on behalf of Defendant Kroger and that person's official position or relationship with Defendant Kroger? (**NOTE**: This interrogatory covers all discovery request to this Defendant and not merely the instant interrogatories.)

3.

Please provide the names, addresses, of all current owners, regardless of percentage of ownership and regardless of whether the owner(s) is an individual(s) and/or a business entity(ies), of the supermarket known as Kroger located at 461 South Columbia Avenue, Rincon, Effingham County, Georgia, 31326 (hereinafter referred to as "the subject Kroger supermarket"), and please state the percentage of ownership each such person/entity currently has in the facility.

4.

Please provide the name and address of any and all individual(s) and/or entities that currently play <u>any</u> role in the management and/or operation of the subject Kroger supermarket.

5.

Please provide the names, addresses, of all persons and/or entities that had <u>any</u> type of ownership interest in the subject Kroger supermarket as of August 25, 2020, and please state the percentage of ownership each such person/entity had in the subject Kroger supermarket as of August 25, 2020.

6.

Please provide the name and address of any and all individual(s) and/or entities that played

any role in the management and/or operation of the subject Kroger supermarket on August 25,

2020.

7.

Please identify by name, position/title, and last known home addresses, email addresses and

phone numbers of all persons who were employees and/or agents of Defendant Kroger and who were

working or otherwise on the premises of the subject Kroger supermarket at any time from Friday,

August 21 through and including the close of business on Tuesday, August 25, 2020.

8.

Please identify by name and last known phone number, email address and home address who

the store manager was for the subject Kroger supermarket on August 25, 2020 and who the managers

and/or leaders were of each department that existed at the subject Kroger supermarket, such as the

Deli/Bakery, Meat, Produce, Seafood, Maintenance, etc. The aforementioned departments are by

example only; should different departments and/or more departments exist at the subject Kroger

supermarket as of August 25, 2020, please provide the information sought for the head and/or

manager of each such department.

9.

For each person identified in your responses to Interrogatory No. 7 and No. 8, please provide

the job position/title of each such person, their general responsibilities and/or duties at the subject

Kroger supermarket and whether such individual(s) is still employed with Defendant Kroger.

10.

Please state by name, position/title, and last known addresses of all persons who either spoke

with Mr. Ricky Stone prior to his fall or who responded to Mr. Stone's fall on the afternoon of August

3

25, 2020 at the subject Kroger supermarket and for each such person, please provide a description of their respective role(s) in responding to Mr. Stone's fall and/or to medical personnel and/or law enforcement that came to the subject Kroger supermarket following Mr. Stone's fall.

11.

Please provide the names of all persons claiming to be eye-witnesses to the incident leading to Mr. Ricky Stone's fall at the rear of the subject Kroger supermarket on the afternoon of August 25, 2020, including the person's name, position or tile or role with Defendant Kroger, if any, a summary of what such person(s) saw, whether such person(s) is an employee of Defendant Kroger and, if the person(s) was once but is no longer an employee of Defendant Kroger, that person(s)' last known address, email address and phone number.

12.

Please identify by name, position/title, and last known addresses of the person(s) who undertook any investigation as to how Mr. Ricky Stone fell and/or suffered an injury at the subject Kroger supermarket on August 25, 2020, when such investigation was took place, and whether any documentation was generated as a result of such an investigation.

13.

Attached as Exhibit "A" to these Interrogatories is a picture of a landing, door and grease receptacle. Please state what word(s) or phrase(s) Defendant Kroger uses to identify this grease receptacle. Please also state the size, dimensions, age and material that makes up said grease receptacle.

14.

Please identify, by name, phone number and address, (1) who owned the grease receptacle pictured in Exhibit "A" to these Interrogatories, (2) who was charged with the day-to-day maintenance

4

and/or servicing of said grease receptacle and who was responsible for emptying and/or disposing of the contents of said grease receptacle as of August 25, 2020.

15.

If, on August 25, 2020, the grease receptacle pictured in Exhibit "A" to these Interrogatories was leased to or rented by Defendant Kroger and/or the subject Kroger supermarket, please identify from whom said grease receptacle was leased and/or rented, the terms of such lease and/or rental (including but not limited to dates, price, responsibilities of all parties, etc.), and what document(s) detail such lease and/or rental.

16.

Please state whether the grease receptacle pictured in Exhibit "A" to these Interrogatories contained any defect which allowed grease and/or any other substance to leak from the grease receptacle as of August 25, 2020. If your answer is in the affirmative, please state the following: (1) when Defendant Kroger first became aware of said defect, (2) the name and title of the individual(s) at Defendant Kroger who became aware of said defect; (3) the location and size of the defect, and (4) what steps, if any, were taken to address said defect prior to the afternoon of August 25, 2020.

17.

Please state when the area shown in Exhibit "A" to these Interrogatories was last inspected by anyone prior to Mr. Ricky Stone's fall on the afternoon of August 25, 2020. For any such inspection, please state the date and time of such inspection, who inspected the area, whether a document was created that details the facts of such inspection and what the inspection demonstrated at that time.

5

18.

Please state the name, address, telephone number, and place of employment of each person, to your knowledge, information, and/or belief, who, from August 1 through August 25, 2020 played any role in the filling, emptying, inspection, maintenance, servicing, cleaning, and/or repairing of the grease receptacle shown in Exhibit "A" to these Interrogatories. For each such individual, please state what that person(s) role was with the grease receptacle.

19.

Please identify by name, address and phone number, all companies and/or individuals that delivered goods, received goods or otherwise entered or exited the subject Kroger supermarket via the door pictured in Exhibit "A" to these Interrogatories on August 24 and August 25, 2020.

20.

Please describe what surveillance system the subject Kroger supermarket had in place on August 25, 2020, particularly by the manufacture and model of cameras and recording devices, where such cameras were placed at the subject Kroger supermarket, how images captured by the cameras were transmitted and/or secured by Defendant Kroger, and who is the best individual to discuss the particulars of such surveillance system as it existed on August 25, 2020.

21.

On August 25, 2020, did any video and/or surveillance cameras at the subject Kroger supermarket film, record or otherwise capture Mr. Stone's fall at the rear of the subject Kroger supermarket on the afternoon of August 25, 2020 which is the area generally shows in Exhibit "A" to these Interrogatories?  If so, who is in possession, control and/or custody of such video and/or photographs. If the video and/or photographs no longer exists, please state the circumstances, including when, how, and why, it was discarded, erased, and/or lost, whatever the circumstances may be.

22.

On August 25, 2020, did any video and/or surveillance cameras at the subject Kroger supermarket film, record or otherwise capture images of the grease receptacle located at the rear of the subject Kroger supermarket for the seven-day period leading up to, and including, August 25, 2020, which is the area generally shows in Exhibit "A" to these Interrogatories?  If so, who is in possession, control and/or custody of such video and/or photographs. If the video and/or photographs no longer exists, please state the circumstances, including when, how, and why, it was discarded, erased, and/or lost, whatever the circumstances may be.

23.

Please provide an understanding as to the nature of any business relationship Defendant Kroger and/or the subject Kroger supermarket had, as of August 25, 2020, with (1) Valley Proteins, Inc.; (2) Liquid Environmental Solutions (LES); (3) KL Breeden & Sons; and (4) Sedgwick. If the current business relationship(s) is different currently than it was on August 25, 2020, please state how the relationship(s) is different, when the relationship(s) became different and why the relationship(s) became different.

24.

Identify all policies and/or procedures, if any, that Defendant Kroger had in August, 2020 that covered or otherwise regarded (1) preservation of evidence upon the report of a customer injury; (2) cleaning of spills; (3) marking of hazardous areas and spill; (4) reports of injuries of customers; (5) surveillance and security; (6) maintenance of surveillance equipment; (7) monitoring of surveillance equipment; (8) retention of surveillance records following the report of an incident captured by said surveillance equipment; (9) the keeping of the premises, including the area shown in Exhibit "A" safe and free of defects as well; (10) customer falls and/or injuries; (11) use, maintenance, inspection, servicing, emptying and/or cleaning of the grease receptacle shown in Exhibit "A" to these

7

Interrogatories by the name of the policy, who currently has custody, control and/or possession of such policy, and what the policy and/or procedure stated.

25.

Was any employee of Defendant reprimanded, disciplined or fired as a result of Mr. Stone's injuries suffered on August 25, 2020 at the dialysis facility? If so, please identify any such employee, please state the reason said employee was reprimanded, disciplined and/or fired and describe any document relating to such action(s).

26.

Please identify any and all claims that any individual has made against Defendant Kroger and/or the subject Kroger supermarket, located at 461 South Columbia Avenue, Rincon, Effingham County, Georgia, 31326, in the last five years as a result of a person suffering injuries at the subject Kroger supermarket. For each such claim, please state the name of the claimant, the claimant's home address, email address and phone number, the allegations made by the claimant, the date the claim was made, and what was the disposition of the claim.

27.

Please identify any and all lawsuits that any individual has made against Defendant Kroger and/or the subject Kroger supermarket, located at 461 South Columbia Avenue, Rincon, Effingham County, Georgia, 31326, in the last five years as a result of a person suffering injuries suffered at the subject Kroger supermarket. For each such lawsuit, please state the name of the Plaintiff, the Plaintiff's home address, email address and phone number, the allegations made by the Plaintiff, the date the lawsuit was filed, where the lawsuit was filed and what was the disposition of the lawsuit.

28.

Please identify each and every person who has given you and/or your agents, servants and/or employees any signed, written, recorded and/or oral statement concerning the circumstances of this subject incident, including the names, addresses and telephone numbers of each such person.

29.

Please identify each and every insurance policy, contract or agreement pursuant to which any insurer is or may be liable to cover all or any portion of any judgment against any or all of the Defendants in this lawsuit. For each such policy, provide the name and address of the insurer and the insurance agent through whom the policy was obtained, the policy number, the claim number associated with this lawsuit, the total limits of liability coverage, and state whether any insurer has notified any Defendant that it has reserved any alleged right to deny coverage.

30.

If as a result of the language of any applicable policy of insurance, the limits of liability coverage are diminished as a result of the payment of claims, or the payment of costs related to the defense of legal action(s) against the insured, or if the limits of liability coverage have changed or are diminished for any reason, please state so, and provide the following information:

a) Please state the present, total dollar amount of liability insurance coverage available for payment of any judgment obtained against the Defendant in the present action,

b) If the amount of available liability coverage has diminished, please state the exact amount of the diminution, the date of the diminution, and the reason for the diminution.

c) Please update your response to this interrogatory seasonably upon changes in the available policy limits.

9

31.

While not conceding liability or culpability, do you contend that any person, including but not limited to Mr. Ricky Stone, or entity other than Defendant Kroger is, or may be, liable, in whole or in part, for the claims asserted against Defendant Kroger in this lawsuit? If so, please state the full name and address of each such person or entity, the legal basis for your contention, the facts or evidence upon which your contention is based, and whether or not you have notified each such person and/or entity of your contention.

32.

If applicable, please identify all intervening and/or superseding causes which the Defendant asserts occurred that could serve as the basis for a dismissal of Plaintiffs' Complaint and/or apportionment of damages.

33.

Please state the name of the insurance agent or other person or entity from whom you purchased any policy of liability and/or indemnity insurance that may provide coverage to you as a result of the subject collision.   Please state the address and telephone number of same.

34.

For everyone who created a record, report, diary, memorandum, correspondence or any other document of any type which explains, documents, notes, memorializes, describes or is any other way related to the incident in question, please state the name, address and title of the person who produced the document; the date and type of document produced; identify who presently has possession of the document; and the reason the document or item was produced.

35.

If you or anyone acting on your behalf know of any objects, photographs, films, videotapes, diagrams, recordings, reproductions, or models depicting any place, object, or individual related in any way to the incident or Mr. Ricky Stone's treatment and injuries, please state/identify:

    (a)  The places, objects, or persons photographed, filmed, recorded, or videotaped;

    (b)  The type and/or medium of item created (i.e., diagram, reproduction, or model);

    (b)  The date the item was created or produced and subject matter,

    (e)  The name, address, and telephone number of the individual who created each item,

    (f)  The name, address, and telephone number of each person who has each item,

    (g)  The reason each such item was produced.

36.

Pursuant to the provisions of O.C.G.A. § 9-11-26(b)(4)(A)(i), Defendant is requested to identify each person whom defendant expects to call as an expert witness at trial, state the subject matter on which such expert is expected to testify, and state the substance of the facts and opinions to which the expert is expected to testify and the summary of the grounds of each opinion.

37.

If there is any document of any type that you have not produced in response to Plaintiff's request for production on the grounds that such document constitutes work product and/or privileged information as defined under O.C.G.A. § 9-11-26(b)?  If so, please provide a privilege log or a document compliant with Superior Court Rule 5.5 in which you list each such document by title or brief description so as to facilitate the Court's in camera inspection.

38.

State the date on which you retained counsel to defendant you in the instant litigation.

11

39.

Describe all remedial actions taken after the incident at issue in this action and, for each

such remedial action, identify who performed the remedial action and when it was performed.

40.

Do you contend that service, service of process, venue, and/or jurisdiction is improper in this

matter? If so, please state the basis for such contention(s).

This 11th day of February, 2022.

Respectfully submitted,
**PRIETO, MARIGLIANO, HOLBERT**
**& PRIETO, LLC**

/s/ Daniel J. Prieto
Daniel J. Prieto
Georgia Bar No.: 118510
Jonathan Marigliano
Georgia Bar No.: 470628
William Holbert
Georgia Bar No.: 360088
*Attorneys for Plaintiffs*

1555 Mount Vernon Road
Atlanta, Georgia 30338
P: 404-856-0040 • F: 404-856-0066
dprieto@pmhplaw.com
jmarigliano@pmhplaw.com
wholbert@pmhplaw.com

PLAINTIFF'S
EXHIBIT
- A -



**IN THE STATE COURT OF GWINNETT COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| Laurel Stone, Individually, and<br>Laurel Stone as Administrator of the<br>Estate of Ricky Stone (Deceased)<br><br>    Plaintiffs,<br>vs.<br><br>The Kroger Co.; Liquid Environmental<br>Solutions of Georgia, LLC; Valley Proteins,<br>Inc.; John Doe 1-10; and Doe Company 1-5,<br><br>    Defendants. | )<br>)<br>)<br>) CIVIL ACTION<br>) FILE NO.: _____<br>)<br>)<br>)<br>)<br>)<br>) |

**CERTIFICATE OF SERVICE**

I hereby certify that I have this day served a copy of ***PLAINTIFF LAUREL STONE'S, INDIVIDUALLY, FIRST CONTINUING INTERROGATORIES TO DEFENDANT THE KROGER CO.*** upon all parties to this matter by serving the same with service of the complaint for damages.

This <u>11th</u> day of February, 2022.

          **PRIETO, MARIGLIANO, HOLBERT**
          **& PRIETO, LLC**

          <u>/s/ Daniel J. Prieto</u>
          Daniel J. Prieto
          Georgia Bar No.: 118510
          *Attorneys for Plaintiffs*

1555 Mount Vernon Road
Atlanta, Georgia 30338
P: 404-856-0040 • F: 404-856-0066
dprieto@pmhplaw.com

E-FILED IN OFFICE - RJ
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**22-C-00889-S4**
**2/11/2022 1:16 PM**
TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

Laurel Stone, Individually, and                     )
Laurel Stone as Administrator of the                )
Estate of Ricky Stone (Deceased)                    )
                                               )   CIVIL ACTION        22-C-00889-S4
        Plaintiffs,                          )   FILE NO.: _____
vs.                                                 )
                                                 )
The Kroger Co.; Liquid Environmental               )
Solutions of Georgia, LLC; Valley Proteins,        )
Inc.; John Doe 1-10; and Doe Company 1-5,          )
                                                 )
        Defendants.                          )

### PLAINTIFF LAUREL STONE'S, INDIVIDUALLY, FIRST CONTINUING
### INTERROGATORIES TO DEFENDANT LIQUID ENVIRONMENTAL
### SOLUTIONS OF GEORGIA, LLC

COMES NOW Laurel Stone, Individually, Plaintiff in the above-captioned case (hereinafter "Plaintiff"), and pursuant to the provisions of O.C.G.A. § 9-11-33 serves upon Defendant Liquid Environmental Solutions of Georgia, LLC (hereinafter "Defendant" or "LES") the following Interrogatories, and requires Defendant LES to answer said Interrogatories separately and fully, in writing and within forty-five (45) days after service of said Interrogatories upon Defendant, as provided by law.

These Interrogatories shall be deemed continuing so as to require supplemental answers if you or your attorneys, or anyone on your behalf, obtain further information between the time answers are served and the time of trial.

In answering the following Interrogatories, you are requested to give full and complete answers.

**NOTE**: In this matter, the term "grease" whenever used herein shall be interpreted to also include cooking oil.

1

1.

If you have not been sued under your correct name and/or contend that service was not proper, please state your full correct name and explain why you contend service was not proper.

2.

What is the name and address of the person(s) answering the Plaintiff's discovery requests on behalf of Defendant LES and that person's official position or relationship with Defendant LES? (**NOTE**: This interrogatory covers all discovery request to this Defendant and not merely the instant interrogatories.)

3.

Please provide the names, addresses, of all current owners, regardless of percentage of ownership and regardless of whether the owner(s) is an individual(s) and/or a business entity(ies), of Defendant LES.

4.

Please provide the names, addresses, of who the owners, regardless of percentage of ownership and regardless of whether the owner(s) is an individual(s) and/or a business entity(ies), were of Defendant LES as of August 25, 2020.

5.

Please state what the business of Defendant LES was in August, 2020, particularly what services and/or goods did it provide to its clients and/or customers?

6.

Please provide an understanding as to the nature of any business relationship Defendant LES had, as of August 25, 2020, with (1) Valley Proteins, Inc.; (2) The Kroger Co. and/or the Kroger supermarket located at 461 South Columbia Avenue, Rincon, GA 31326; and (3) KL Breeden & Sons. If the current business relationship(s) is different with any of those entities

currently than it was on August 25, 2020, please state how the relationship(s) is different, when the relationship(s) became different and why the relationship(s) became different.

7.

In August, 2020, did Defendant LES have a business relationship with the supermarket known as Kroger, located at 461 South Columbia Avenue, Rincon, GA 31326? If so, what the nature of the relationship, when did the relationship begin and end, and are there any documents, including but not limited to contracts, rental agreements, etc., that evidence the terms of such relationship?

8.

Please state what goods and/or services Defendant LES provided to the supermarket known as Kroger, located at 461 South Columbia Avenue, Rincon, GA 31326 and on what dates such goods and services were provided to the subject Kroger supermarket from April 1 through August 31, 2020.

9.

Attached as Exhibit "A" to these Interrogatories is a picture of a landing, door and grease receptacle located behind the Kroger restaurant, located at 461 South Columbia Avenue, Rincon, GA 31326. Please state what word(s) or phrase(s) Defendant LES uses to identify this grease receptacle. Please also state the size, dimensions, age and material that makes up said grease receptacle.

10.

Please identify, by name, phone number and address, (1) who owned the grease receptacle pictured in Exhibit "A" to these Interrogatories, (2) who was charged with the day-to-day maintenance and/or servicing of said grease receptacle and (3) who was responsible for emptying and/or disposing of the contents of said grease receptacle as of August 25, 2020.

3

11.

If, on August 25, 2020, the grease receptacle pictured in Exhibit "A" to these Interrogatories was leased and/or rented to the Kroger supermarket located at 461 South Columbia Avenue, Rincon, GA 31326 by Defendant LES, please identify the terms of such lease and/or rental (including but not limited to dates, price, responsibilities of all parties, etc.), and what document(s) detail such lease and/or rental.

12.

Please state how often Defendant LES would have a representative, agent and/or employee travel to the Kroger supermarket located at 461 South Columbia Avenue, Rincon, GA 31326 from March through August 31, 2020 and please state for what purpose(s) the LES representative, agent and/or employee was traveling to said Kroger.

13.

Please identify by name, title, and last known phone number, email address and home address those individuals who worked with or for Defendant LES in 2020 who had some responsibility to provide goods and/or services to the Kroger supermarket located at 461 South Columbia Avenue, Rincon, GA 31326. For each such individual(s), please state whether such individual(s) is still employed by Defendant LES and what his/her responsibilities and/or duties were with Defendant LES as it related to the subject Kroger supermarket.

14.

Please state whether Defendant LES every learned or became aware that the grease receptacle pictured in Exhibit "A" to these Interrogatories contained any defect which allowed grease and/or any other substance to leak from the grease receptacle at any time in 2020. If your answer is in the affirmative, please state the following: (1) when Defendant LES first became aware of said defect(s),

4

(2) the name and title of the individual(s) at Defendant LES who became aware of said defect(s); (3) how Defendant LES became aware of said defect(s); (4) the location and size of the defect(s), (4) what steps, if any, were taken to address said defect prior to the afternoon of August 25, 2020; and (5) whether any documentation details said defect(s) and/or the date LES first learned of such defect(s).

15.

Please state whether Defendant LES ever performed any maintenance, repairs, emptying, cleaning and/or serviced any grease traps, grease receptacles, interceptors, and/or any equipment at the Kroger supermarket located at 461 South Columbia Avenue, Rincon, GA 31326 in 2020. For each such episode of maintenance, repair and/or servicing, please state the date of the same, what work/services were performed, what equipment or products were serviced, repaired and/or maintained and whether there is any documentation detailing the same.

16.

When was the last time any representative, employee and/or agent of Defendant LES emptied, serviced, repaired, maintained or in any manner was in close proximity to the grease receptacle pictured in Exhibit "A" to these Interrogatories prior to and including August 25, 2020? Please state the name of the individual(s) who was present, the date such individual(s) was at the Kroger supermarket, what actions said individual took related to the grease receptacle pictured in Exhibit "A" and whether there is any documentation detailing the same.

17.

When was the last time any representative, employee and/or agent of Defendant LES was physically at the Kroger supermarket, located at 461 South Columbia Avenue, Rincon, GA 31326, prior to and including August 25, 2020? Please state the name of the individual(s) who was present,

the date such individual(s) was at the Kroger supermarket, the purpose for being at the Kroger supermarket, and whether there is any documentation detailing the same.

18.

Please state the name, address, telephone number, and place of employment of each person, to your knowledge, information, and/or belief, who, from August 1 through August 25, 2020 played any role in the filling, emptying, inspection, maintenance, servicing, cleaning, and/or repairing of the grease receptacle shown in Exhibit "A" to these Interrogatories. For each such individual, please state what that person(s) role was with the grease receptacle.

19.

Was any person working for and/or on behalf of Defendant LES an eye witness to Mr. Stone's fall on the afternoon of August 25, 2020 at the subject Kroger supermarket or in the vicinity of such fall at any point in time on August 25, 2020? For each such person, please their name, role with Defendant LES and provide a description of their respective role(s) in responding to or witnessing Mr. Stone's fall and/or the aftermath of his fall on August 25, 2020.

20.

Please identify by name, position/title, and last known addresses of the person(s) who undertook any investigation as to how Mr. Ricky Stone fell and/or suffered an injury at the subject Kroger supermarket on August 25, 2020, when such investigation was took place, and whether any documentation was generated as a result of such an investigation.

21.

Identify all policies and/or procedures, if any, that Defendant LES had in August, 2020 that covered or otherwise regarded (1) preservation of evidence upon the report of a customer injury; (2) cleaning of spills; (3) marking of hazardous areas and spill; (4) reports of injuries of customers; (5) maintenance, inspection, servicing, emptying and/or cleaning of grease traps, receptacles and/or

6

interceptors, by the name of the policy, who currently has custody, control and/or possession of such policy, and what the policy and/or procedure stated.

22.

Please identify any and all claims that any individual has made against Defendant LES in the last five years as a result of a person suffering injuries. For each such claim, please state the name of the claimant, the claimant's home address, email address and phone number, the allegations made by the claimant, the date the claim was made, and what was the disposition of the claim.

23.

Please identify any and all lawsuits that any individual has made against Defendant LES in the last five years as a result of a person suffering injuries. For each such lawsuit, please state the name of the Plaintiff, the Plaintiff's home address, email address and phone number, the allegations made by the Plaintiff, the date the lawsuit was filed, where the lawsuit was filed and what was the disposition of the lawsuit.

24.

Please identify each and every person who has given you and/or your agents, servants and/or employees any signed, written, recorded and/or oral statement concerning the circumstances of this subject incident, including the names, addresses and telephone numbers of each such person.

25.

Please identify each and every insurance policy, contract or agreement pursuant to which any insurer is or may be liable to cover all or any portion of any judgment against any or all of the Defendants in this lawsuit.  For each such policy, provide the name and address of the insurer and the insurance agent through whom the policy was obtained, the policy number, the claim number associated with this lawsuit, the total limits of liability coverage, and state whether any insurer has notified any Defendant that it has reserved any alleged right to deny coverage.

7

26.

If as a result of the language of any applicable policy of insurance, the limits of liability coverage are diminished as a result of the payment of claims, or the payment of costs related to the defense of legal action(s) against the insured, or if the limits of liability coverage have changed or are diminished for any reason, please state so, and provide the following information:

a)  Please state the present, total dollar amount of liability insurance coverage available for payment of any judgment obtained against the Defendant in the present action,

b)  If the amount of available liability coverage has diminished, please state the exact amount of the diminution, the date of the diminution, and the reason for the diminution.

c)  Please update your response to this interrogatory seasonably upon changes in the available policy limits.

27.

While not conceding liability or culpability, do you contend that any person, including but not limited to Mr. Ricky Stone, or entity other than Defendant LES is, or may be, liable, in whole or in part, for the claims asserted against Defendant LES in this lawsuit? If so, please state the full name and address of each such person or entity, the legal basis for your contention, the facts or evidence upon which your contention is based, and whether or not you have notified each such person and/or entity of your contention.

28.

If applicable, please identify all intervening and/or superseding causes which the Defendant asserts occurred that could serve as the basis for a dismissal of Plaintiffs' Complaint and/or apportionment of damages.

8

29.

Please state the name of the insurance agent or other person or entity from whom you purchased any policy of liability and/or indemnity insurance that may provide coverage to you as a result of the subject collision.   Please state the address and telephone number of same.

30.

For everyone who created a record, report, diary, memorandum, correspondence or any other document of any type which explains, documents, notes, memorializes, describes or is any other way related to the incident in question, please state the name, address and title of the person who produced the document; the date and type of document produced; identify who presently has possession of the document; and the reason the document or item was produced.

31.

If you or anyone acting on your behalf know of any objects, photographs, films, videotapes, diagrams, recordings, reproductions, or models depicting any place, object, or individual related in any way to the incident or Mr. Ricky Stone's treatment and injuries, please state/identify:

(a) The places, objects, or persons photographed, filmed, recorded, or videotaped;

(b) The type and/or medium of item created (i.e., diagram, reproduction, or model);

(b) The date the item was created or produced and subject matter,

(e) The name, address, and telephone number of the individual who created each item,

(f) The name, address, and telephone number of each person who has each item,

(g) The reason each such item was produced.

32.

Pursuant to the provisions of O.C.G.A. § 9-11-26(b)(4)(A)(i), Defendant is requested to identify each person whom defendant expects to call as an expert witness at trial, state the subject

matter on which such expert is expected to testify, and state the substance of the facts and opinions to which the expert is expected to testify and the summary of the grounds of each opinion.

33.

If there is any document of any type that you have not produced in response to Plaintiff's request for production on the grounds that such document constitutes work product and/or privileged information as defined under O.C.G.A. § 9-11-26(b)?  If so, please provide a privilege log or a document compliant with Superior Court Rule 5.5 in which you list each such document by title or brief description so as to facilitate the Court's in camera inspection.

34.

State the date on which you retained counsel to defendant you in the instant litigation.

35.

Do you contend that service, service of process, venue, and/or jurisdiction is improper in this matter? If so, please state the basis for such contention(s).

This 11th day of February, 2022.

<div style="margin-left:40%">

Respectfully submitted,
**PRIETO, MARIGLIANO, HOLBERT & PRIETO, LLC**

/s/ Daniel J. Prieto
Daniel J. Prieto
Georgia Bar No.: 118510
Jonathan Marigliano
Georgia Bar No.: 470628
William Holbert
Georgia Bar No.: 360088
*Attorneys for Plaintiffs*

</div>

1555 Mount Vernon Road
Atlanta, Georgia 30338
P: 404-856-0040 • F: 404-856-0066
dprieto@pmhplaw.com
jmarigliano@pmhplaw.com
wholbert@pmhplaw.com



PLAINTIFF'S
EXHIBIT
- A -

**IN THE STATE COURT OF GWINNETT COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| Laurel Stone, Individually, and<br>Laurel Stone as Administrator of the<br>Estate of Ricky Stone (Deceased)<br><br>    Plaintiffs,<br>vs.<br><br>The Kroger Co.; Liquid Environmental<br>Solutions of Georgia, LLC; Valley Proteins,<br>Inc.; John Doe 1-10; and Doe Company 1-5,<br><br>    Defendants. | )<br>)<br>)<br>) CIVIL ACTION<br>) FILE NO.: _____<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**CERTIFICATE OF SERVICE**

I hereby certify that I have this day served a copy of ***PLAINTIFF LAUREL STONE'S,***

***INDIVIDUALLY, FIRST CONTINUING INTERROGATORIES TO DEFENDANT LIQUID***

***ENVIRONMENTAL SOLUTIONS OF GEORGIA, LLC*** upon all parties to this matter by

serving the same with service of the complaint for damages.

This 11th day of February, 2022.

           **PRIETO, MARIGLIANO, HOLBERT**
           **& PRIETO, LLC**

           /s/ Daniel J. Prieto_____
           Daniel J. Prieto
           Georgia Bar No.: 118510
           *Attorneys for Plaintiffs*

1555 Mount Vernon Road
Atlanta, Georgia 30338
P: 404-856-0040 • F: 404-856-0066
dprieto@pmhplaw.com

E-FILED IN OFFICE - RJ
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**22-C-00889-S4**
**2/11/2022 1:16 PM**
TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| Laurel Stone, Individually, and<br>Laurel Stone as Administrator of the<br>Estate of Ricky Stone (Deceased)<br><br>          Plaintiffs,<br>vs.<br><br>The Kroger Co.; Liquid Environmental<br>Solutions of Georgia, LLC; Valley Proteins,<br>Inc.; John Doe 1-10; and Doe Company 1-5,<br><br>          Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br><br>CIVIL ACTION   22-C-00889-S4<br>FILE NO.: _____ |

### PLAINTIFF LAUREL STONE'S, INDIVIDUALLY, FIRST CONTINUING INTERROGATORIES TO DEFENDANT VALLEY PROTEINS, INC.

COMES NOW Laurel Stone, Individually, Plaintiff in the above-captioned case (hereinafter "Plaintiff"), and pursuant to the provisions of O.C.G.A. § 9-11-33 serves upon Defendant Valley Proteins, Inc. (hereinafter "Defendant" or "Valley Proteins") the following Interrogatories, and requires Defendant Valley Proteins to answer said Interrogatories separately and fully, in writing and within forty-five (45) days after service of said Interrogatories upon Defendant, as provided by law.

These Interrogatories shall be deemed continuing so as to require supplemental answers if you or your attorneys, or anyone on your behalf, obtain further information between the time answers are served and the time of trial.

In answering the following Interrogatories, you are requested to give full and complete answers.

<u>**NOTE**</u>: In this matter, the term "grease" whenever used herein shall be interpreted to also include cooking oil.

1

1.

If you have not been sued under your correct name and/or contend that service was not proper, please state your full correct name and explain why you contend service was not proper.

2.

What is the name and address of the person(s) answering the Plaintiff's discovery requests on behalf of Defendant Valley Proteins and that person's official position or relationship with Defendant LES?  (**NOTE**:  This interrogatory covers all discovery request to this Defendant and not merely the instant interrogatories.)

3.

Please provide the names, addresses, of all current owners, regardless of percentage of ownership and regardless of whether the owner(s) is an individual(s) and/or a business entity(ies), of Defendant Valley Proteins.

4.

Please provide the names, addresses, of who the owners, regardless of percentage of ownership and regardless of whether the owner(s) is an individual(s) and/or a business entity(ies), were of Defendant Valley Proteins as of August 25, 2020.

5.

Please state what the business of Defendant Valley Proteins was in August, 2020, particularly what services and/or goods did it provide to its clients and/or customers?

6.

Please provide an understanding as to the nature of any business relationship Defendant Valley Proteins had, as of August 25, 2020, with (1) Liquid Environmental Solutions of Georgia, LLC; (2) The Kroger Company and/or the Kroger supermarket located at 461 South Columbia Avenue, Rincon, GA 31326; and (3) KL Breeden & Sons.  If the current business relationship(s) is different with any of those entities currently than it was on August 25, 2020, please state how

2

the relationship(s) is different, when the relationship(s) became different and why the relationship(s) became different.

7.

In August, 2020, did Defendant Valley Proteins have a business relationship with the supermarket known as Kroger, located at 461 South Columbia Avenue, Rincon, GA 31326? If so, what the nature of the relationship, when did the relationship begin and end, and are there any documents, including but not limited to contracts, rental agreements, etc., that evidence the terms of such relationship?

8.

Please state what goods and/or services Defendant Valley Proteins provided to the supermarket known as Kroger, located at 461 South Columbia Avenue, Rincon, GA 31326 and on what dates such goods and services were provided to the subject Kroger supermarket from April 1 through August 31, 2020.

9.

Attached as Exhibit "A" to these Interrogatories is a picture of a landing, door and grease receptacle located behind the Kroger restaurant, located at 461 South Columbia Avenue, Rincon, GA 31326. Please state what word(s) or phrase(s) Defendant Valley Proteins uses to identify this grease receptacle. Please also state the size, dimensions, age and material that makes up said grease receptacle.

10.

Please identify, by name, phone number and address, (1) who owned the grease receptacle pictured in Exhibit "A" to these Interrogatories, (2) who was charged with the day-to-day maintenance

and/or servicing of said grease receptacle and (3) who was responsible for emptying and/or disposing of the contents of said grease receptacle as of August 25, 2020.

11.

If, on August 25, 2020, the grease receptacle pictured in Exhibit "A" to these Interrogatories was leased and/or rented to the Kroger supermarket located at 461 South Columbia Avenue, Rincon, GA 31326 by Defendant Valley Proteins, please identify the terms of such lease and/or rental (including but not limited to dates, price, responsibilities of all parties, etc.), and what document(s) detail such lease and/or rental.

12.

Please state how often Defendant Valley Proteins would have a representative, agent and/or employee travel to the Kroger supermarket located at 461 South Columbia Avenue, Rincon, GA 31326 from March through August 31, 2020 and please state for what purpose(s) the Valley Proteins representative, agent and/or employee was traveling to said Kroger.

13.

Please identify by name, title, and last known phone number, email address and home address those individuals who worked with or for Defendant Valley Proteins in 2020 who had some responsibility to provide goods and/or services to the Kroger supermarket located at 461 South Columbia Avenue, Rincon, GA 31326. For each such individual(s), please state whether such individual(s) is still employed by Defendant Valley Proteins and what his/her responsibilities and/or duties were with Defendant Valley Proteins as it related to the subject Kroger supermarket.

14.

Please state whether Defendant Valley Proteins every learned or became aware that the grease receptacle pictured in Exhibit "A" to these Interrogatories contained any defect which allowed grease

4

and/or any other substance to leak from the grease receptacle at any time in 2020. If your answer is in the affirmative, please state the following: (1) when Defendant Valley Proteins first became aware of said defect(s), (2) the name and title of the individual(s) at Defendant Valley Proteins who became aware of said defect(s); (3) how Defendant Valley Proteins became aware of said defect(s); (4) the location and size of the defect(s), (4) what steps, if any, were taken to address said defect prior to the afternoon of August 25, 2020; and (5) whether any documentation details said defect(s) and/or the date Valley Proteins first learned of such defect(s).

15.

Please state whether Defendant Valley Proteins ever performed any maintenance, repairs, emptying, cleaning and/or serviced any grease traps, grease receptacles, interceptors, and/or any equipment at the Kroger supermarket located at 461 South Columbia Avenue, Rincon, GA 31326 in 2020. For each such episode of maintenance, repair and/or servicing, please state the date of the same, what work/services were performed, what equipment or products were serviced, repaired and/or maintained and whether there is any documentation detailing the same.

16.

When was the last time any representative, employee and/or agent of Defendant Valley Proteins emptied, serviced, repaired, maintained or in any manner was in close proximity to the grease receptacle pictured in Exhibit "A" to these Interrogatories prior to and including August 25, 2020? Please state the name of the individual(s) who was present, the date such individual(s) was at the Kroger supermarket, what actions said individual took related to the grease receptacle pictured in Exhibit "A" and whether there is any documentation detailing the same.

17.

When was the last time any representative, employee and/or agent of Defendant Valley Proteins was physically at the Kroger supermarket, located at 461 South Columbia Avenue, Rincon,

GA 31326, prior to and including August 25, 2020? Please state the name of the individual(s) who was present, the date such individual(s) was at the Kroger supermarket, the purpose for being at the Kroger supermarket, and whether there is any documentation detailing the same.

<div align="center">18.</div>

Please state the name, address, telephone number, and place of employment of each person, to your knowledge, information, and/or belief, who, from August 1 through August 25, 2020 played any role in the filling, emptying, inspection, maintenance, servicing, cleaning, and/or repairing of the grease receptacle shown in Exhibit "A" to these Interrogatories. For each such individual, please state what that person(s) role was with the grease receptacle.

<div align="center">19.</div>

Was any person working for and/or on behalf of Defendant Valley Proteins an eye witness to Mr. Stone's fall on the afternoon of August 25, 2020 at the subject Kroger supermarket or in the vicinity of such fall at any point in time on August 25, 2020? For each such person, please their name, role with Defendant Valley Proteins and provide a description of their respective role(s) in responding to or witnessing Mr. Stone's fall and/or the aftermath of his fall on August 25, 2020.

<div align="center">20.</div>

Please identify by name, position/title, and last known addresses of the person(s) who undertook any investigation as to how Mr. Ricky Stone fell and/or suffered an injury at the subject Kroger supermarket on August 25, 2020, when such investigation was took place, and whether any documentation was generated as a result of such an investigation.

<div align="center">21.</div>

Identify all policies and/or procedures, if any, that Defendant Valley Proteins had in August, 2020 that covered or otherwise regarded (1) preservation of evidence upon the report of a customer injury; (2) cleaning of spills; (3) marking of hazardous areas and spill; (4) reports of injuries of

<div align="center">6</div>

customers; (5) maintenance, inspection, servicing, emptying and/or cleaning of grease traps, receptacles and/or interceptors, by the name of the policy, who currently has custody, control and/or possession of such policy, and what the policy and/or procedure stated.

22.

Please identify any and all claims that any individual has made against Defendant Valley Proteins in the last five years as a result of a person suffering injuries. For each such claim, please state the name of the claimant, the claimant's home address, email address and phone number, the allegations made by the claimant, the date the claim was made, and what was the disposition of the claim.

23.

Please identify any and all lawsuits that any individual has made against Defendant Valley Proteins in the last five years as a result of a person suffering injuries. For each such lawsuit, please state the name of the Plaintiff, the Plaintiff's home address, email address and phone number, the allegations made by the Plaintiff, the date the lawsuit was filed, where the lawsuit was filed and what was the disposition of the lawsuit.

24.

Please identify each and every person who has given you and/or your agents, servants and/or employees any signed, written, recorded and/or oral statement concerning the circumstances of this subject incident, including the names, addresses and telephone numbers of each such person.

25.

Please identify each and every insurance policy, contract or agreement pursuant to which any insurer is or may be liable to cover all or any portion of any judgment against any or all of the Defendants in this lawsuit. For each such policy, provide the name and address of the insurer and the insurance agent through whom the policy was obtained, the policy number, the claim number

7

associated with this lawsuit, the total limits of liability coverage, and state whether any insurer has notified any Defendant that it has reserved any alleged right to deny coverage.

26.

If as a result of the language of any applicable policy of insurance, the limits of liability coverage are diminished as a result of the payment of claims, or the payment of costs related to the defense of legal action(s) against the insured, or if the limits of liability coverage have changed or are diminished for any reason, please state so, and provide the following information:

a)  Please state the present, total dollar amount of liability insurance coverage available for payment of any judgment obtained against the Defendant in the present action,

b)  If the amount of available liability coverage has diminished, please state the exact amount of the diminution, the date of the diminution, and the reason for the diminution.

c)  Please update your response to this interrogatory seasonably upon changes in the available policy limits.

27.

While not conceding liability or culpability, do you contend that any person, including but not limited to Mr. Ricky Stone, or entity other than Defendant Valley Proteins is, or may be, liable, in whole or in part, for the claims asserted against Defendant Valley Proteins in this lawsuit? If so, please state the full name and address of each such person or entity, the legal basis for your contention, the facts or evidence upon which your contention is based, and whether or not you have notified each such person and/or entity of your contention.

28.

If applicable, please identify all intervening and/or superseding causes which the Defendant asserts occurred that could serve as the basis for a dismissal of Plaintiffs' Complaint and/or apportionment of damages.

8

29.

Please state the name of the insurance agent or other person or entity from whom you purchased any policy of liability and/or indemnity insurance that may provide coverage to you as a result of the subject collision.   Please state the address and telephone number of same.

30.

For everyone who created a record, report, diary, memorandum, correspondence or any other document of any type which explains, documents, notes, memorializes, describes or is any other way related to the incident in question, please state the name, address and title of the person who produced the document; the date and type of document produced; identify who presently has possession of the document; and the reason the document or item was produced.

31.

If you or anyone acting on your behalf know of any objects, photographs, films, videotapes, diagrams, recordings, reproductions, or models depicting any place, object, or individual related in any way to the incident or Mr. Ricky Stone's treatment and injuries, please state/identify:

  (a)  The places, objects, or persons photographed, filmed, recorded, or videotaped;

  (b)  The type and/or medium of item created (i.e., diagram, reproduction, or model);

  (b)  The date the item was created or produced and subject matter,

  (e)  The name, address, and telephone number of the individual who created each item,

  (f)  The name, address, and telephone number of each person who has each item,

  (g)  The reason each such item was produced.

32.

Pursuant to the provisions of O.C.G.A. § 9-11-26(b)(4)(A)(i), Defendant is requested to identify each person whom defendant expects to call as an expert witness at trial, state the subject

matter on which such expert is expected to testify, and state the substance of the facts and opinions to which the expert is expected to testify and the summary of the grounds of each opinion.

<div align="center">33.</div>

If there is any document of any type that you have not produced in response to Plaintiff's request for production on the grounds that such document constitutes work product and/or privileged information as defined under O.C.G.A. § 9-11-26(b)?  If so, please provide a privilege log or a document compliant with Superior Court Rule 5.5 in which you list each such document by title or brief description so as to facilitate the Court's in camera inspection.

<div align="center">34.</div>

State the date on which you retained counsel to defendant you in the instant litigation.

<div align="center">35.</div>

Do you contend that service, service of process, venue, and/or jurisdiction is improper in this matter? If so, please state the basis for such contention(s).

This <u>11th</u> day of February, 2022.

Respectfully submitted,
**PRIETO, MARIGLIANO, HOLBERT
& PRIETO, LLC**

<u>/s/ Daniel J. Prieto</u>
Daniel J. Prieto
Georgia Bar No.: 118510
Jonathan Marigliano
Georgia Bar No.: 470628
William Holbert
Georgia Bar No.: 360088
*Attorneys for Plaintiffs*

1555 Mount Vernon Road
Atlanta, Georgia 30338
P: 404-856-0040 • F: 404-856-0066
dprieto@pmhplaw.com
jmarigliano@pmhplaw.com
wholbert@pmhplaw.com

<div align="center">10</div>



PLAINTIFF'S
EXHIBIT
- A -

**IN THE STATE COURT OF GWINNETT COUNTY**
**STATE OF GEORGIA**

| | | |
|---|---|---|
| Laurel Stone, Individually, and | ) | |
| Laurel Stone as Administrator of the | ) | |
| Estate of Ricky Stone (Deceased) | ) | |
| | ) | CIVIL ACTION |
| Plaintiffs, | ) | FILE NO.: _____ |
| vs. | ) | |
| | ) | |
| The Kroger Co.; Liquid Environmental | ) | |
| Solutions of Georgia, LLC; Valley Proteins, | ) | |
| Inc.; John Doe 1-10; and Doe Company 1-5, | ) | |
| | ) | |
| Defendants. | ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that I have this day served a copy of ***PLAINTIFF LAUREL STONE'S, INDIVIDUALLY, FIRST CONTINUING INTERROGATORIES TO DEFENDANT VALLEY PROTEINS, INC.*** upon all parties to this matter by serving the same with service of the complaint for damages.

This <u>11th</u> day of February, 2022.

PRIETO, MARIGLIANO, HOLBERT
& PRIETO, LLC

/s/ Daniel J. Prieto_____
Daniel J. Prieto
Georgia Bar No.: 118510
*Attorneys for Plaintiffs*

1555 Mount Vernon Road
Atlanta, Georgia 30338
P: 404-856-0040 • F: 404-856-0066
dprieto@pmhplaw.com

11

E-FILED IN OFFICE - RJ
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**22-C-00889-S4**
**2/11/2022 1:16 PM**
TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

Laurel Stone, Individually, and      )
Laurel Stone as Administrator of the   )
Estate of Ricky Stone (Deceased)     )
                                 )   CIVIL ACTION  22-C-00889-S4
         Plaintiffs,       )   FILE NO.: _____
vs.                          )
                                 )
The Kroger Co.; Liquid Environmental  )
Solutions of Georgia, LLC; Valley Proteins, )
Inc.; John Doe 1-10; and Doe Company 1-5, )
                               )
        Defendants.      )

### PLAINTIFF LAUREL STONE'S, INDIVIDUALLY, FIRST REQUST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT THE KROGER CO.

COMES NOW Laurel Stone, Individually, Plaintiff in the above-styled civil action, and serves this Request for Production of Documents pursuant to O.C.G.A. §§ 9-11-34 and 24-10-26 and herein requires Defendant The Kroger Co. (hereinafter "Defendant Kroger") to comply with these Code sections by producing and permitting the Plaintiff's attorney to inspect and copy each of the following documents and to produce the following at trial within 45 days of service of these requests.

**NOTE A:** Should any document or thing herein requested come into existence or become known to you or your attorney subsequent to your receipt of this request or subsequent to the inspection or other means of producing said documents or things herein below requested, this request shall be deemed to be continuing in nature.

**NOTE B:** As the alternative to producing the documents or other evidence of writing herein below designated at the time, date and place above specified, you may photocopy true, correct and genuine copies of such requested documents or other evidence of writing and attach

1

same to your formal response to the within and foregoing request for Production and serve same upon the undersigned counsel within forty-five (45) day from the date of service of this request.

**NOTE C:**  This request for documents specifically includes all records which are stored on microfiche, or by electronic means including, but not limited to, computer hard drive, hard disc, floppy disc, tape storage, zip drive, memory card, memory stick and all other media of electronic storage which may be used to reduce the information to printable form.

**NOTE D:**  In this matter, the term "grease" whenever used herein shall be interpreted to also include cooking oil.

<h3 style="text-align:center"><u>REQUESTS FOR PRODUCTION</u></h3>

<div style="text-align:center">1.</div>

Please provide all documentation that relates to, concerns, or details who the current owner(s) is/are of the subject supermarket known as Kroger, 461 South Columbia Avenue, Rincon, Effingham County, Georgia, 31326 (hereinafter referred to as "the subject Kroger supermarket"), as inquired into by Plaintiff's Interrogatory No. 3.

<div style="text-align:center">2.</div>

Please provide all documentation that relates to, concerns or details who currently plays any role in the management and/or operation of the subject Kroger supermarket as inquired into by Plaintiff's Interrogatory No. 4.

<div style="text-align:center">3.</div>

Please provide all documentation that relates to, concerns, or details who the owner(s) was/were of the subject Kroger supermarket as of August 25, 2020, as inquired into by Plaintiff's Interrogatory No. 5.

<div style="text-align:center">2</div>

4.

Please provide all documentation that relates to, concerns, or details who played any role in the management and/or operation of the subject Kroger supermarket on August 25, 2020, as inquired into by Plaintiff's Interrogatory No. 6.

5.

Please produce any and all schedules, time cards, payroll documentation and any other documentation reflecting what individuals were working at the subject Kroger supermarket at any time from Friday, August 21 through and including the close of business on Tuesday, August 25, 2020 as inquired into by Plaintiff's Interrogatory No. 7.

6.

Please produce the personnel file for all department heads and store managers who were employed and/or worked at the subject Kroger supermarket in August, 2020.

7.

Please produce, or allow for inspection, the actual grease receptacle and/or grease trap that is shown in Exhibit "A" to Plaintiff's First Continuing Interrogatories.

8.

Please produce any and all documents related to or concerning any investigation identified in your Response to Plaintiff's Interrogatory No. 12, including but not limited to any and all witness statements.

9.

Please produce any and all documentation that demonstrates, as of August 25, 2020 who owned the grease receptacle pictured in Exhibit "A" to Plaintiff's Interrogatories as inquired into by Plaintiff's Interrogatory No. 14.

3

10.

Please produce any and all documentation that demonstrates, as of August 25, 2020, who was charged with the day-to-day maintenance and/or servicing of the grease receptacle pictured in Exhibit "A" to Plaintiff's Interrogatories as inquired into by Plaintiff's Interrogatory No. 14.

11.

Please produce any and all documentation that demonstrates, as of August 25, 2020, who was responsible for emptying and/or disposing of the contents of the grease receptacle pictured in Exhibit "A" to Plaintiff's Interrogatories as inquired into by Plaintiff's Interrogatory No. 14.

12.

If, on August 25, 2020, the grease receptacle pictured in Exhibit "A" to Plaintiff's Interrogatories was leased to or rented by Defendant Kroger and/or the subject Kroger supermarket, please produce any and all documentation that demonstrates the terms of said lease and/or rental and all parties to such agreement(s) as inquired into by Plaintiff's Interrogatory No. 15.

13.

Please produce any and all documentation responsive to your reply to Plaintiff's Interrogatory No. 16 which concerns if and when Defendant became aware of any defect to the grease receptacle pictured in Exhibit "A" to Plaintiff's First Interrogatories.

14.

Please produce any and all documentation that demonstrates any maintenance, repairs, cleaning, emptying, exchanges and/or any inspections done on the grease receptacle pictured in Exhibit "A" to Plaintiff's Interrogatories for the six-month time period immediately prior to August 25, 2020.

15.

Please produce any and all documentation that demonstrates what has happened to the grease receptacle pictured in Exhibit "A" to Plaintiff's Interrogatories since August 25, 2020 and to the present.

4

16.

Please produce any and all documentation that mentions, concerns, relates to, mentions or in any way relates to the grease receptacle pictured in Exhibit "A" to Plaintiff's Interrogatories. Such documentation would include any and all work invoices, emptying of contents, repairs, exchanges, and emails and memos discussing leaks and defects of said grease receptacle both before and after Mr. Ricky Stone's fall on August 25, 2020.

17.

Please produce any and all documentation that shows any inspections of the outside of the subject Kroger supermarket premises, including the rear of the store where Mr. Ricky Stone fell on August 25, 2020, for the seven-day period leading up to and including August 25, 2020.

18.

Please produce any and all documentation responsive to Plaintiff's Interrogatory No. 17 which inquires into inspections conducted in the area of where Mr. Stone fell.

19.

Please produce any and all documentation responsive to Plaintiff's Interrogatory No. 18.

20.

Please produce any and all documentation that shows, demonstrates, identifies and/or relates to what companies and/or individuals that delivered goods, received goods or otherwise entered or exited the subject Kroger supermarket via the door pictured in Exhibit "A" to Plaintiff's Interrogatories on August 24 and August 25, 2020, as inquired into by Plaintiff's Interrogatory No. 19.

21.

Please provide all documentation, including but not limited to warranty information, user's manual, operational guide, receipts, etc. concerning what surveillance system the subject Kroger supermarket and/or Defendant Kroger had in place on August 25, 2020 as inquired into by Plaintiff's Interrogatory No. 20.

22.

Please produce all videos, photographs, and/or pictures from August 22 through and including August 25, 2020 that show the area where Mr. Ricky Stone fell on August 25, 2020, as generally shown by Exhibit "A" to Plaintiff's First Interrogatories.

23.

Please produce any and all documentation that provides an understanding as to the nature of any business relationship that Defendant Kroger and/or the subject Kroger supermarket had, as of August 25, 2020, with (1) Valley Proteins, Inc.; (2) Liquid Environmental Solutions (LES); (3) KL Breeden & Sons; and (4) Sedgwick as detailed in Defendant's Response to Interrogatory No. 23.

24.

Please produce any and all documentation that provides an understanding as to the nature of any business relationship that Defendant Kroger and/or the subject Kroger supermarket currently has with (1) Valley Proteins, Inc.; (2) Liquid Environmental Solutions (LES); (3) KL Breeden & Sons; and (4) Sedgwick as detailed in Defendant's Response to Interrogatory No. 23.

25.

Please produce a complete index of all policies and procedures that were in effect at the subject Kroger supermarket as of August 25, 2020.

26.

Please produce any and all policies and procedures that were in effect at the subject Kroger supermarket in August, 2020 that covered or otherwise regarded (1) preservation of evidence upon the report of a customer injury; (2) cleaning of spills; (3) marking of hazardous areas and spill; (4) reports of injuries of customers; (5) surveillance and security; (6) maintenance of surveillance equipment; (7) monitoring of surveillance equipment; (8) retention of surveillance records following the report of an incident captured by said surveillance equipment; (9) the keeping of the premises, including the area shown in Exhibit "A" safe and free of defects as well; (10) customer falls and/or

6

injuries; (11) use, maintenance, inspection, servicing, emptying and/or cleaning of the grease receptacle shown in Exhibit "A" to Plaintiff's Interrogatories as inquired into by Interrogatory No. 24.

27.

Please produce any and all documentation concerning any employee of Defendant that was reprimanded, disciplined and/or fired as a result of Mr. Ricky Stone's fall on August 25, 2020 at the subject Kroger supermarket as detailed in Defendant's Response to Interrogatory No. 25.

28.

Please produce any and all claims that any individual has made against Defendant Kroger and/or the subject Kroger supermarket, located at 461 South Columbia Avenue, Rincon, Effingham County, Georgia, 31326, in the last five years as a result of a person suffering injuries at the subject Kroger supermarket as inquired into by Plaintiff's Interrogatory No. 26.

29.

Please produce the complete Complaint(s) for any and all lawsuits that any individual has made against Defendant Kroger and/or the subject Kroger supermarket, located at 461 South Columbia Avenue, Rincon, Effingham County, Georgia, 31326, in the last five years as a result of a person suffering injuries at the subject Kroger supermarket as inquired into by Plaintiff's Interrogatory No. 27.

30.

Please produce a complete copy of any and all witness statements and/or recordings identified in your responses to Plaintiff's Interrogatory No. 28.

31.

Please produce any and all insurance agreements, contracts, and/or policies under which any person or corporation carrying on an insurance business may be liable to satisfy part or all of any judgment which may be entered in this action or to indemnify or reimburse for payments made

7

to satisfy the judgment, including but not limited to any professional malpractice coverage, E&O coverage, liability coverage, indemnity coverage, umbrella or excess coverage covering Defendants at the time of the subject incidents. This request would concern any policy or coverage identified in your responses to Plaintiff's Interrogatories No. 29 and No. 30.

### 32.

Please produce any and all reports, whether written or otherwise recorded, made by each expert who has been retained or otherwise employed by Defendants and who is anticipated provide expert testimony in this matter.

### 33.

Please produce in their entirety all items used to train employees and non-employees/independent contractors from January 1, 2020 until present (this specifically includes all training aids, documents, videos, and things used in the training of employees and non-employees/independent contractors).

### 34.

Please produce in their entirety all permits that Defendant Kroger had that allowed it to conduct business at the subject Kroger supermarket on August 25, 2020.

### 35.

Please produce the CV, fee schedule and any bills from any expert who has been retained or otherwise employed by Defendants and who is anticipated to provide expert testimony in this matter.

### 36.

Please produce any record, report, diary, memorandum, correspondence or any other document of any type which explains, documents, notes, memorializes, describes or is any other way related to the incident in question as inquired into by Plaintiff's Interrogatory No. 34. If you contend any such information is protected by the work product doctrine or some other privilege, please so state and provide a privilege log of any such documentation related to such incident(s).

8

37.

Please produce any object, photograph, film, videotape, diagram, reproduction or model identified in your response to Plaintiff's Interrogatory No. 35.

38.

Please produce any and all documentation that was provided by Defendant or some person/entity on behalf of Defendant to any local, county, municipal, state and/or federal agency that in any way concerns, references or is in any way related to Mr. Ricky Stone.

39.

Please produce any and all documentation created and or generated by any investigation conducted concerning the circumstances leading to Mr. Ricky Stone's injuries suffered on August 25, 2020.  If such documentation exists but you believe it to be privileged or otherwise non-discoverable, please identify what documentation you are withholding, the reason for such withholding and a description of what the documentation is in conformity with Superior Court Rule 5.5.

40.

Produce any and all incident and/or accident reports created by any you or any person on your behalf which in any way relate to, concerns, mentions or in any way refers to Mr. Ricky Stone.

41.

Please produce in their entirety all items used to train employees and non-employees/independent contractors from January 1, 2020 until present (this specifically includes all training aids, documents, videos, and things used in the training of employees and non-employees/independent contractors).

42.

Please produce a privilege log for any document that you have not produced in response to Plaintiff's request for production on the grounds that such document constitutes work product

9

and/or privileged information as defined under O.C.G.A. § 9-11-26(b) and as questioned in Interrogatory No. 37.

<div align="center">43.</div>

If you contend that the wrong corporate entities have been sued, please provide documentation demonstrating who the correct corporate entity(s) is(are).

<div align="center">44.</div>

Please produce copies of each document that you contend support any defenses alleged in your Answer.

<div align="center">45.</div>

Produce a copy of all responses, documents, and things obtained by the Defendant from nonparties and third parties in response to Defendant's various requests that relate to or concern the plaintiff.

<div align="center">46.</div>

Please produce a copy of all investigatory material generated during the routine course of business conducted by all agents, insurance adjusters, experts, and/or investigators regarding the underlying incident in this action and all other similar incidents occurring at the subject property.

This 11th day of February, 2022.

<div align="right">

Respectfully submitted,
**PRIETO, MARIGLIANO, HOLBERT & PRIETO, LLC**

/s/ Daniel J. Prieto
Daniel J. Prieto
Georgia Bar No.: 118510
Jonathan Marigliano
Georgia Bar No.: 470628
William Holbert
Georgia Bar No.: 360088
*Attorneys for Plaintiffs*

</div>

1555 Mount Vernon Road
Atlanta, Georgia 30338
P: 404-856-0040 • F: 404-856-0066
dprieto@pmhplaw.com
jmarigliano@pmhplaw.com
wholbert@pmhplaw.com

**IN THE STATE COURT OF GWINNETT COUNTY**
**STATE OF GEORGIA**

| | | |
|---|---|---|
| Laurel Stone, Individually, and | ) | |
| Laurel Stone as Administrator of the | ) | |
| Estate of Ricky Stone (Deceased) | ) | |
| | ) | CIVIL ACTION |
| Plaintiffs, | ) | FILE NO.: _____ |
| vs. | ) | |
| | ) | |
| The Kroger Co.; Liquid Environmental | ) | |
| Solutions of Georgia, LLC; Valley Proteins, | ) | |
| Inc.; John Doe 1-10; and Doe Company 1-5, | ) | |
| | ) | |
| Defendants. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of ***PLAINTIFF LAUREL STONE'S,***

***INDIVIDUALLY, FIRST REQUST FOR PRODUCTION OF DOCUMENTS TO***

***DEFENDANT THE KROGER CO.*** upon all parties to this matter by serving the same with

service of the complaint for damages.

This 11th day of February, 2022.

PRIETO, MARIGLIANO, HOLBERT
& PRIETO, LLC

/s/ Daniel J. Prieto
Daniel J. Prieto
Georgia Bar No.: 118510
*Attorneys for Plaintiffs*

1555 Mount Vernon Road
Atlanta, Georgia 30338
P: 404-856-0040 • F: 404-856-0066
dprieto@pmhplaw.com

11

E-FILED IN OFFICE - RJ
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**22-C-00889-S4**
**2/11/2022 1:16 PM**
TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| Laurel Stone, Individually, and | ) |
| Laurel Stone as Administrator of the | ) |
| Estate of Ricky Stone (Deceased) | ) |
| | ) CIVIL ACTION 22-C-00889-S4 |
| Plaintiffs, | ) FILE NO.: _____ |
| vs. | ) |
| | ) |
| The Kroger Co.; Liquid Environmental | ) |
| Solutions of Georgia, LLC; Valley Proteins, | ) |
| Inc.; John Doe 1-10; and Doe Company 1-5, | ) |
| | ) |
| Defendants. | ) |

## PLAINTIFF LAUREL STONE'S, INDIVIDUALLY, FIRST REQUST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT LIQUID ENVIRONMENTAL SOLUTIONS OF GEORGIA, LLC

COMES NOW Laurel Stone, Individually, Plaintiff in the above-styled civil action, and serves this Request for Production of Documents pursuant to O.C.G.A. §§ 9-11-34 and 24-10-26 and herein requires Defendant Liquid Environmental Solutions of Georgia, LLC (hereinafter "Defendant" or "LES") to comply with these Code sections by producing and permitting the Plaintiff's attorney to inspect and copy each of the following documents and to produce the following at trial within 45 days of service of these requests.

**NOTE A:** Should any document or thing herein requested come into existence or become known to you or your attorney subsequent to your receipt of this request or subsequent to the inspection or other means of producing said documents or things herein below requested, this request shall be deemed to be continuing in nature.

**NOTE B:** As the alternative to producing the documents or other evidence of writing herein below designated at the time, date and place above specified, you may photocopy true, correct and genuine copies of such requested documents or other evidence of writing and attach

1

same to your formal response to the within and foregoing request for Production and serve same upon the undersigned counsel within forty-five (45) day from the date of service of this request.

**NOTE C:** This request for documents specifically includes all records which are stored on microfiche, or by electronic means including, but not limited to, computer hard drive, hard disc, floppy disc, tape storage, zip drive, memory card, memory stick and all other media of electronic storage which may be used to reduce the information to printable form.

**NOTE D:** In this matter, the term "grease" whenever used herein shall be interpreted to also include cooking oil.

## <u>REQUESTS FOR PRODUCTION</u>

1.

Please provide all documentation that relates to, concerns, or details who the current owner(s) is/are of Defendant LES as inquired into by Plaintiff's Interrogatory No. 3.

2.

Please provide all documentation that relates to, concerns, or details who the owner(s) was/were of Defendant LES as of August 25, 2020, as inquired into by Plaintiff's Interrogatory No. 4.

3.

Please produce any and all documentation that provides an understanding as to the nature of any business relationship that LES had, as of August 25, 2020, with (1) Valley Proteins, Inc.; (2) The Kroger Company and/or the Kroger supermarket located at 461 South Columbia Avenue, Rincon, GA 31326; and (3) KL Breeden & Sons as detailed in Defendant's Response to Interrogatory No. 6.

4.

Please provide any and all documentation that reflects, relates to and/or mentions any relationship Defendant LES had in August, 2020 with the supermarket known as Kroger, located at 461 South Columbia Avenue, Rincon, GA 31326 as inquired into by Plaintiff's Interrogatory No. 7 to Defendant.

5.

Please provide any and all documentation that reflects, relates to and/or mentions what goods and/or services Defendant LES provided to the supermarket known as Kroger, located at 461 South Columbia Avenue, Rincon, GA 31326 and on what dates such goods and services were provided to the subject Kroger supermarket from April 1 through August 31, 2020 as inquired into by Plaintiff's Interrogatory No. 8 to Defendant.

6.

Please provide any and all documentation that reflects, relates to and/or mentions what who owned the grease receptacle pictured in Exhibit "A" to Plaintiff's First Interrogatories, who was charged with the day-to-day maintenance and/or servicing of said grease receptacle, and who was responsible for emptying and/or disposing of the contents of said grease receptacle as of August 25, 2020 as inquired into by Plaintiff's Interrogatory No. 10 to Defendant.

7.

Please provide any and all documentation that reflects, relates to and/or mentions any ownership interest and/or rental and/or leasing agreement concerning the grease receptacle/trap pictured in Exhibit "A" to Plaintiff's First Interrogatories as of August 25, 2020 and as inquired into by Plaintiff's Interrogatory No. 11 to Defendant.

3

8.

Please provide any and all documentation in the possession, control and/or custody of Defendant LES that reflects, relates to and/or mentions any report that the grease receptacle and/or trap pictured in in Exhibit "A" to Plaintiff's First Interrogatories was defective, leaking or in any way had a flaw/defect at any time in 2020 as inquired into by Plaintiff's Interrogatory No. 14 to Defendant.

9.

Please provide any and all documentation that reflects, relates to and/or mentions any maintenance, repairs, emptying, cleaning and/or servicing by any employee, agent and/or representative of Defendant LES of any grease traps, grease receptacles, interceptors, and/or any equipment at the Kroger supermarket located at 461 South Columbia Avenue, Rincon, GA 31326 in 2020 as inquired into by Plaintiff's Interrogatory No. 15 to Defendant.

10.

Please provide any and all documentation that reflects, relates to and/or mentions any maintenance, repairs, emptying, cleaning and/or servicing by any employee, agent and/or representative of Defendant LES of the specific grease receptacle/trap shown in Exhibit "A" to Plaintiff's First Interrogatories to Defendant at any time in 2020.

11.

Please produce any and all schedules, time cards, payroll documentation and any other documentation reflecting what individuals who worked for and/or on behalf of Defendant LES were on the premises of the subject Kroger supermarket located at 461 South Columbia Avenue, Rincon, GA 31326 from April 1 through August 31, 2020.

4

12.

Please produce any and all documentation that reflects when the last time, immediately prior to August 25, 2020, any representative, employee and/or agent of Defendant LES emptied, serviced, repaired, maintained or in any manner was in close proximity to the grease receptacle pictured in Exhibit "A" to Plaintiff's First Interrogatories to Defendant as inquired into by Interrogatory No. 16.

13.

Please produce any and all documentation that reflects when any representative, employee and/or agent of Defendant LES was physically at the Kroger supermarket, located at 461 South Columbia Avenue, Rincon, GA 31326, prior to and including August 25, 2020 as inquired into by Interrogatory No. 17.

14.

Please produce any and all documentation not already requested that in any way mentions, relates to and/or references the subject grease receptacle shown in Exhibit "A" to Plaintiff's First Interrogatories to Defendant. Such request includes, but is not limited to lease agreements, purchase agreements, maintenance records, cleaning records, service records, repair records, emptying records, drop off and pick up dates, emails and other communication from the subject Kroger supermarket concerning such receptacle, etc. This Request, as do all others, includes not only paper documentation but text messages, emails, "sticky notes," and all other communications and/or records regardless of the format.

15.

Please produce, or allow for inspection, the actual grease receptacle that is shown in Exhibit "A" to Plaintiff's First Continuing Interrogatories.

16.

Please produce any and all documents related to or concerning any investigation identified in your Response to Plaintiff's Interrogatory No. 20, including but not limited to any and all witness statements.

17.

Please produce any and all documentation that demonstrates, as of August 25, 2020, who was charged with the day-to-day maintenance and/or servicing of the grease receptacle pictured in Exhibit "A" to Plaintiff's Interrogatories.

18.

Please produce any and all documentation that demonstrates, as of August 25, 2020, who was responsible for emptying and/or disposing of the contents of the grease receptacle pictured in Exhibit "A" to Plaintiff's Interrogatories.

19.

Please produce any and all documentation that demonstrates what has happened to the grease receptacle pictured in Exhibit "A" to Plaintiff's Interrogatories since August 25, 2020 and to the present.

20.

Please produce a complete index of all policies and procedures that were in effect at the Defendant LES as of August 25, 2020.

21.

Please produce any and all policies and procedures that Defendant LES had in August, 2020 that covered or otherwise (1) preservation of evidence upon the report of a customer injury; (2) cleaning of spills; (3) marking of hazardous areas and spill; (4) reports of injuries of customers; (5)

maintenance, inspection, servicing, emptying and/or cleaning of grease traps, receptacles and/or interceptors as inquired into by Interrogatory No. 21.

22.

Please produce any and all documentation concerning any employee of Defendant that was reprimanded, disciplined and/or fired as a result of Mr. Ricky Stone's fall on August 25, 2020 at the subject Kroger supermarket.

23.

Please produce any and all claims that any individual has made against Defendant LES in the last five years as a result of a person suffering injuries as inquired into by Plaintiff's Interrogatory No. 22.

24.

Please produce the complete Complaint(s) for any and all lawsuits that any individual has made against Defendant LES in the last five years as a result of a person suffering injuries as inquired into by Plaintiff's Interrogatory No. 23.

25.

Please produce a complete copy of any and all witness statements and/or recordings identified in your responses to Plaintiff's Interrogatory No. 24.

26.

Please produce any and all insurance agreements, contracts, and/or policies under which any person or corporation carrying on an insurance business may be liable to satisfy part or all of any judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment, including but not limited to any professional malpractice coverage, E&O coverage, liability coverage, indemnity coverage, umbrella or excess coverage covering

Defendants at the time of the subject incidents. This request would concern any policy or coverage identified in your responses to Plaintiff's Interrogatories No. 25 and No. 26.

27.

Please produce any and all reports, whether written or otherwise recorded, made by each expert who has been retained or otherwise employed by Defendants and who is anticipated provide expert testimony in this matter.

28.

Please produce the CV, fee schedule and any bills from any expert who has been retained or otherwise employed by Defendants and who is anticipated to provide expert testimony in this matter.

29.

Please produce any record, report, diary, memorandum, correspondence or any other document of any type which explains, documents, notes, memorializes, describes or is any other way related to the incident in question as inquired into by Plaintiff's Interrogatory No. 30. If you contend any such information is protected by the work product doctrine or some other privilege, please so state and provide a privilege log of any such documentation related to such incident(s).

30.

Please produce any object, photograph, film, videotape, diagram, reproduction or model identified in your response to Plaintiff's Interrogatory No. 31.

31.

Please produce any and all documentation that was provided by Defendant or some person/entity on behalf of Defendant to any local, county, municipal, state and/or federal agency that in any way concerns, references or is in any way related to Mr. Ricky Stone.

32.

Please produce any and all documentation created and or generated by any investigation conducted concerning the circumstances leading to Mr. Ricky Stone's injuries suffered on August 25, 2020. If such documentation exists but you believe it to be privileged or otherwise non-discoverable, please identify what documentation you are withholding, the reason for such withholding and a description of what the documentation is in conformity with Superior Court Rule 5.5.

33.

Produce any and all incident and/or accident reports created by any you or any person on your behalf which in any way relate to, concerns, mentions or in any way refers to Mr. Ricky Stone.

34.

Please produce in their entirety all items used to train employees and non-employees/independent contractors from January 1, 2020 until present (this specifically includes all training aids, documents, videos, and things used in the training of employees and non-employees/independent contractors).

35.

Please produce a privilege log for any document that you have not produced in response to Plaintiff's request for production on the grounds that such document constitutes work product and/or privileged information as defined under O.C.G.A. § 9-11-26(b) and as questioned in Interrogatory No. 33.

36.

If you contend that the wrong corporate entities have been sued, please provide documentation demonstrating who the correct corporate entity(s) is(are).

37.

Please produce copies of each document that you contend support any defenses alleged in your Answer.

38.

Produce a copy of all responses, documents, and things obtained by the Defendant from nonparties and third parties in response to Defendant's various requests that relate to or concern the plaintiff.

39.

Please produce a copy of all investigatory material generated during the routine course of business conducted by all agents, insurance adjusters, experts, and/or investigators regarding the underlying incident in this action and all other similar incidents occurring at the subject property.

This 11th day of February, 2022.

Respectfully submitted,
PRIETO, MARIGLIANO, HOLBERT
& PRIETO, LLC

/s/ Daniel J. Prieto
Daniel J. Prieto
Georgia Bar No.: 118510
Jonathan Marigliano
Georgia Bar No.: 470628
William Holbert
Georgia Bar No.: 360088
*Attorneys for Plaintiffs*

1555 Mount Vernon Road
Atlanta, Georgia 30338
P: 404-856-0040 • F: 404-856-0066
dprieto@pmhplaw.com
jmarigliano@pmhplaw.com
wholbert@pmhplaw.com

10

**IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA**

| | | |
|---|---|---|
| Laurel Stone, Individually, and | ) | |
| Laurel Stone as Administrator of the | ) | |
| Estate of Ricky Stone (Deceased) | ) | |
| | ) | CIVIL ACTION |
| Plaintiffs, | ) | FILE NO.: _____ |
| vs. | ) | |
| | ) | |
| The Kroger Co.; Liquid Environmental | ) | |
| Solutions of Georgia, LLC; Valley Proteins, | ) | |
| Inc.; John Doe 1-10; and Doe Company 1-5, | ) | |
| | ) | |
| Defendants. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of *PLAINTIFF LAUREL STONE'S, INDIVIDUALLY, FIRST REQUST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT LIQUID ENVIRONMENTAL SOLUTIONS OF GEORGIA, LLC* upon all parties to this matter by serving the same with service of the complaint for damages.

This 11th day of February, 2022.

PRIETO, MARIGLIANO, HOLBERT
& PRIETO, LLC

/s/ Daniel J. Prieto
Daniel J. Prieto
Georgia Bar No.: 118510
*Attorneys for Plaintiffs*

1555 Mount Vernon Road
Atlanta, Georgia 30338
P: 404-856-0040 • F: 404-856-0066
dprieto@pmhplaw.com

11

E-FILED IN OFFICE - RJ
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**22-C-00889-S4**
**2/11/2022 1:16 PM**
TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| Laurel Stone, Individually, and<br>Laurel Stone as Administrator of the<br>Estate of Ricky Stone (Deceased) | )<br>)<br>)<br>) | |
| Plaintiffs, | )<br>) | CIVIL ACTION 22-C-00889-S4<br>FILE NO.: _____ |
| vs. | )<br>) | |
| The Kroger Co.; Liquid Environmental<br>Solutions of Georgia, LLC; Valley Proteins,<br>Inc.; John Doe 1-10; and Doe Company 1-5, | )<br>)<br>)<br>) | |
| Defendants. | )<br>) | |

### PLAINTIFF LAUREL STONE'S, INDIVIDUALLY, FIRST REQUST FOR
### PRODUCTION OF DOCUMENTS TO DEFENDANT VALLEY PROTEINS, INC.

COMES NOW Laurel Stone, Individually, Plaintiff in the above-styled civil action, and serves this Request for Production of Documents pursuant to O.C.G.A. §§ 9-11-34 and 24-10-26 and herein requires Defendant Valley Proteins, Inc. (hereinafter "Defendant" or "Valley") to comply with these Code sections by producing and permitting the Plaintiff's attorney to inspect and copy each of the following documents and to produce the following at trial within 45 days of service of these requests.

**NOTE A:** Should any document or thing herein requested come into existence or become known to you or your attorney subsequent to your receipt of this request or subsequent to the inspection or other means of producing said documents or things herein below requested, this request shall be deemed to be continuing in nature.

**NOTE B:** As the alternative to producing the documents or other evidence of writing herein below designated at the time, date and place above specified, you may photocopy true, correct and genuine copies of such requested documents or other evidence of writing and attach

1

same to your formal response to the within and foregoing request for Production and serve same upon the undersigned counsel within forty-five (45) day from the date of service of this request.

**NOTE C:** This request for documents specifically includes all records which are stored on microfiche, or by electronic means including, but not limited to, computer hard drive, hard disc, floppy disc, tape storage, zip drive, memory card, memory stick and all other media of electronic storage which may be used to reduce the information to printable form.

**NOTE D:** In this matter, the term "grease" whenever used herein shall be interpreted to also include cooking oil.

## REQUESTS FOR PRODUCTION

1.

Please provide all documentation that relates to, concerns, or details who the current owner(s) is/are of Defendant Valley Proteins as inquired into by Plaintiff's Interrogatory No. 3.

2.

Please provide all documentation that relates to, concerns, or details who the owner(s) was/were of Defendant Valley Proteins as of August 25, 2020, as inquired into by Plaintiff's Interrogatory No. 4.

3.

Please produce any and all documentation that provides an understanding as to the nature of any business relationship that Valley Proteins had, as of August 25, 2020, with (1) Liquid Environmental Services of Georgia, LLC.; (2) The Kroger Company and/or the Kroger supermarket located at 461 South Columbia Avenue, Rincon, GA 31326; and (3) KL Breeden & Sons as detailed in Defendant's Response to Interrogatory No. 6.

2

4.

Please provide any and all documentation that reflects, relates to and/or mentions any relationship Defendant Valley Proteins had in August, 2020 with the supermarket known as Kroger, located at 461 South Columbia Avenue, Rincon, GA 31326 as inquired into by Plaintiff's Interrogatory No. 7 to Defendant.

5.

If Defendant Valley Proteins once had the Kroger supermarket, located at 461 South Columbia Avenue, Rincon, GA 31326, as a client but then stopped servicing this location or sold and/or transferred the contract for this location prior to August 25, 2020, please produce any and all documentation that demonstrates when Valley Proteins stopped servicing this location, why it stopped servicing this location and if such contract was sold or otherwise transferred to another party, please produce any such documentation that details, references or alludes to such a sale or transfer.

6.

Please provide any and all documentation that reflects, relates to and/or mentions what goods and/or services Defendant Valley Proteins provided to the supermarket known as Kroger, located at 461 South Columbia Avenue, Rincon, GA 31326 and on what dates such goods and services were provided to the subject Kroger supermarket from April 1 through August 31, 2020 as inquired into by Plaintiff's Interrogatory No. 8 to Defendant.

7.

Please provide any and all documentation that reflects, relates to and/or mentions what who owned the grease receptacle pictured in Exhibit "A" to Plaintiff's First Interrogatories, who was charged with the day-to-day maintenance and/or servicing of said grease receptacle, and who was

3

responsible for emptying and/or disposing of the contents of said grease receptacle as of August 25, 2020 as inquired into by Plaintiff's Interrogatory No. 10 to Defendant.

8.

Please provide any and all documentation that reflects, relates to and/or mentions any ownership interest and/or rental and/or leasing agreement concerning the grease receptacle/trap pictured in Exhibit "A" to Plaintiff's First Interrogatories as of August 25, 2020 and as inquired into by Plaintiff's Interrogatory No. 11 to Defendant.

9.

Please provide any and all documentation in the possession, control and/or custody of Defendant Valley Proteins that reflects, relates to and/or mentions any report that the grease receptacle and/or trap pictured in in Exhibit "A" to Plaintiff's First Interrogatories was defective, leaking or in any way had a flaw/defect at any time in 2020 as inquired into by Plaintiff's Interrogatory No. 14 to Defendant.

10.

Please provide any and all documentation that reflects, relates to and/or mentions any maintenance, repairs, emptying, cleaning and/or servicing by any employee, agent and/or representative of Defendant Valley Proteins of any grease traps, grease receptacles, interceptors, and/or any equipment at the Kroger supermarket located at 461 South Columbia Avenue, Rincon, GA 31326 in 2020 as inquired into by Plaintiff's Interrogatory No. 15 to Defendant.

11.

Please provide any and all documentation that reflects, relates to and/or mentions any maintenance, repairs, emptying, cleaning and/or servicing by any employee, agent and/or

4

representative of Defendant Valley Proteins of the specific grease receptacle/trap shown in Exhibit "A" to Plaintiff's First Interrogatories to Defendant at any time in 2020.

<div align="center">12.</div>

Please produce any and all schedules, time cards, payroll documentation and any other documentation reflecting what individuals who worked for and/or on behalf of Defendant Valley Proteins were on the premises of the subject Kroger supermarket located at 461 South Columbia Avenue, Rincon, GA 31326 from April 1 through August 31, 2020.

<div align="center">13.</div>

Please produce any and all documentation that reflects when the last time, immediately prior to August 25, 2020, any representative, employee and/or agent of Defendant Valley Proteins emptied, serviced, repaired, maintained or in any manner was in close proximity to the grease receptacle pictured in Exhibit "A" to Plaintiff's First Interrogatories to Defendant as inquired into by Interrogatory No. 16.

<div align="center">14.</div>

Please produce any and all documentation that reflects when any representative, employee and/or agent of Defendant Valley Proteins was physically at the Kroger supermarket, located at 461 South Columbia Avenue, Rincon, GA 31326, prior to and including August 25, 2020 as inquired into by Interrogatory No. 17.

<div align="center">15.</div>

Please produce any and all documentation not already requested that in any way mentions, relates to and/or references the subject grease receptacle shown in Exhibit "A" to Plaintiff's First Interrogatories to Defendant. Such request includes, but is not limited to lease agreements, purchase agreements, maintenance records, cleaning records, service records, repair records, emptying records,

<div align="center">5</div>

drop off and pick up dates, emails and other communication from the subject Kroger supermarket concerning such receptacle, etc. This Request, as do all others, includes not only paper documentation but text messages, emails, "sticky notes," and all other communications and/or records regardless of the format.

16.

Please produce, or allow for inspection, the actual grease receptacle that is shown in Exhibit "A" to Plaintiff's First Continuing Interrogatories.

17.

Please produce any and all documents related to or concerning any investigation identified in your Response to Plaintiff's Interrogatory No. 20, including but not limited to any and all witness statements.

18.

Please produce any and all documentation that demonstrates, as of August 25, 2020, who was charged with the day-to-day maintenance and/or servicing of the grease receptacle pictured in Exhibit "A" to Plaintiff's Interrogatories.

19.

Please produce any and all documentation that demonstrates, as of August 25, 2020, who was responsible for emptying and/or disposing of the contents of the grease receptacle pictured in Exhibit "A" to Plaintiff's Interrogatories.

20.

Please produce any and all documentation that demonstrates what has happened to the grease receptacle pictured in Exhibit "A" to Plaintiff's Interrogatories since August 25, 2020 and to the present.

6

21.

Please produce a complete index of all policies and procedures that were in effect at the Defendant Valley Proteins as of August 25, 2020.

22.

Please produce any and all policies and procedures that Defendant Valley Proteins had in August, 2020 that covered or otherwise (1) preservation of evidence upon the report of a customer injury; (2) cleaning of spills; (3) marking of hazardous areas and spill; (4) reports of injuries of customers; (5) maintenance, inspection, servicing, emptying and/or cleaning of grease traps, receptacles and/or interceptors as inquired into by Interrogatory No. 21.

23.

Please produce any and all documentation concerning any employee of Defendant that was reprimanded, disciplined and/or fired as a result of Mr. Ricky Stone's fall on August 25, 2020 at the subject Kroger supermarket.

24.

Please produce any and all claims that any individual has made against Defendant Valley Proteins in the last five years as a result of a person suffering injuries as inquired into by Plaintiff's Interrogatory No. 22.

25.

Please produce the complete Complaint(s) for any and all lawsuits that any individual has made against Defendant Valley Proteins in the last five years as a result of a person suffering injuries as inquired into by Plaintiff's Interrogatory No. 23.

26.

Please produce a complete copy of any and all witness statements and/or recordings identified in your responses to Plaintiff's Interrogatory No. 24.

27.

Please produce any and all insurance agreements, contracts, and/or policies under which any person or corporation carrying on an insurance business may be liable to satisfy part or all of any judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment, including but not limited to any professional malpractice coverage, E&O coverage, liability coverage, indemnity coverage, umbrella or excess coverage covering Defendants at the time of the subject incidents. This request would concern any policy or coverage identified in your responses to Plaintiff's Interrogatories No. 25 and No. 26.

28.

Please produce any and all reports, whether written or otherwise recorded, made by each expert who has been retained or otherwise employed by Defendants and who is anticipated provide expert testimony in this matter.

29.

Please produce the CV, fee schedule and any bills from any expert who has been retained or otherwise employed by Defendants and who is anticipated to provide expert testimony in this matter.

30.

Please produce any record, report, diary, memorandum, correspondence or any other document of any type which explains, documents, notes, memorializes, describes or is any other way related to the incident in question as inquired into by Plaintiff's Interrogatory No. 30.  If you

8

contend any such information is protected by the work product doctrine or some other privilege, please so state and provide a privilege log of any such documentation related to such incident(s).

31.

Please produce any object, photograph, film, videotape, diagram, reproduction or model identified in your response to Plaintiff's Interrogatory No. 31.

32.

Please produce any and all documentation that was provided by Defendant or some person/entity on behalf of Defendant to any local, county, municipal, state and/or federal agency that in any way concerns, references or is in any way related to Mr. Ricky Stone.

33.

Please produce any and all documentation created and or generated by any investigation conducted concerning the circumstances leading to Mr. Ricky Stone's injuries suffered on August 25, 2020.  If such documentation exists but you believe it to be privileged or otherwise non-discoverable, please identify what documentation you are withholding, the reason for such withholding and a description of what the documentation is in conformity with Superior Court Rule 5.5.

34.

Produce any and all incident and/or accident reports created by any you or any person on your behalf which in any way relate to, concerns, mentions or in any way refers to Mr. Ricky Stone.

35.

Please produce in their entirety all items used to train employees and non-employees/independent contractors from January 1, 2020 until present (this specifically includes

all training aids, documents, videos, and things used in the training of employees and non-employees/independent contractors).

36.

Please produce a privilege log for any document that you have not produced in response to Plaintiff's request for production on the grounds that such document constitutes work product and/or privileged information as defined under O.C.G.A. § 9-11-26(b) and as questioned in Interrogatory No. 33.

37.

If you contend that the wrong corporate entities have been sued, please provide documentation demonstrating who the correct corporate entity(s) is(are).

38.

Please produce copies of each document that you contend support any defenses alleged in your Answer.

39.

Produce a copy of all responses, documents, and things obtained by the Defendant from nonparties and third parties in response to Defendant's various requests that relate to or concern the plaintiff.

40.

Please produce a copy of all investigatory material generated during the routine course of business conducted by all agents, insurance adjusters, experts, and/or investigators regarding the underlying incident in this action and all other similar incidents occurring at the subject property.

*[Signature on Next Page]*

This <u>11th</u> day of February, 2022.

Respectfully submitted,
**PRIETO, MARIGLIANO, HOLBERT & PRIETO, LLC**

/s/ Daniel J. Prieto
Daniel J. Prieto
Georgia Bar No.: 118510
Jonathan Marigliano
Georgia Bar No.: 470628
William Holbert
Georgia Bar No.: 360088
*Attorneys for Plaintiffs*

1555 Mount Vernon Road
Atlanta, Georgia 30338
P: 404-856-0040 • F: 404-856-0066
dprieto@pmhplaw.com
jmarigliano@pmhplaw.com
wholbert@pmhplaw.com

11

**IN THE STATE COURT OF GWINNETT COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| Laurel Stone, Individually, and<br>Laurel Stone as Administrator of the<br>Estate of Ricky Stone (Deceased)<br><br>          Plaintiffs,<br>vs.<br><br>The Kroger Co.; Liquid Environmental<br>Solutions of Georgia, LLC; Valley Proteins,<br>Inc.; John Doe 1-10; and Doe Company 1-5,<br><br>          Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

CIVIL ACTION
FILE NO.: _____

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of ***PLAINTIFF LAUREL STONE'S,***

***INDIVIDUALLY, FIRST REQUST FOR PRODUCTION OF DOCUMENTS TO***

***DEFENDANT VALLEY PROTEINS, INC.*** upon all parties to this matter by serving the same

with service of the complaint for damages.

This <u>11th</u> day of February, 2022.

                                 **PRIETO, MARIGLIANO, HOLBERT**
                                 **& PRIETO, LLC**

                                 <u>/s/ Daniel J. Prieto</u>
                                 Daniel J. Prieto
                                 Georgia Bar No.: 118510
                                 *Attorneys for Plaintiffs*

1555 Mount Vernon Road
Atlanta, Georgia 30338
P: 404-856-0040 • F: 404-856-0066
dprieto@pmhplaw.com

Civil Action No. _22-C-00889-S4_

Date Filed _02/11/22_

Superior Court _____    Magistrate Court _____

State Court __X__    Probate Court _____
Juvenile Court _____

Georgia, _____GWINNETT_____ COUNTY

Attorney's Address
Daniel J. Prieto
PMHP Law, LLC
1555 Mount Vernon Road
Atlanta, Georgia 30338

Name and Address of Party to Be Served

_Liquid Environmental Solutions of Georgia, LLC_

_c/o Corporation Service Company, Registered Agent_

_2 Sun Court, Suite 400, Peachtree Corners, GA 30092_

_Laurel Stone, Individually, and Laurel Stone as the_

_Administrator of the Estate of Ricky Stone (Deceased)_
                                                            Plaintiff

**Vs.**

_The Kroger Co.; Liquid Environmental; Solutions of_
_Georgia, LLC; Valley Proteins, Inc.; John Doe 1-10;_
_and Doe Company 1-5_
                                                            Defendant

                                                            Garnishee

## SHERIFF'S ENTRY OF SERVICE

_____ I have this day served the defendant _____ personally with a copy of the within action and summons ALSO SERVED A COPY OF PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS; PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANTS; AND PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANTS.

_____ I have this day served the defendant _____ by leaving a copy of the action and summons at his most notorious place of abode in this County. ALSO SERVED A COPY OF PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS; PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANTS; AND PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANTS.
Delivered same into hands of _____ described as follows:
age, about _____ years; weight _____ pounds; height, about _____ feet and _____ inches, domiciled at the residence of defendant.

__X__ Served the defendant _LIQUID ENVIRONMENTAL SOLUTIONS OF GA, LLC_ a corporation
by leaving a copy of the within action and summons with _ALISHA SMITH_
in charge of the office and place of doing business of said Corporation in this County. ALSO SERVED A COPY OF PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS; PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANTS; AND PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANTS.

_____ I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises designated in said affidavit, and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons.

_____ Diligent search made and defendant _____
not to be found in the jurisdiction of this Court.

This _16_ day of _FEB_, _2022_

_____
_P. COLLINS  50500_
                                                            **DEPUTY**

**SHERIFF DOCKET** _____ **PAGE** _____

SC-2 Rev. 85

|  | Superior Court _____ | Magistrate Court _____ |
|---|---|---|

Civil Action No. __22-C-00889-S4__

| State Court ___X___ | Probate Court _____ |
|---|---|
| Juvenile Court _____ | |

Date Filed __02/11/22__

Georgia, _____GWINNETT_____ COUNTY

Attorney's Address
Daniel J. Prieto
PMHP Law, LLC
1555 Mount Vernon Road
Atlanta, Georgia 30338

Laurel Stone, Individually, and Laurel Stone as the

Administrator of the Estate of Ricky Stone (Deceased)

Plaintiff

Vs.

Name and Address of Party to Be Served

Valley Proteins, Inc.

The Kroger Co.; Liquid Environmental; Solutions of
Georgia, LLC; Valley Proteins, Inc.; John Doe 1-10;
and Doe Company 1-5

Defendant

c/o CT Corporation System, Registered Agent

289 South Culver Street, Lawrenceville, GA 30046

Garnishee

## SHERIFF'S ENTRY OF SERVICE

_____ I have this day served the defendant _____ personally with a copy of the within action and summons ALSO SERVED A COPY OF PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS; PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANTS; AND PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANTS.

_____ I have this day served the defendant _____ by leaving a copy of the action and summons at his most notorious place of abode in this County. ALSO SERVED A COPY OF PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS; PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANTS; AND PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANTS.
Delivered same into hands of _____ described as follows:
age, about _____ years; weight _____ pounds; height, about _____ feet and _____ inches, domiciled at the residence of defendant.

__X__ Served the defendant _Valley Proteins Inc._ a corporation
by leaving a copy of the within action and summons with _Jane Richardson_
in charge of the office and place of doing business of said Corporation in this County. ALSO SERVED A COPY OF PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS; PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANTS; AND PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANTS.

_____ I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises designated in said affidavit, and on the same day of such posting by depositing a true copy of same in the United States Mail, First-Class in an envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons.

_____ Diligent search made and defendant _____
not to be found in the jurisdiction of this Court.

This _16_ day of _Feb_ , _22_

_W. Coberly  SO1332_

**DEPUTY**

SHERIFF DOCKET _____ PAGE _____

SC-2 Rev. 85

A1803 DI

RECEI

E-FILED IN OFFICE - AK
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
22-C-00889-S4
2/18/2022 1:29 PM
TIANA P. GARNER, CLERK

Civil Action No. _____22-C-00889-S4_____

Date Filed _____02/11/22_____

Superior Court _____
State Court _____X_____
Juvenile Court _____

Magistrate Court _____
Probate Court _____

Georgia, _____GWINNETT_____ COUNTY

Attorney's Address
Daniel J. Prieto
PMHP Law, LLC
1555 Mount Vernon Road
Atlanta, Georgia 30338

Name and Address of Party to Be Served

The Kroger Co.

c/o CSC of Cobb County, Inc., Registered Agent

192 Anderson Street, SE, Suite 125, Marietta, GA 30060

Laurel Stone, Individually, and Laurel Stone as the

Administrator of the Estate of Ricky Stone (Deceased)
                                        Plaintiff

Vs.

The Kroger Co.; Liquid Environmental; Solutions of
Georgia, LLC; Valley Proteins, Inc.; John Doe 1-10;
and Doe Company 1-5
                                        Defendant

_____

_____
                                        Garnishee

## SHERIFF'S ENTRY OF SERVICE

_____ I have this day served the defendant _____ personally with a copy of the within action and
summons ALSO SERVED A COPY OF PLAINTIFFS FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS; PLAINTIFFS FIRST INTERROGATORIES TO DEFENDANTS; AND PLAINTIFFS
FIRST REQUEST FOR ADMISSIONS TO DEFENDANTS.

_____ I have this day served the defendant _____ by leaving a
copy of the action and summons at his most notorious place of abode in this County. ALSO SERVED A COPY OF PLAINTIFFS FIRST REQUEST FOR PRODUCTION OF
DOCUMENTS TO DEFENDANTS; PLAINTIFFS FIRST INTERROGATORIES TO DEFENDANTS; AND PLAINTIFFS FIRST REQUEST FOR ADMISSIONS TO DEFENDANTS.
Delivered same into hands of _____ described as follows:
age, about _____ years; weight _____ pounds; height, about _____ feet and _____ inches, domiciled at the residence of defendant.

X Served the defendant _____The Kroger Co._____ a corporation of Cobb
by leaving a copy of the within action and summons with _____Teri Thompson - CSC_____ County
in charge of the office and place of doing business of said Corporation in this County. ALSO SERVED A COPY OF PLAINTIFFS FIRST REQUEST FOR PRODUCTION OF
DOCUMENTS TO DEFENDANTS; PLAINTIFFS FIRST INTERROGATORIES TO DEFENDANTS; AND PLAINTIFFS FIRST REQUEST FOR ADMISSIONS TO DEFENDANTS.

_____ I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises
designated in said affidavit, and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an
envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice to the
defendant(s) to answer said summons at the place stated in the summons.

_____ Diligent search made and defendant _____
not to be found in the jurisdiction of this Court.

This _16_ day of _____Feb_____, _2022_

_____  _05051_
                                        DEPUTY

SHERIFF DOCKET _____ PAGE _____

SC-2 Rev. 85

E-FILED IN OFFICE - JM
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**22-C-00889-S4**
**3/18/2022 9:53 AM**
TIANA P. GARNER, CLERK

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| Laurel Stone, Individually, and | ) | |
| Laurel Stone as Administrator of the | ) | |
| Estate of Ricky Stone (Deceased) | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION FILE |
| | ) | NO:    22-C-00889-S4 |
| The Kroger Co.; Liquid Environmental | ) | |
| Solutions of Georgia, LLC; Valley Proteins, | ) | |
| Inc.; John Doe 1-10; and Doe Company 1-5 | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT VALLEY PROTEINS, INC.'S ANSWER AND DEFENSES

**COMES NOW** DEFENDANT VALLEY PROTEINS, INC., and files its Answer and Defenses as follows:

### FIRST DEFENSE

Pending further investigation and discovery, and in order to preserve these defenses, Defendant reserves the right to assert all affirmative defenses available under the Georgia Civil Practice Act.

### SECOND DEFENSE

Pending further investigation and discovery, and in order to preserve this defense, Defendant shows that Plaintiffs' Complaint, in whole and with respect to the individual counts, fails to state a claim upon which relief can be granted and should be dismissed.

### THIRD DEFENSE

Pending further investigation and discovery, and in order to preserve this defense, this Defendant shows that it breached no duty owed to the Plaintiffs or the Plaintiffs' Decedent Ricky Stone ("the Decedent").

1

## FOURTH DEFENSE

No act or omission on the part of this Defendant was the proximate cause of the incident or the damages alleged by Plaintiffs.

## FIFTH DEFENSE

The Plaintiffs' claims are barred because of the Decedent's own negligence.

## SIXTH DEFENSE

Pending further investigation and discovery, and in order to preserve this defense, this Defendant raises defenses based on the Decedent's contributory and/or comparative negligence.

## SEVENTH DEFENSE

Pending further investigation and discovery, the incident giving rise to Plaintiffs' Complaint was caused by the acts or omissions of persons or entities other than this Defendant.

## EIGHTH DEFENSE

Pending further investigation and discovery, this Defendant shows that by the exercise of ordinary care, the Decedent could have avoided the consequences of any acts or omissions alleged against this Defendant.  This Defendant denies any negligence in this matter.

## NINTH DEFENSE

Plaintiffs' Complaint fails to plead special damages with particularity as required by O.C.G.A. § 9-11-9(g).

## TENTH DEFENSE

Plaintiffs' damages, if any, must be apportioned among all potentially responsible parties and non-parties pursuant to O.C.G.A. § 51-12-33.

## ELEVENTH DEFENSE

This Defendant responds to the numbered paragraphs of Plaintiffs' Complaint as follows:

## Parties, Jurisdiction, Venue

1.

This Defendant neither admits nor denies the allegations contained in Paragraph 1 of Plaintiffs' Complaint for lack of sufficient information to form a belief as to the truth of these allegations.

2.

This Defendant neither admits nor denies the allegations contained in Paragraph 2 of Plaintiffs' Complaint for lack of sufficient information to form a belief as to the truth of these allegations.

3.

This Defendant neither admits nor denies the allegations contained in Paragraph 3 of Plaintiffs' Complaint for lack of sufficient information to form a belief as to the truth of these allegations.

4.

This Defendant neither admits nor denies the allegations contained in Paragraph 4 of Plaintiffs' Complaint for lack of sufficient information to form a belief as to the truth of these allegations.

5.

In response to Paragraph 5 of Plaintiffs' Complaint, this Defendant admits that it is a foreign for-profit corporation authorized to do business in Georgia. This Defendant admits that it was properly served with the Summons and Complaint. This Defendant admits that it is subject to

the jurisdiction and venue of this Court. This Defendant lacks sufficient information to form a belief as to the truth of the remaining allegations contained in Paragraph 5 and therefore, denies the allegations.

6.

This Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 6 of Plaintiffs' Complaint and therefore, denies the allegations.

7.

This Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 7 of Plaintiffs' Complaint and therefore, denies the allegations.

8.

This Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 8 of Plaintiffs' Complaint and therefore, denies the allegations.

9.

This Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 9 of Plaintiffs' Complaint and therefore, denies the allegations.

10.

In response to Paragraph 10 of Plaintiffs' Complaint, this Defendant admits that venue is proper as to this Defendant in this Court. This Defendant lacks sufficient information to form a belief as to the truth of the remaining allegations contained in Paragraph 10 and therefore, denies the allegations.

**FACTS**

11.

This Defendant restates and incorporates its responses to all above paragraphs 1 through 10 as if restated verbatim herein.

12.

This Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 12 of Plaintiffs' Complaint and therefore, denies the allegations.

13.

This Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 13 of Plaintiffs' Complaint and therefore, denies the allegations.

14.

This Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 14 of Plaintiffs' Complaint and therefore, denies the allegations.

15.

This Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 15 of Plaintiffs' Complaint and therefore, denies the allegations.

16.

This Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 16 of Plaintiffs' Complaint and therefore, denies the allegations.

17.

This Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 17 of Plaintiffs' Complaint and therefore, denies the allegations.

18.

This Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 18 of Plaintiffs' Complaint and therefore, denies the allegations.

19.

This Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 19 of Plaintiffs' Complaint and therefore, denies the allegations.

20.

This Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 20 of Plaintiffs' Complaint and therefore, denies the allegations.

21.

This Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 21 of Plaintiffs' Complaint and therefore, denies the allegations.

22.

This Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 22 of Plaintiffs' Complaint and therefore, denies the allegations.

23.

This Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 23 of Plaintiffs' Complaint and therefore, denies the allegations.

24.

This Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 24 of Plaintiffs' Complaint and therefore, denies the allegations.

25.

This Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 25 of Plaintiffs' Complaint and therefore, denies the allegations.

26.

This Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 26 of Plaintiffs' Complaint and therefore, denies the allegations.

27.

This Defendant denies the allegations contained in Paragraph 27 of Plaintiffs' Complaint.

28.

This Defendant denies the allegations contained in Paragraph 28 of Plaintiffs' Complaint.

29.

This Defendant denies the allegations contained in Paragraph 29 of Plaintiffs' Complaint.

30.

This Defendant denies the allegations contained in Paragraph 30 of Plaintiffs' Complaint.

31.

This Defendant denies any allegations contained in Paragraph 31 of Plaintiffs' Complaint as to this Defendant. This Defendant lacks sufficient information to form a belief as to the truth of the remaining allegations in Paragraph 31 and therefore, denies the allegations.

32.

This Defendant denies any allegations contained in Paragraph 32 of Plaintiffs' Complaint as to this Defendant. This Defendant lacks sufficient information to form a belief as to the truth of the remaining allegations in Paragraph 32 and therefore, denies the allegations.

33.

This Defendant denies any allegations contained in Paragraph 33 of Plaintiffs' Complaint as to this Defendant. This Defendant lacks sufficient information to form a belief as to the truth of the remaining allegations in Paragraph 33 and therefore, denies the allegations.

34.

This Defendant denies any allegations contained in Paragraph 34 of Plaintiffs' Complaint as to this Defendant. This Defendant lacks sufficient information to form a belief as to the truth of the remaining allegations in Paragraph 34 and therefore, denies the allegations.

35.

This Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 35 of Plaintiffs' Complaint and therefore, denies the allegations.

36.

This Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 36 of Plaintiffs' Complaint and therefore, denies the allegations.

37.

This Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 37 of Plaintiffs' Complaint and therefore, denies the allegations.

38.

This Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 38 of Plaintiffs' Complaint and therefore, denies the allegations.

39.

This Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 39 of Plaintiffs' Complaint and therefore, denies the allegations.

40.

This Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 40 of Plaintiffs' Complaint and therefore, denies the allegations.

41.

This Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 41 of Plaintiffs' Complaint and therefore, denies the allegations.

42.

This Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 42 of Plaintiffs' Complaint and therefore, denies the allegations.

43.

This Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 43 of Plaintiffs' Complaint and therefore, denies the allegations.

44.

This Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 44 of Plaintiffs' Complaint and therefore, denies the allegations.

45.

This Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 45 of Plaintiffs' Complaint and therefore, denies the allegations.

46.

This Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 46 of Plaintiffs' Complaint and therefore, denies the allegations.

47.

This Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 47 of Plaintiffs' Complaint and therefore, denies the allegations.

48.

This Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 48 of Plaintiffs' Complaint and therefore, denies the allegations.

49.

This Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 49 of Plaintiffs' Complaint and therefore, denies the allegations.

50.

This Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 50 of Plaintiffs' Complaint and therefore, denies the allegations.

51.

This Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 51 of Plaintiffs' Complaint and therefore, denies the allegations.

52.

This Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 52 of Plaintiffs' Complaint and therefore, denies the allegations.

53.

This Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 53 of Plaintiffs' Complaint and therefore, denies the allegations.

54.

This Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 54 of Plaintiffs' Complaint and therefore, denies the allegations.

55.

This Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 55 of Plaintiffs' Complaint and therefore, denies the allegations.

56.

This Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 56 of Plaintiffs' Complaint and therefore, denies the allegations.

57.

This Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 57 of Plaintiffs' Complaint and therefore, denies the allegations.

58.

This Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 58 of Plaintiffs' Complaint and therefore, denies the allegations.

59.

This Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 59 of Plaintiffs' Complaint and therefore, denies the allegations.

60.

This Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 60 of Plaintiffs' Complaint and therefore, denies the allegations.

61.

This Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 61 of Plaintiffs' Complaint and therefore, denies the allegations.

62.

This Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 62 of Plaintiffs' Complaint and therefore, denies the allegations.

63.

This Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 63 of Plaintiffs' Complaint and therefore, denies the allegations.

64.

This Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 64 of Plaintiffs' Complaint and therefore, denies the allegations.

65.

This Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 65 of Plaintiffs' Complaint and therefore, denies the allegations.

66.

This Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 66 of Plaintiffs' Complaint and therefore, denies the allegations.

67.

This Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 67 of Plaintiffs' Complaint and therefore, denies the allegations.

68.

This Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 68 of Plaintiffs' Complaint and therefore, denies the allegations.

69.

This Defendant denies any allegations contained in Paragraph 69 of Plaintiffs' Complaint as to this Defendant. This Defendant lacks sufficient information to form a belief as to the truth of the remaining allegations contained in Paragraph 69 and therefore, denies the allegations.

70.

This Defendant denies any allegations contained in Paragraph 70 of Plaintiffs' Complaint as to this Defendant. This Defendant lacks sufficient information to form a belief as to the truth of the remaining allegations contained in Paragraph 70 and therefore, denies the allegations.

71.

This Defendant denies any allegations contained in Paragraph 71 of Plaintiffs' Complaint as to this Defendant. This Defendant lacks sufficient information to form a belief as to the truth of the remaining allegations contained in Paragraph 71 and therefore, denies the allegations.

## **Count 1—General Negligence**

72.

This Defendant realleges, reasserts and incorporates by reference its responses to paragraphs 1 through 71 of Plaintiffs' Complaint above as if fully set forth herein.

73.

This Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 73 of Plaintiffs' Complaint and therefore, denies the allegations.

13

74.

This Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 74 of Plaintiffs' Complaint and therefore, denies the allegations.

75.

This Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 75 of Plaintiffs' Complaint and therefore, denies the allegations.

76.

This Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 76 of Plaintiffs' Complaint and therefore, denies the allegations.

77.

This Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 77 of Plaintiffs' Complaint and therefore, denies the allegations.

78.

This Defendant denies any allegations contained in Paragraph 78 of Plaintiffs' Complaint as to this Defendant. This Defendant lacks sufficient information to form a belief as to the truth of the remaining allegations contained in Paragraph 78 and therefore, denies the allegations.

79.

This Defendant denies any allegations contained in Paragraph 79 of Plaintiffs' Complaint as to this Defendant. This Defendant lacks sufficient information to form a belief as to the truth of the remaining allegations contained in Paragraph 79 and therefore, denies the allegations.

80.

This Defendant denies any allegations contained in Paragraph 80 of Plaintiffs' Complaint as to this Defendant. This Defendant lacks sufficient information to form a belief as to the truth of the remaining allegations contained in Paragraph 80 and therefore, denies the allegations.

81.

This Defendant denies any allegations contained in Paragraph 81 of Plaintiffs' Complaint as to this Defendant. This Defendant lacks sufficient information to form a belief as to the truth of the remaining allegations contained in Paragraph 81 and therefore, denies the allegations.

82.

This Defendant denies any allegations contained in Paragraph 82 of Plaintiffs' Complaint as to this Defendant. This Defendant lacks sufficient information to form a belief as to the truth of the remaining allegations contained in Paragraph 82 and therefore, denies the allegations.

83.

This Defendant denies any allegations contained in Paragraph 83 of Plaintiffs' Complaint as to this Defendant. This Defendant lacks sufficient information to form a belief as to the truth of the remaining allegations contained in Paragraph 83 and therefore, denies the allegations.

84.

This Defendant denies any allegations contained in Paragraph 84 of Plaintiffs' Complaint as to this Defendant. This Defendant lacks sufficient information to form a belief as to the truth of the remaining allegations contained in Paragraph 84 and therefore, denies the allegations.

85.

This Defendant denies any allegations contained in Paragraph 85 of Plaintiffs' Complaint as to this Defendant. This Defendant lacks sufficient information to form a belief as to the truth of the remaining allegations contained in Paragraph 85 and therefore, denies the allegations.

86.

This Defendant denies any allegations contained in Paragraph 86 of Plaintiffs' Complaint as to this Defendant. This Defendant lacks sufficient information to form a belief as to the truth of the remaining allegations contained in Paragraph 86 and therefore, denies the allegations.

87.

This Defendant denies any allegations contained in Paragraph 87 of Plaintiffs' Complaint as to this Defendant. This Defendant lacks sufficient information to form a belief as to the truth of the remaining allegations contained in Paragraph 87 and therefore, denies the allegations.

88.

This Defendant denies any allegations contained in Paragraph 88 of Plaintiffs' Complaint as to this Defendant. This Defendant lacks sufficient information to form a belief as to the truth of the remaining allegations contained in Paragraph 88 and therefore, denies the allegations.

89.

This Defendant denies any allegations contained in Paragraph 89 of Plaintiffs' Complaint as to this Defendant. This Defendant lacks sufficient information to form a belief as to the truth of the remaining allegations contained in Paragraph 89 and therefore, denies the allegations.

90.

This Defendant denies any allegations contained in Paragraph 90 of Plaintiffs' Complaint as to this Defendant. This Defendant lacks sufficient information to form a belief as to the truth of the remaining allegations contained in Paragraph 90 and therefore, denies the allegations.

**91-99.**

**There are no Paragraph Nos. 91-99.**

100.

This Defendant denies any allegations contained in Paragraph 100 of Plaintiffs' Complaint as to this Defendant. This Defendant lacks sufficient information to form a belief as to the truth of the remaining allegations contained in Paragraph 100 and therefore, denies the allegations.

101.

This Defendant denies any allegations contained in Paragraph 101 of Plaintiffs' Complaint as to this Defendant. This Defendant lacks sufficient information to form a belief as to the truth of the remaining allegations contained in Paragraph 101 and therefore, denies the allegations.

102.

This Defendant denies any allegations contained in Paragraph 102 of Plaintiffs' Complaint as to this Defendant. This Defendant lacks sufficient information to form a belief as to the truth of the remaining allegations contained in Paragraph 102 and therefore, denies the allegations.

103.

This Defendant denies any allegations contained in Paragraph 103 of Plaintiffs' Complaint as to this Defendant. This Defendant lacks sufficient information to form a belief as to the truth of the remaining allegations contained in Paragraph 103 and therefore, denies the allegations.

104.

This Defendant denies any allegations contained in Paragraph 104 of Plaintiffs' Complaint as to this Defendant. This Defendant lacks sufficient information to form a belief as to the truth of the remaining allegations contained in Paragraph 104 and therefore, denies the allegations.

105.

This Defendant denies any allegations contained in Paragraph 105 of Plaintiffs' Complaint as to this Defendant. This Defendant lacks sufficient information to form a belief as to the truth of the remaining allegations contained in Paragraph 105 and therefore, denies the allegations.

106.

This Defendant denies any allegations contained in Paragraph 106 of Plaintiffs' Complaint as to this Defendant. This Defendant lacks sufficient information to form a belief as to the truth of the remaining allegations contained in Paragraph 106 and therefore, denies the allegations.

107.

This Defendant denies any allegations contained in Paragraph 107 of Plaintiffs' Complaint as to this Defendant. This Defendant lacks sufficient information to form a belief as to the truth of the remaining allegations contained in Paragraph 107 and therefore, denies the allegations.

108.

This Defendant denies any allegations contained in Paragraph 108 of Plaintiffs' Complaint as to this Defendant. This Defendant lacks sufficient information to form a belief as to the truth of the remaining allegations contained in Paragraph 108 and therefore, denies the allegations.

109.

This Defendant denies any allegations contained in Paragraph 109 of Plaintiffs' Complaint as to this Defendant. This Defendant lacks sufficient information to form a belief as to the truth of the remaining allegations contained in Paragraph 109 and therefore, denies the allegations.

110.

This Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 110 of Plaintiffs' Complaint and therefore, denies the allegations.

111.

This Defendant denies the allegations contained in Paragraph 111 of Plaintiffs' Complaint.

112.

This Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 112 of Plaintiffs' Complaint and therefore, denies the allegations.

113.

This Defendant denies the allegations contained in Paragraph 113 of Plaintiffs' Complaint.

114.

This Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 114 of Plaintiffs' Complaint and therefore, denies the allegations.

115.

This Defendant denies the allegations contained in Paragraph 115 of Plaintiffs' Complaint.

116.

This Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 116 of Plaintiffs' Complaint and therefore, denies the allegations.

117.

This Defendant denies the allegations contained in Paragraph 117 of Plaintiffs' Complaint.

118.

This Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 118 of Plaintiffs' Complaint and therefore, denies the allegations.

119.

This Defendant denies the allegations contained in Paragraph 119 of Plaintiffs' Complaint.

120.

This Defendant denies any allegations contained in Paragraph 120 of Plaintiffs' Complaint as to this Defendant. This Defendant lacks sufficient information to form a belief as to the truth of the remaining allegations contained in Paragraph 120 and therefore, denies the allegations.

121.

This Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 121 of Plaintiffs' Complaint and therefore, denies the allegations.

122.

This Defendant denies the allegations contained in Paragraph 122 of Plaintiffs' Complaint.

123.

This Defendant denies any allegations contained in Paragraph 123 of Plaintiffs' Complaint as to this Defendant. This Defendant lacks sufficient information to form a belief as to the truth of the remaining allegations contained in Paragraph 123 and therefore, denies the allegations.

124.

This Defendant denies any allegations contained in Paragraph 124 of Plaintiffs' Complaint as to this Defendant. This Defendant lacks sufficient information to form a belief as to the truth of the remaining allegations contained in Paragraph 124 and therefore, denies the allegations.

125.

This Defendant denies any allegations contained in Paragraph 125 of Plaintiffs' Complaint as to this Defendant. This Defendant lacks sufficient information to form a belief as to the truth of the remaining allegations contained in Paragraph 125 and therefore, denies the allegations.

126.

This Defendant denies any allegations contained in Paragraph 126 of Plaintiffs' Complaint as to this Defendant. This Defendant lacks sufficient information to form a belief as to the truth of the remaining allegations contained in Paragraph 126 and therefore, denies the allegations.

127.

This Defendant denies any allegations contained in Paragraph 127 of Plaintiffs' Complaint as to this Defendant. This Defendant lacks sufficient information to form a belief as to the truth of the remaining allegations contained in Paragraph 127 and therefore, denies the allegations.

## Count 2—Negligence *Per Se*

128.

This Defendant realleges, reasserts and incorporates by reference its responses to paragraphs 1 through 127 of Plaintiffs' Complaint above as if fully set forth herein.

129.

This Defendant denies any allegations contained in Paragraph 129 of Plaintiffs' Complaint as to this Defendant. This Defendant lacks sufficient information to form a belief as to the truth of the remaining allegations contained in Paragraph 129 and therefore, denies the allegations.

130.

This Defendant denies any allegations contained in Paragraph 130 of Plaintiffs' Complaint as to this Defendant. This Defendant lacks sufficient information to form a belief as to the truth of the remaining allegations contained in Paragraph 130 and therefore, denies the allegations.

131.

In response to Paragraph 131 of Plaintiffs' Complaint, this Defendant admits that O.C.G.A. § 51-3-1 was in effect on August 25, 2020 but denies that this Code Section applies to this Defendant under the circumstances set forth in Plaintiff's Complaint.

132.

This Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 132 of Plaintiffs' Complaint and therefore, denies the allegations.

133.

This Defendant denies any allegations contained in Paragraph 133 of Plaintiffs' Complaint as to this Defendant. This Defendant lacks sufficient information to form a belief as to the truth of the remaining allegations contained in Paragraph 133 and therefore, denies the allegations.

134.

This Defendant denies any allegations contained in Paragraph 134 of Plaintiffs' Complaint as to this Defendant. This Defendant lacks sufficient information to form a belief as to the truth of the remaining allegations contained in Paragraph 134 and therefore, denies the allegations.

135.

This Defendant denies any allegations contained in Paragraph 135 of Plaintiffs' Complaint as to this Defendant. This Defendant lacks sufficient information to form a belief as to the truth of the remaining allegations contained in Paragraph 135 and therefore, denies the allegations.

136.

This Defendant denies any allegations contained in Paragraph 136 of Plaintiffs' Complaint as to this Defendant. This Defendant lacks sufficient information to form a belief as to the truth of the remaining allegations contained in Paragraph 136 and therefore, denies the allegations.

## Count 3—Imputed Liability/*Respondeat Superior*

137.

This Defendant realleges, reasserts and incorporates by reference its responses to paragraphs 1 through 136 of Plaintiffs' Complaint above as if fully set forth herein.

138.

This Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 138 of Plaintiffs' Complaint and therefore, denies the allegations.

139.

This Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 139 of Plaintiffs' Complaint and therefore, denies the allegations.

140.

This Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 140 of Plaintiffs' Complaint and therefore, denies the allegations.

141.

This Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 141 of Plaintiffs' Complaint and therefore, denies the allegations.

142.

This Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 142 of Plaintiffs' Complaint and therefore, denies the allegations.

143.

This Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 143 of Plaintiffs' Complaint and therefore, denies the allegations.

144.

This Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 144 of Plaintiffs' Complaint and therefore, denies the allegations.

145.

This Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 145 of Plaintiffs' Complaint and therefore, denies the allegations.

146.

This Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 146 of Plaintiffs' Complaint and therefore, denies the allegations.

147.

This Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 147 of Plaintiffs' Complaint and therefore, denies the allegations.

148.

This Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 148 of Plaintiffs' Complaint and therefore, denies the allegations.

149.

This Defendant denies the allegations contained in Paragraph 149 of Plaintiffs' Complaint.

150.

This Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 150 of Plaintiffs' Complaint and therefore, denies the allegations.

151.

This Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 151 of Plaintiffs' Complaint and therefore, denies the allegations.

152.

This Defendant denies the allegations contained in Paragraph 152 of Plaintiffs' Complaint.

153.

This Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 153 of Plaintiffs' Complaint and therefore, denies the allegations.

154.

This Defendant denies the allegations contained in Paragraph 154 of Plaintiffs' Complaint.

155.

This Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 155 of Plaintiffs' Complaint and therefore, denies the allegations.

156.

This Defendant denies the allegations contained in Paragraph 156 of Plaintiffs' Complaint.

157.

This Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 157 of Plaintiffs' Complaint and therefore, denies the allegations.

158.

This Defendant denies the allegations contained in Paragraph 158 of Plaintiffs' Complaint.

159.

This Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 159 of Plaintiffs' Complaint and therefore, denies the allegations.

160.

This Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 160 of Plaintiffs' Complaint and therefore, denies the allegations.

161.

This Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 161 of Plaintiffs' Complaint and therefore, denies the allegations.

162.

This Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 162 of Plaintiffs' Complaint and therefore, denies the allegations.

163.

This Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 163 of Plaintiffs' Complaint and therefore, denies the allegations.

164.

This Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 164 of Plaintiffs' Complaint and therefore, denies the allegations.

165.

This Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 165 of Plaintiffs' Complaint and therefore, denies the allegations.

166.

This Defendant denies the allegations contained in Paragraph 166 of Plaintiffs' Complaint.

167.

This Defendant denies the allegations contained in Paragraph 167 of Plaintiffs' Complaint.

168.

This Defendant denies any allegations contained in Paragraph 168 of Plaintiffs' Complaint as to this Defendant. This Defendant lacks sufficient information to form a belief as to the truth of the remaining allegations contained in Paragraph 168 and therefore, denies the allegations.

169.

This Defendant denies any allegations contained in Paragraph 169 of Plaintiffs' Complaint as to this Defendant. This Defendant lacks sufficient information to form a belief as to the truth of the remaining allegations contained in Paragraph 169 and therefore, denies the allegations.

170.

This Defendant denies any allegations contained in Paragraph 170 of Plaintiffs' Complaint as to this Defendant. This Defendant lacks sufficient information to form a belief as to the truth of the remaining allegations contained in Paragraph 170 and therefore, denies the allegations.

171.

This Defendant denies any allegations contained in Paragraph 171 of Plaintiffs' Complaint as to this Defendant. This Defendant lacks sufficient information to form a belief as to the truth of the remaining allegations contained in Paragraph 171 and therefore, denies the allegations.

## **Count 4—Negligent Hire and Retention**

172.

This Defendant realleges, reasserts and incorporates by reference its responses to paragraphs 1 through 171 of Plaintiffs' Complaint above as if fully set forth herein.

173.

This Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 173 of Plaintiffs' Complaint and therefore, denies the allegations.

174.

This Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 174 of Plaintiffs' Complaint and therefore, denies the allegations.

175.

This Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 175 of Plaintiffs' Complaint and therefore, denies the allegations.

176.

This Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 176 of Plaintiffs' Complaint and therefore, denies the allegations.

177.

This Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 177 of Plaintiffs' Complaint and therefore, denies the allegations.

178.

This Defendant denies the allegations contained in Paragraph 178 of Plaintiffs' Complaint.

179.

This Defendant denies any allegations contained in Paragraph 179 of Plaintiffs' Complaint as to this Defendant. This Defendant lacks sufficient information to form a belief as to the truth of the remaining allegations contained in Paragraph 179 and therefore, denies the allegations.

180.

This Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 180 of Plaintiffs' Complaint and therefore, denies the allegations.

181.

This Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 181 of Plaintiffs' Complaint and therefore, denies the allegations.

182.

This Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 182 of Plaintiffs' Complaint and therefore, denies the allegations.

183.

This Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 183 of Plaintiffs' Complaint and therefore, denies the allegations.

184.

This Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 184 of Plaintiffs' Complaint and therefore, denies the allegations.

185.

This Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 185 of Plaintiffs' Complaint and therefore, denies the allegations.

186.

This Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 186 of Plaintiffs' Complaint and therefore, denies the allegations.

187.

This Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 187 of Plaintiffs' Complaint and therefore, denies the allegations.

188.

This Defendant denies any allegations contained in Paragraph 188 of Plaintiffs' Complaint as to this Defendant. This Defendant lacks sufficient information to form a belief as to the truth of the remaining allegations contained in Paragraph 188 and therefore, denies the allegations.

189.

This Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 189 of Plaintiffs' Complaint and therefore, denies the allegations.

190.

This Defendant denies the allegations contained in Paragraph 190 of Plaintiffs' Complaint.

191.

This Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 191 of Plaintiffs' Complaint and therefore, denies the allegations.

192.

This Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 192 of Plaintiffs' Complaint and therefore, denies the allegations.

193.

This Defendant denies the allegations contained in Paragraph 193 of Plaintiffs' Complaint.

194.

This Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 194 of Plaintiffs' Complaint and therefore, denies the allegations.

195.

This Defendant denies any allegations contained in Paragraph 195 of Plaintiffs' Complaint as to this Defendant. This Defendant lacks sufficient information to form a belief as to the truth of the remaining allegations contained in Paragraph 195 and therefore, denies the allegations.

### Count 5—Failure to Train and Supervise

196.

This Defendant realleges, reasserts and incorporates by reference its responses to paragraphs 1 through 195 of Plaintiffs' Complaint above as if fully set forth herein.

197.

This Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 197 of Plaintiffs' Complaint and therefore, denies the allegations.

198.

This Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 198 of Plaintiffs' Complaint and therefore, denies the allegations.

199.

This Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 199 of Plaintiffs' Complaint and therefore, denies the allegations.

200.

This Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 200 of Plaintiffs' Complaint and therefore, denies the allegations.

201.

This Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 201 of Plaintiffs' Complaint and therefore, denies the allegations.

202.

This Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 202 of Plaintiffs' Complaint and therefore, denies the allegations.

203.

This Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 203 of Plaintiffs' Complaint and therefore, denies the allegations.

204.

This Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 204 of Plaintiffs' Complaint and therefore, denies the allegations.

205.

This Defendant denies the allegations contained in Paragraph 205 of Plaintiffs' Complaint.

206.

This Defendant denies any allegations contained in Paragraph 206 of Plaintiffs' Complaint as to this Defendant. This Defendant lacks sufficient information to form a belief as to the truth of the remaining allegations contained in Paragraph 206 and therefore, denies the allegations.

207.

This Defendant denies any allegations contained in Paragraph 207 of Plaintiffs' Complaint as to this Defendant. This Defendant lacks sufficient information to form a belief as to the truth of the remaining allegations contained in Paragraph 207 and therefore, denies the allegations.

## Count 6—Wrongful Death

208.

This Defendant realleges, reasserts and incorporates by reference its responses to paragraphs 1 through 207 of Plaintiffs' Complaint above as if fully set forth herein.

209.

This Defendant denies any allegations contained in Paragraph 209 of Plaintiffs' Complaint as to this Defendant. This Defendant lacks sufficient information to form a belief as to the truth of the remaining allegations contained in Paragraph 209 and therefore, denies the allegations.

210.

This Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 210 of Plaintiffs' Complaint and therefore, denies the allegations.

211.

This Defendant denies any allegations contained in Paragraph 211 of Plaintiffs' Complaint as to this Defendant. This Defendant lacks sufficient information to form a belief as to the truth of the remaining allegations contained in Paragraph 211 and therefore, denies the allegations.

## Count 7—Lost Wages

212.

This Defendant realleges, reasserts and incorporates by reference its responses to paragraphs 1 through 211 of Plaintiffs' Complaint above as if fully set forth herein.

213.

This Defendant denies any allegations contained in Paragraph 213 of Plaintiffs' Complaint as to this Defendant. This Defendant lacks sufficient information to form a belief as to the truth of the remaining allegations contained in Paragraph 213 and therefore, denies the allegations.

214.

This Defendant denies any allegations contained in Paragraph 214 of Plaintiffs' Complaint as to this Defendant. This Defendant lacks sufficient information to form a belief as to the truth of the remaining allegations contained in Paragraph 214 and therefore, denies the allegations.

## **Count 8—Estate Claim**

215.

This Defendant realleges, reasserts and incorporates by reference its responses to paragraphs 1 through 214 of Plaintiffs' Complaint above as if fully set forth herein.

216.

This Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 216 of Plaintiffs' Complaint and therefore, denies the allegations.

217.

This Defendant denies any allegations contained in Paragraph 217 of Plaintiffs' Complaint as to this Defendant. This Defendant lacks sufficient information to form a belief as to the truth of the remaining allegations contained in Paragraph 217 and therefore, denies the allegations.

218.

This Defendant denies any allegations contained in Paragraph 218 of Plaintiffs' Complaint as to this Defendant. This Defendant lacks sufficient information to form a belief as to the truth of the remaining allegations contained in Paragraph 218 and therefore, denies the allegations.

219.

This Defendant denies any allegations contained in Paragraph 219 of Plaintiffs' Complaint as to this Defendant. This Defendant lacks sufficient information to form a belief as to the truth of the remaining allegations contained in Paragraph 219 and therefore, denies the allegations.

220.

This Defendant denies any allegations contained in Paragraph 220 of Plaintiffs' Complaint as to this Defendant. This Defendant lacks sufficient information to form a belief as to the truth of the remaining allegations contained in Paragraph 220 and therefore, denies the allegations.

### Count 9—Loss of Consortium

221.

This Defendant realleges, reasserts and incorporates by reference its responses to paragraphs 1 through 220 of Plaintiffs' Complaint above as if fully set forth herein.

222.

This Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 222 of Plaintiffs' Complaint and therefore, denies the allegations.

223.

This Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 223 of Plaintiffs' Complaint and therefore, denies the allegations.

224.

This Defendant denies any allegations contained in Paragraph 224 of Plaintiffs' Complaint as to this Defendant. This Defendant lacks sufficient information to form a belief as to the truth of the remaining allegations contained in Paragraph 224 and therefore, denies the allegations.

225.

This Defendant denies all allegations contained in Plaintiffs' Complaint which have not been responded to in this Answer. This Defendant further denies the Plaintiffs' prayer for relief and entitlement to recovery following Paragraph 224 of the Complaint.

**THIS DEFENDANT REQUESTS TRIAL BY A JURY OF TWELVE JURORS ON ALL ISSUES NOT SUBJECT TO SUMMARY ADJUDICATION.**

WHEREFORE, having fully answered, this Defendant prays that it be discharged from all liability.

This 18th day of March, 2022.

DODSON & ASSOCIATES

Stephanie F. Brown
Georgia State Bar No. 299030
Attorney for Defendant
Valley Proteins, Inc.

PO Box 2903
Hartford, CT 06104-2903
678-317-8561
Fax: 844.855.8988
sfbrown@travelers.com

36

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this date served the within and foregoing **ANSWER AND**

**DEFENSES OF DEFENDANT VALLEY PROTEINS, INC.,** upon all parties by electronic

mail and/or depositing a copy of same in the United States Mail in a properly addressed envelope

with adequate postage thereon to ensure delivery to:

Daniel J. Prieto
PRIETO, MARIGLIANO, HOLBERT & PRIETO, LLC
1555 Mount Vernon Road
Atlanta, GA 30338
dprieto@pmhplaw.com
jmarigliano@pmhplaw.com
wholbert@pmhplaw.com

This 18th day of March, 2022.

DODSON & ASSOCIATES

Stephanie F. Brown
Georgia State Bar No. 299030
Attorney for Defendant,
Valley Proteins, Inc..

PO Box 2903
Hartford, CT 06104-2903
678-317-8561
Fax: 844.855.8988
sfbrown@travelers.com

E-FILED IN OFFICE - JM
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**22-C-00889-S4**
**3/18/2022 11:13 AM**
TIANA P. GARNER, CLERK

**IN THE STATE COURT OF GWINNETT COUNTY**
**STATE OF GEORGIA**

|  |  |  |
|---|---|---|
| LAUREL STONE, Individually and | ) | |
| LAUREL STONE as Administrator | ) | |
| of the ESTATE OF RICKY STONE, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | **Civil Action No. 22-C-00889-S4** |
| v. | ) | |
| | ) | |
| THE KROGER CO., LIQUID | ) | |
| ENVIRONMENTAL SOLUTIONS OF | ) | |
| GEORGIA, LLC; VALLEY | ) | |
| PROTEINS, INC.; JOHN DOES 1-10; | ) | |
| And DOE COMPANIES 1-5, | ) | |
| | ) | |
| Defendants. | ) | |

**ANSWER OF DEFENDANT**
**LIQUID ENVIRONMENTAL SOLUTIONS OF GEORGIA, LLC**

COMES NOW Defendant Liquid Environmental Solutions of Georgia, LLC ("LES" or "Defendant"), by and through its counsel, and, files its Answer to Plaintiff Lauren Stone's ("Plaintiffs") Complaint, in both her individual and administrative capacities, and states as follows:

**FIRST DEFENSE**

In response to the sequentially-numbered paragraphs of the Complaint, Defendant responds as follows:

1.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 and, therefore, denies same.

2.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 and, therefore, denies same.

1

3.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 and, therefore, denies same.

4.      Defendant admits the allegations in Paragraph 4.

5.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 and, therefore, denies same.

6.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 and, therefore, denies same.

7.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 and, therefore, denies same.

8.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 and, therefore, denies same.

9.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 and, therefore, denies same.

10.     Defendant admits the allegations in Paragraph 10.

## ALLEGED FACTS

11.     Defendant realleges and reasserts its responses to Paragraphs 1-10 above as if fully set forth herein.

12.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 and, therefore, denies same.

13.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 and, therefore, denies same.

14.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 and, therefore, denies same.

15.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 and, therefore, denies same.

16.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 and, therefore, denies same.

17.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 and, therefore, denies same.

18.     Defendant admits the allegations in Paragraph 18.

19.     In response to Paragraph 19, Defendant admits that some substance was placed within the described container.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 19 and, therefore, denies same.

20.     Defendant admits the allegations in Paragraph 20.

21.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 and, therefore, denies same.

22.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 and, therefore, denies same.

23.     Defendant admits the allegations in Paragraph 23.

24.     Defendant admits the allegations in Paragraph 24.

25.      Defendant admits the allegations in Paragraph 25.

26.     In response to Paragraph 26, Defendant admits that it was responsible for the removal of the contents of the subject grease receptacle.  Defendant denies the remaining allegations in Paragraph 26.

27.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 and, therefore, denies same.

3

28.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28 and, therefore, denies same.

29.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29 and, therefore, denies same.

30.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30 and, therefore, denies same.

31.     Defendant denies the allegations in Paragraph 31.

32.     Defendant denies the allegations in Paragraph 32.

33.     Defendant denies the allegations in Paragraph 33.

34.     Defendant denies the allegations in Paragraph 34.

35.      Defendant admits the allegations in Paragraph 35.

36.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36 and, therefore, denies same.

37.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37 and, therefore, denies same.

38.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38 and, therefore, denies same.

39.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39 and, therefore, denies same.

40.     Defendant admits the allegations in Paragraph 40.

41.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 41 and, therefore, denies same.

42.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42 and, therefore, denies same.

43.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43 and, therefore, denies same.

44.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 44 and, therefore, denies same.

45.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 45 and, therefore, denies same.  Responding further, Defendant states that the referenced exhibit, being written, speaks for itself, and Defendant denies any allegations inconsistent therewith.

46.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 46 and, therefore, denies same.  Responding further, Defendant states that the referenced exhibit, being written, speaks for itself, and Defendant denies any allegations inconsistent therewith.

47.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 47 and, therefore, denies same.

48.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 48 and, therefore, denies same.

49.     In response to Paragraph 49, Defendant states that the allegations in Paragraph 49 constitute legal conclusions to which no response is required of this Defendant.  To the extent that a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 49 and, therefore, denies same.

50.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 50 and, therefore, denies same.

51.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 51 and, therefore, denies same.

52.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 52 and, therefore, denies same.

53.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 53 and, therefore, denies same.  Responding further, Defendant states that the referenced exhibit, being written, speaks for itself, and Defendant denies any allegations inconsistent therewith.

54.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 54 and, therefore, denies same.  Responding further, Defendant states that the referenced exhibit, being written, speaks for itself, and Defendant denies any allegations inconsistent therewith.

55.     Defendant denies the allegations in Paragraph 55.  Responding further, Defendant states that the referenced exhibit, being written, speaks for itself, and Defendant denies any allegations inconsistent therewith.

56.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 56 and, therefore, denies same.

57.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 57 and, therefore, denies same.

58.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 58 and, therefore, denies same.

59.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 59 and, therefore, denies same.

60.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 60 and, therefore, denies same.

61.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 61 and, therefore, denies same.

62.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 62 and, therefore, denies same.

63.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 63 and, therefore, denies same.

64.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 64 and, therefore, denies same.

65.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 65 and, therefore, denies same.

66.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 66 and, therefore, denies same.

67.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 67 and, therefore, denies same.

68.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 68 and, therefore, denies same.

69.     Defendant denies the allegations in Paragraph 69 as to Defendant. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 69 and, therefore, denies same.

70.     In response to Paragraph 70, Defendant states that the allegations in Paragraph 70 constitute legal conclusions to which no response is required of this Defendant.  To the extent a response is required, Defendant denies the allegations in Paragraph 70.

71.     In response to Paragraph 71, Defendant states that the allegations in Paragraph 70 constitute legal conclusions to which no response is required of this Defendant.  To the extent a response is required, Defendant denies the allegations in Paragraph 71.

## COUNT 1 – Alleged General Negligence

72.     Defendant realleges and reasserts its responses to Paragraphs 1-71 above as if fully set forth herein.

73.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 73 and, therefore, denies same.

74.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 74 and, therefore, denies same.

75.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 75 and, therefore, denies same.

76.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 76 and, therefore, denies same.

77.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 77 and, therefore, denies same.

78.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 78 and, therefore, denies same.

79.      Defendant denies the allegations in Paragraph 79 as to Defendant. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 79 and, therefore, denies same.

80.      Defendant denies the allegations in Paragraph 80 as to Defendant. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 80 and, therefore, denies same.

81.      Defendant denies the allegations in Paragraph 81 as to Defendant. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 81 and, therefore, denies same.

82.      Defendant denies the allegations in Paragraph 82 as to Defendant. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 82 and, therefore, denies same.

83.      Defendant denies the allegations in Paragraph 83 as to Defendant. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 83 and, therefore, denies same.

84.      Defendant denies the allegations in Paragraph 84 as to Defendant. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 84 and, therefore, denies same.

85.      Defendant denies the allegations in Paragraph 85 as to Defendant. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 85 and, therefore, denies same.

86.    Defendant denies the allegations in Paragraph 86 as to Defendant. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 86 and, therefore, denies same.

87.    Defendant denies the allegations in Paragraph 87 as to Defendant. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 87 and, therefore, denies same.

88.    Defendant denies the allegations in Paragraph 88 as to Defendant. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 88 and, therefore, denies same.

89.    Defendant denies the allegations in Paragraph 89 as to Defendant. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 89 and, therefore, denies same.

90.    Defendant denies the allegations in Paragraph 90 as to Defendant. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 90 and, therefore, denies same.

91.    Omitted.

92.    Omitted.

93.    Omitted.

94.    Omitted.

95.    Omitted.

96.    Omitted.

97.    Omitted.

98.    Omitted.

99.     Omitted.

100.    Defendant denies the allegations in Paragraph 100 as to Defendant.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 100 and, therefore, denies same.

101.    Defendant denies the allegations in Paragraph 101 as to Defendant.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 101 and, therefore, denies same.

102.    Defendant denies the allegations in Paragraph 102 as to Defendant.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 102 and, therefore, denies same.

103.    Defendant denies the allegations in Paragraph 103 as to Defendant. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 103 and, therefore, denies same.

104.    Defendant denies the allegations in Paragraph 104 as to Defendant.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 104 and, therefore, denies same.

105.    Defendant denies the allegations in Paragraph 105 as to Defendant.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 105 and, therefore, denies same.

106.    Defendant denies the allegations in Paragraph 106 as to Defendant. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 106 and, therefore, denies same.

11

107.    Defendant denies the allegations in Paragraph 107 as to Defendant.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 107 and, therefore, denies same.

108.    Defendant denies the allegations in Paragraph 108 as to Defendant.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 108 and, therefore, denies same.

109.    Defendant denies the allegations in Paragraph 109 as to Defendant.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 109 and, therefore, denies same.

110.    Defendant denies the allegations in paragraph 110.

111.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 111 and, therefore, denies same.

112.    Defendant denies the allegations in paragraph 112.

113.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 113 and, therefore, denies same.

114.    Defendant denies the allegations in Paragraph 114.

115.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 115 and, therefore, denies same.

116.    Defendant denies the allegations in Paragraph 116.

117.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 117 and, therefore, denies same.

118.    Defendant denies the allegations in Paragraph 118.

119.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 119 and, therefore, denies same.

120.     Defendant denies the allegations in Paragraph 120 as to Defendant.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 120 and, therefore, denies same.

121.     Defendant denies the allegations in Paragraph 121.

122.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 122 and, therefore, denies same.

123.     Defendant denies the allegations in Paragraph 123 as to Defendant.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 123 and, therefore, denies same.

124.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 124 and, therefore, denies same.

125.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 125 and, therefore, denies same.

126.     Defendant denies the allegations in Paragraph 126 as to Defendant.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 126 and, therefore, denies same.

127.     Defendant denies the allegations in Paragraph 127 as to Defendant.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 127 and, therefore, denies same.

## COUNT 2 – Alleged Negligence *Per Se*

128.     Defendant realleges and reasserts its responses to Paragraphs 1-127 above as if fully set forth herein.

129.     Defendant denies the allegations in Paragraph 129 as to Defendant.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 129 and, therefore, denies same.

130.     Defendant denies the allegations in Paragraph 130 as to Defendant.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 130 and, therefore, denies same.

131.     The allegations in Paragraph 131 constitute legal conclusions to which no response is required of this Defendant.  To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 131 and, therefore, denies same.

132.     The allegations in Paragraph 132 constitute legal conclusions to which no response is required of this Defendant.  To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 132 and, therefore, denies same.

133.     Defendant denies the allegations in Paragraph 133 as to Defendant.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 133 and, therefore, denies same.

134.      Defendant denies the allegations in Paragraph 134 as to Defendant. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 134 and, therefore, denies same.

135.    Defendant denies the allegations in Paragraph 135 as to Defendant.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 135 and, therefore, denies same.

136.    Defendant denies the allegations in Paragraph 136 as to Defendant.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 136 and, therefore, denies same.

## COUNT 3 – Alleged Imputed Liability/*Respondeat Superior*

137.    Defendant realleges and reasserts its responses to Paragraphs 1-136 above as if fully set forth herein.

138.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 138 and, therefore, denies same.

139.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 139 and, therefore, denies same.

140.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 140 and, therefore, denies same.

141.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 141 and, therefore, denies same.

142.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 142 and, therefore, denies same.

143.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 143 and, therefore, denies same.

144.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 144 and, therefore, denies same.

145.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 145 and, therefore, denies same.

146.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 146 and, therefore, denies same.

147.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 147 and, therefore, denies same.

148.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 148 and, therefore, denies same.

149.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 149 and, therefore, denies same.

150.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 150 and, therefore, denies same.

151.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 151 and, therefore, denies same.

152.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 152 and, therefore, denies same.

153.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 153 and, therefore, denies same.

154.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 154 and, therefore, denies same.

155.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 155 and, therefore, denies same.

156.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 156 and, therefore, denies same.

157.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 157 and, therefore, denies same.

158.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 158 and, therefore, denies same.

159.     Defendant denies the allegations in Paragraph 159 as to Defendant.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 159 and, therefore, denies same.

160.     Defendant denies the allegations in Paragraph 160 as to Defendant.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 160 and, therefore, denies same.

161.     Defendant denies the allegations in Paragraph 161 as to Defendant.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 161 and, therefore, denies same.

162.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 162 and, therefore, denies same.

163.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 163 and, therefore, denies same.

164.     Defendant denies the allegations in Paragraph 164.

165.     Defendant denies the allegations in Paragraph 165.

166.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 166 and, therefore, denies same.

17

167.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 167 and, therefore, denies same.

168.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 168 and, therefore, denies same.

169.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 169 and, therefore, denies same.

170.    Defendant denies the allegations in Paragraph 170 as to Defendant.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 170 and, therefore, denies same.

171.    Defendant denies the allegations in Paragraph 171 as to Defendant.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 171 and, therefore, denies same.

## COUNT 4 – Alleged Negligent Hire and Retention

172.    Defendant realleges and reasserts its responses to Paragraphs 1-171 above as if fully set forth herein.

173.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 173 and, therefore, denies same.

174.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 174 and, therefore, denies same.

175.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 175 and, therefore, denies same.

176.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 176 and, therefore, denies same.

177.    Defendant denies the allegations in Paragraph 177.

178.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 178 and, therefore, denies same.

179.    Defendant denies the allegations in Paragraph 179 as to Defendant.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 179 and, therefore, denies same.

180.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 180 and, therefore, denies same.

181.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 181 and, therefore, denies same.

182.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 182 and, therefore, denies same.

183.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 183 and, therefore, denies same.

184.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 184 and, therefore, denies same.

185.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 185 and, therefore, denies same.

186.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 186 and, therefore, denies same.

187.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 187 and, therefore, denies same.

188.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 188 and, therefore, denies same.

189.     Defendant denies the allegations in Paragraph 189.

190.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 190 and, therefore, denies same.

191.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 191 and, therefore, denies same.

192.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 192 and, therefore, denies same.

193.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 193 and, therefore, denies same.

194.     Defendant denies the allegations in Paragraph 194.

195.     Defendant denies the allegations in Paragraph 195 as to Defendant.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 195 and, therefore, denies same.

## COUNT 5 – Alleged Failure to Train and Supervise

196.     Defendant realleges and reasserts its responses to Paragraphs 1-195 above as if fully set forth herein.

197.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 197 and, therefore, denies same.

198.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 198 and, therefore, denies same.

199.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 199 and, therefore, denies same.

200.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 200 and, therefore, denies same.

201.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 201 and, therefore, denies same.

202.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 202 and, therefore, denies same.

203.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 203 and, therefore, denies same.

204.    Defendant denies the allegations in Paragraph 204.

205.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 205 and, therefore, denies same.

206.    Defendant denies the allegations in Paragraph 206 as to Defendant.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 206 and, therefore, denies same.

207.    Defendant denies the allegations in Paragraph 207 as to Defendant.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 207 and, therefore, denies same.

## COUNT 6 – Alleged Wrongful Death

208.    Defendant realleges and reasserts its responses to Paragraphs 1-207 above as if fully set forth herein.

209.     Defendant denies the allegations in Paragraph 209 as to Defendant.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 209 and, therefore, denies same.

210.     In response to Paragraph 210, Defendant states that the allegations in Paragraph 210 constitute legal conclusions to which no response is required of this Defendant.  To the extent response is required, Defendant denies the allegations in Paragraph 210.

211.     Defendant denies the allegations in Paragraph 211 as to Defendant.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 211 and, therefore, denies same.

## COUNT 7 – Alleged Lost Wages

212.     Defendant realleges and reasserts its responses to Paragraphs 1-211 above as if fully set forth herein.

213.     Defendant denies the allegations in Paragraph 213 as to Defendant.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 213 and, therefore, denies same.

214.     Defendant denies the allegations in Paragraph 214 as to Defendant.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 214 and, therefore, denies same.

## COUNT 8 – Alleged Estate Claim

215.     Defendant realleges and reasserts its responses to Paragraphs 1-214 above as if fully set forth herein.

216.    In response to Paragraph 216, Defendant states that the allegations in Paragraph 216 constitute legal conclusions to which no response is required of this Defendant.  To the extent response is required, Defendant denies the allegations in Paragraph 216.

217.    Defendant denies the allegations in Paragraph 217 as to Defendant.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 217 and, therefore, denies same.

218.    Defendant denies the allegations in Paragraph 218 as to Defendant.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 218 and, therefore, denies same.

219.    Defendant denies the allegations in Paragraph 219 as to Defendant.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 219 and, therefore, denies same.

220.    Defendant denies the allegations in Paragraph 220 as to Defendant.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 220 and, therefore, denies same.

## **COUNT 9 – Alleged Loss of Consortium**

221.    Defendant realleges and reasserts its responses to Paragraphs 1-220 above as if fully set forth herein.

222.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 222 and, therefore, denies same.

223.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 223 and, therefore, denies same.

224.    Defendant denies the allegations in Paragraph 224 as to Defendant.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 224 and, therefore, denies same.

225.    Defendant denies the allegations in Plaintiffs' Prayer for Relief.

226.    Defendant denies all remaining allegations in the Complaint not specifically admitted herein.

## SECOND DEFENSE

The Complaint, and each of its purported causes of action, fails to state a claim upon which relief should be granted against LES.

## THIRD DEFENSE

Plaintiffs' claims are barred in part or in whole by the doctrines of waiver, release, estoppel, laches, and/or unclean hands.

## FOURTH DEFENSE

Plaintiffs' claims are barred because, to the extent Plaintiffs have suffered damages as alleged in the Complaint, such damages were not caused by LES, but by the acts or omissions of others.

## FIFTH DEFENSE

LES is not liable to the Plaintiffs in any amount because LES was not negligent in any particular respect as alleged in the Complaint or otherwise.

## SIXTH DEFENSE

LES is not liable to the Plaintiffs in any amount because any alleged negligence of LES, which negligence LES specifically denies, did not solely cause or contribute to the alleged injuries of Plaintiffs.

## SEVENTH DEFENSE

Plaintiffs' injuries were proximately caused by the negligent acts or omissions of persons or entities over whom LES had no control or responsibility, and for whose conduct LES is not liable.

## EIGHTH DEFENSE

Some or all of Plaintiffs' claims are either barred or diminished by the doctrine of comparative negligence.

## NINTH DEFENSE

Any award made in favor of Plaintiffs must be apportioned so that each party and nonparty pays only his, her, or its fair share in relationship to his, her, or its amount of fault in accordance with O.C.G.A. §§ 51-12-31 and 51-12-33.

## TENTH DEFENSE

Any judgment rendered against LES in this action should be limited to the fault, if any, attributable to LES.

## ELEVENTH DEFENSE

Plaintiffs have failed to allege facts sufficient to support an award of special damages.

## TWELFTH DEFENSE

Plaintiffs' claims against LES are barred due to reasonably foreseeable intervening or superseding causes.

## THIRTEENTH DEFENSE

Plaintiffs' claims against LES are barred due to the decedent's assumption of the risk of his conduct.

## FOURTEENTH DEFENSE

Any recovery by Plaintiffs should be barred because the decedent had the last clear chance to avoid the harm alleged.

## FIFTEENTH DEFENSE

LES' claims are barred by applicable statutes of limitation and/or repose.

## SIXTEENTH DEFENSE

LES acted in good faith at all times relevant to the Complaint.

## SEVENTEENTH DEFENSE

At all times relevant to the Complaint, LES's actions complied with applicable law.

## EIGHTEENTH DEFENSE

Any recovery by Plaintiffs against LES is barred because the decedent was not an invitee and had no invitation, right or reason to be physically present in the area where the incident alleged in the Complaint occurred.

## NINETEENTH DEFENSE

Plaintiffs' *respondeat superior* claim is invalid, having been abrogated by O.C.G.A. § 51-12-33.

## TWENTIETH DEFENSE

LES exercised reasonable care at all times relevant to the Complaint.

## TWENTY-FIRST DEFENSE

No act or omission of LES (both of which are denied) was the sole or contributing cause of decedent's death.

## TWENTY-SECOND DEFENSE

LES reserves the right to assert additional affirmative defenses as discovery progresses.

WHEREFORE, having fully answered Plaintiff's Complaint, Defendant respectfully requests that the Court:

(1)     grant judgment in its favor and against Plaintiffs;

(2)     dismiss Plaintiffs' Complaint with prejudice as to Defendant;

(3)     grant judgment on the pleadings in Defendant's favor;

(4)     award Defendant all costs, including Defendant's reasonable attorneys' fees; and

(5)     grant any and all such further relief as the Court deems appropriate and/or permitted by law.

Respectfully submitted this 18th day of March, 2022.

FISHERBROYLES LLP

_____
Vincent Bushnell
Georgia Bar No. 098999
Kenneth Thompson, Jr.
Georgia Bar No. 708706
945 East Paces Ferry Road NE
Suite 2000
Atlanta, GA 30326

Phone (Bushnell):  678-902-7190
Phone (Thompson): 770-722-7404

vincent.bushnell@fisherbroyles.com
kthompson@fisherbroyles.com

*Counsel for Defendant Liquid Environmental Solutions of Georgia, LLC*

27

**IN THE STATE COURT OF GWINNETT COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| LAUREL STONE, Individually and ) | |
| LAUREL STONE as Administrator ) | |
| of the ESTATE OF RICKY STONE, ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | **Civil Action No. 22-C-00889-S4** |
| v. ) | |
| ) | |
| THE KROGER CO., LIQUID ) | |
| ENVIRONMENTAL SOLUTIONS OF ) | |
| GEORGIA, LLC; VALLEY ) | |
| PROTEINS, INC.; JOHN DOES 1-10; ) | |
| And DOE COMPANIES 1-5, ) | |
| ) | |
| **Defendants.** ) | |

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the within and foregoing ANSWER

OF DEFENDANT LIQUID ENVIRONMENTAL SOLUTIONS OF GEORGIA, LLC

upon counsel of record by delivering a .pdf copy by electronic mail pursuant to O.C.G.A. § 9-11-

5(b):

Daniel J. Prieto
Jonathan Marigliano
William Holbert
Prieto, Marigliano, Holbert & Prieto, LLC
1555 Mount Vernon Road
Atlanta, GA 30338
dprieto@pmhplaw.com
jmarigliano@pmhplaw.com
wholbert@pmhplaw.com

1

This 18th day of March, 2022.

FISHERBROYLES, LLP

_____
Vincent Bushnell
Ga. Bar No. 098999